IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| LAMONT ZAMICHIELI,<br><br>Plaintiff.<br><br>V.<br><br>C/O J. B MERRITTS,<br>C/O PARKES, C/O HENRY,<br>C/O STOVER, C/O Fochman,<br>C/O Chilcote, LT. Dunkle<br>LT. M. Maxwell, DSCS-Walters<br>LT. Caleb Youncker, DSFM- Brambaugh,<br>RN- Ashley Madru-Whitsel,<br>UM- C. Kendrick, Capt. W. House,<br>Jessica L. Cousins-CRNP,<br>Superindent K. Kauffman,<br>C/O FERRY, CCPM-Jill Spyker,<br>Huntingdon County, John E. Wetzel,<br>Pennsylvania Department of Corrections,<br>John DOE 1, John DOE 2, JANE DOE 1,<br>JANE DOE 2                   DEFENDANTS,<br>  All inTheir INDIVIDUAL AND OFFICAL CAPACITIES | CIVIL CASE ACTION<br><br># 3:20-CV-0180<br><br>**FILED<br>SCRANTON**<br>FEB 0 3 2020<br>PER _____<br>DEPUTY CLERK |

*34 page complaint*

"P.A.D.O.C" AND John E Wetzel
shall be served at:
  1920 Technology Parkway
  Mechanicsburg, PA 17050

Service Address FOR 23 DEFENDANTS
↓
DEFENDANT'S ADDRESS
1100 Pike street
Huntingdon, PA 16654
SCI-Huntingdon

34 page complaint

# COMPLAINT

① Plaintiff Lamont Zamichieli brings This Action Pursuant to 42. U.S.C § 1983 for violations of his Rights under The 8th amendment of the United States constitution; deliberate indifference to unsafe unsanitary conditions of confinement, deliberate indifference to Serious medical and mental health needs, Pattern of excessive use of force, excessive use of force, failure to Intervene, delay-denial of medical care, sexual abuse-sexual assault, 1st amendment Retaliation, freedom of speech to send-receive mail, 14th amendment due Process, 4th amendment unlawful Search and seizure also State Law of Pennsylvania of Assault and Battery, And Monell claim... The Facts are within

② Plaintiff Zamichieli was Attacked By ⊙ certain Defendants; twice By one Defendant Merritts and once By Defendant Parkes, Henry, Stover, Fochman, Chilcote, Dunkle and seperatedly Defendant Ferry All on Multiple Occasions out of Retaliation for his grievances, Litigation of Lawsuits. On about March 19 or 21, 2018 Plaintiff was Sexual abused-Harrassed By Defendant Dunkle and Defendant Parkes and Henry. On April 19, 2018, out of Retaliation because Plaintiff filed grievances on Henry Dunkle Parkes as PREA sex abuse/Abuse complaint of Grievances, in The Prison, it lead to on 4/19/18 Defendant Henry told 6 Defendant Merritts to use O.C Pepper Spray on him out of Retaliation Burst of about 20 Seconds. also on 8/19/18 August 19, 2018, Defendant Merritts Maliciously intentionally to hurt Plaintiff out of Retaliation for Lawsuits intent to file Lawsuit and grievances on All Defendants, Defendant Merritts Slammed The feeding aperture on Plaintiffs hand and as a Result it Fractured Plaintiffs Right hand, and cause extreme pain/suffering. Plaintiff wore a cast-splint on his Right hand All The way up to his forearm for Between 6-8 weeks, Plaintiff was Medicated and Still is in pain as of todays date, it caused a permanent impairment healed crookedly. Also on March 19 or 21, 2018 Defendant Fochman, chilcote Dunkle Defendant John Doe 1, Henry, Parkes all particapated in excessive use of force in The DTU Stripcage By Purposely Spraying Plaintiff with The O.C Pepper Spray while plaintiff was either knocked unconscious or Having a Seizure after he had a Mental episode Banged his head on Stripcage Metal Plex glass door and knocked himself unconscious. The Defendants sprayed him As while he was on Floor unconscious or Seizure Just to cause harm and awake him.

③ Plaintiff Lamont Zamichieli Inmate # LW2870, Brings this Action Under All Federal/State coustitional claims as listed in Paragraph 1 of This Action, deprivation from secured rights color under. This court Has Jurisdiction under 28. U.S.C § 1331 over coustitional claims and 28 usc section 2283 § 2284 And Rule 65 of the federal Rules of civil Procedure, 28. U.S.C § 1331 and 1343(A)(3) for Compensatory Damages, Punitive Damages, Nominal Damages court costs-filing fees, Attorney fees, cost of Litigation and Injunctive-Prospective Relief...Jointly and Severally in Both Individual and official capacities (appropriate capacity

④ Venue is Proper Pursuant to 28 U.S.C § 1391(B)(2) Because The events giving Rise to this Action occured in SCI-Huntingdon, in Huntingdon,PA , PA.D.O.C-Pennsylvania Department of Corrections in Huntingdon County which is considered The Middle District of Pennsylvania or weston US.C 28,1367 State and federal Law claims.

## Plaintiff

⑤ Plaintiff Lamont Zamichieli inmate # LW2870 was Incarcerated at SCI-Huntingdon of The (PA.D.O.C) when claims Rised But is Now Currently Residing in Custody at SCI-Camphill. Plaintiff Zamichieli was at all times Relevant/Mentioned here in a Prison of Pennsylvania Department of Corrections, a Prisoner who is currently confined at SCI-camphill PO Box 200/2500 Lisburn Road Camphill, PA 17001

⑥ Defendants Shall serve Answers to complaint or some other Response or motion and Return of Service forms, Counsel entering appearance, etc etc to Plaintiff at Lamont Zamichieli Inmate # LW2870 Smart Communications/PA DOC SCI-Camphill PO Box 33028 St Petersburg, Florida 33733 at The PA DOC 3rd Party Mail Processing Vendor Contracted if They only wont approve or allow their attorneys to Mail The Documents to Plaintiff as Legal Privileged mail at The facilitys Camphill direct Address listed in Paragraph 5. *Note; Mail sent to Prison Direct address may be Returned to Sender unopened if The attorney dont have an Attorney control Number (DOC)(ACN#) on envelpe stating number and "Legal mail" "open in Presence of inmate" *Note: Mail sent to Plaintiff Zamicheli at Smart Communications Address Vendor in St Petersburg, Florida May take atleast 21-24 days for Plaintiff to Receive.
                                        * (Plaintiff exhibits evidence isn't currently in his possession) *

⑦ At SCI-Camphill Plaintiff Zamichieli at this time dont have any exhibits to attach to his Complaint because all of his evidence, grievances he'll attach is Currently in Property

(8) Plaintiff Zamicheli was transferred from SCI-Huntingdon on 5/23/19 to SCI-Camphill, Since arrival at SCI-Camphill, Plaintiff hasn't been able to Inventory his property, Instead SCI-Camphill officer Huber did and havn't given plaintiff the Grievances, appeals, Responses and Plaintiffs Affidavits/declarations from Other Inmate witnesses and evidence concerning the claims in this complaint. Plaintiff requested access to those documents from out of his property for legal issues since arrival but hasn't been able to get them out of his property, Therefore Don't know how else to obtain them for litigation until transfer from SCI-Camphill because DOC employees at SCI-Camphill don't let prisoners Be present to watch the officer Inventory property or choose the legal papers out of his property that is needed. Plaintiff don't remember all relevant dates/times of Incidents given Rise to this complaint from top of his head, so he is going off of recollection which may or may not be as accurate.

## DEFENDANTS

(9) Defendant J.B. Merritts, is a correctional officer employed at SCI-Huntingdon in (PA DOC) at all times Relevant/Mentioned in this complaint. He is sued in his Individual and official capacity under color of Law. used excessive force against plaintiff 2 occasions causing Numerous of Injuries, also liable for assault and Battery, on 4/19/18 and 8/19/18.

(10) Defendant Parkes is a correctional officer employeed at SCI-Huntingdon in (PA DOC) at all times Relevant/Mentioned in this complaint. He is sued in his Individual and official capacity, under color of Laws He participated in use of force on about 3/21/18 on 3/19/18 also failed to intervene and had time sufficient enough to intervene, force excessive sexual assault.

(11) Defendant HENRY is a correctional officer employeed at SCI-Huntingdon in (PA. DOC) at all times Relevant/Mentioned in this complaint. He is sued in his Individual and official capacity under color of Law. He participated in use of excessive force and sexual assault on about 3/19/18 on 3/21/18, and he encouraged Defendant Merritts on 4/19/18 to use excessive force pepper spray plaintiff out of Retaliation.

(12) Defendant Stover is a correctional officer employed at SCI-Huntingdon in (PA DOC) at all times Relevant/Mentioned in this complaint. He is sued in his Individual and official capacity under color of Law. He participated in excessive use of force and failed to en intervene on about 3/19/18 on 3/21/18.

(13) Defendant Fochman is a correctional officer employed at SCI-Huntingdon in (PA DOC) at all Relevant date/time mentioned in this complaint. He is sued in his Individual and official capacity under color of Law. He participated in use of excessive force and failed to intervene on about 3/19/18 on 3/21/18.

(14) Defendant Chilcote, is a correctional officer employed at SCI-Huntingdon in (PADOC) at all times Relevant/Mentioned in This Complaint. He is sued in his Individual and official capacity under color. Participated in and used excessive force against Plaintiff at the Direction/orders from Defendant Dunkle on about ~~3/20/18~~ 3/19/18 or 3/21/18 although knowing it was illegal to do so.

(15) Defendant Dunkle is a ~~xxxx~~ Lieutenant; Correctional officer III, ~~at~~ employed at SCI-Huntingdon in (PADOC) at all times Relevant/Mentioned in this Complaint. He is sued in his individual and official capacity under color. He used excessive force and sexually assaulted/harassed Plaintiff, also ordered Defendant Chilote to pepper spray Plaintiff while in the ~~strips~~ Strip cage on the (DTU) Diversionary treatment unit when Plaintiff was either ~~xxxxx~~ unconscious or having a seizure in the strip cage on the floor on about 3/19/18 or 3/21/18 used excessive Malicious force. to wake plaintiff while unconscious or a seizing to contaminate the evidence of sexual abuse/assault so it cant be preserved.

(16) Defendant Maxwell is a Lieutenant, Correctional officer III, employed at SCI-Huntingdon in (PADOC) at all times Relevant/Mentioned in this Complaint. He is sued in his Individual and offical capacity under color. He accused Plaintiff of Hallucinating when plaintiff reported that Defendant Dunkle, Henry, and Parkes Sexually assaulted Plaintiff, Defendant Maxwell Refused to investigate the claims by making an excuse that the camera footage showed that plaintiff was Hallucinating and there's no need to investigate it but he refused to show the video. He Blamed plaintiffs mental health diagnoses and stated that ~~xxxxx~~ plaintiff needed to be on medication although Defendant Cousins Maliciously discontinued his medication out of Retaliation because plaintiffs grievances and Lawsuits against her and mental health team and JOHN WETZEL to Just to make Plaintiff INCOMPETENT, so he could Lose Lawsuits and criminal charges which was fabricated and Inflicted by Defendant Maxwell, on behalf of Individuals not involved or employeed in prison operations.

(17) Defendant Walters, is a Deputy superintendent of centralized services employeed at SCI-Huntingdon (PADOC) at all times Relevant/Mentioned in this complaint. Sued in individual offical capacity under color. Had any knowledge of the excessive use of force in the facility and encouraged such behavior, he's Liable, Pattern of force!

Defendants

18. Defendant YOUNCKER is a Lieutenant, Correctional Officer III, employeed at SCI-Huntingdon (PA DOC) at all times relevant/mentioned in the complaint under color. He is sued in his individual and offical capacity. He intentionally failed to investigate the excessive use of force claim incident that happened on August 19, 2018 when Defendant Merritts maliciously intentionally slammed the feeding aperture on plaintiffs hand causing fractures, pain suffering injuries. When Defendant Youncker interviewed plaintiff about incident, he told plaintiff that although camera footage preserved showed that Defendant Merritts intentionally harmed plaintiff and although all witnesses interviewed such as staff and inmates saw the incident and knew what happened; that he will not discipline Defendant Merritts because they are buddies and cover each others behalf and because he knew that if he find grievance complaint in plaintiffs favor and admit to wrong doing, that plaintiff will file lawsuit, so he will make it hard on plaintiff regards of what the recording showed. He's in charge of security operations.

19. Defendant Brumbaugh is a Deputy superintendent of facility management employeed at SCI-Huntingdon (PA DOC) at all times relevant/mentioned in this complaint under color of law. He is sued in his individual and official capacity. He oversees and incharge of the facility and how it manages and ensure the safety of inmates. He had knowledge of the uses of excessive force in the facility and knew that Defendant Merritts had a long extensive history of using malicious excessive force on inmates, and serious mentally ill inmates, which would include the 2 times Defendant Merritts assaulted used excessive force on plaintiff. even after the incident on 4/19/18, Defendant Brumbaugh still allowed Defendant Merritts to be around plaintiff to assault plaintiff a second time. Defendant Brumbaugh is liable a supervisor and facility management dealings with safety/security of inmates, Defendant Brumbaugh encouraged use of force, failed to investigate, failed to Discipline Defendants after learning of their wrongdoings and was deliberate indifferent to safety of plaintiff, he's responsible for pattern of excessive force.

20. Defendant Ashley Madru-Whitsel, is a registered Nurse or Licensed Practical Nursed employeed at SCI-Huntingdon (PA DOC) at all times relevant/mentioned in this complaint under color. She is sued in her individual capacity. She delayed denied plaintiff a medical care for injuries to hand on 3/19/18 or 3/21/18 after use of force

(21.) Defendant KENDRICK is a UNIT MANAGER and was at the time of incident on 4/19/18 when Defendant Merritts used excessive force against Plaintiff for the first time and knew that Defendant Merritts had a known Reputation for using excessive force against inmates at SCI-Huntingdon But failed to discipline and manages Defendants and failed to remove Defendant Merritts from unit using excessive force on seriously mentally ill inmates on the unit that Defendant Kendricks managed. At all times mentioned in this complaint employeed at SCI Huntingdon (PA DOC) under Color. He is sued in his individual and official capacity for his deliberate indifference and failing to train his employees, Defendants.

(22.) Defendant W. House, is a Captain-Unit Manager of the (DTU) The unit where seriously mentally ill inmates being excessive use of force against at SCI-Huntingdon (PA DOC) under color. He is sued in his individual and official Capacity. Failed to discipline his employees such as Defendant Merritts for incident of excessive use of force on 8/19/18 against Plaintiff but he did remove Defendant Merritts from the unit as a result of the incident But allowed the Defendant to occasional come on unit to harress/threaten Plaintiff with more injury. Defendant House is Defendant Merritts Supervisor, he failed to train his officers to use less amount of force Possibly and on mentally ill inmates. Defendant House is as well Liable for the pattern of excessive force and deliberate indifference to Plaintiffs safety.

She and all DOC Defendants responsible on the agreement on page 16 of 36 failed to follow settlement agreement General release DRN v. John Wetzel

(23.) Defendant JESSICA L. Causins is a Psychiatric Mental Health Certified Nurse Practioner employeed By (MHM) Mental health Management, a 3nd party contracted Mental health agency with PA DOC at SCI Huntingdon a party of (PRT) Psychiatric Review Treatment team. She is responsible for over all Mental health care of Plaintiff. She is sued in her individual and official capacity under color of Law. She knowingly Intentionally out of Retaliaton because of Plaintiffs grievances and lawsuits on her and other DOC Defendants employees. She discontinued Plaintiff Mental health medication which caused him to detericate in DTU confinment isolation while at SCI-Huntingdon for two years. She knew Plaintiff Needed mental treatment medication Pills and out of cell structure activites to help him become eligible for Parole and while in DTU to complete pencode and Be offered structured out of cell Programs required for parole Listed on DC43 correctional PLAN and (IRP)

Defendants

24) Defendant Kevin Kauffman is the superintendant at SCI Huntingdon employed by PA DOC, at all relevent times mentioned in this complaint under color. He is sued in his individual capacity. He's liable for all of the federal/state constitutional violations in this complaint because he's overall in charge of facility SCI-Huntingdon, See same claims as listed in paragraph #19 as Defendant Brumbaugh. 8Th amendment 14Th amendment

25) Defendant Ferry is a correctional officer employee at SCI Huntingdon PA DOC in Huntingdon County of Pennsylvania all times relevant/mention in this complaint under color of law. He is sued in his individual capacity. Some time in January – March 2019, used excessive force and out of Retaliation for complaints grievances on Defendant Merritts about incident of 4/19/18 and 8/19/18. Defendant Ferry also shut the feeding aperture on plaintiffs hand sometime in JAN-March 2019 caused swollen hand ad bruises pain suffering. He did so purposely to cause injury. He used the aperture as a weapon just as Defendant Merritts did on 8/19/18. The aperture was steel hard metal or force was enough to fracture plaintiff hand and or cause pain swelling in JAN-March 2019 by Defendant Ferry. On 8/19/18 X-rays proved fractured hand on excessive use of force by Defendant Merritts.

26) Defendant Jill Spyker is a corrections classification program manager at SCI-Huntingdon employed by PA DOC at all relevant times mentioned in this complaint under color of Law. She is sued in her individual and official capacity. See same claims of 8Th, 14Th 1st amendment as listed against Defendant Cousins see paragraph #23. and all paragraphs that refer to wetzel settlement agreement

27) Defendant Huntingdon County is the county-city in Pennsylvania that all unconstitutional uses of excessive forces listed in the complaint happened at, all relevent times mentioned in complaint sued in individual and official capacity and is responsible for failing to train its state/county workers/employees on use of force policies, failed to investigate complaints of excessive force, failed to discipline its officers employees as listed Defendants in this complaint. See paragraph #19 in this complaint. SAME listed claims as Defendant Brumbaugh. settlement agreement pg 10 of 36 Defendant Wetzel has breached his contract with disability rights lisa Henri

28) Defendant John E. Wetzel is Secretary of Pennsylvania Department of corrections (PA DOC). He is sued in his individual and official capacity, etc//times mentioned revelent in this complaint under color same claims as in paragraph #19 and 23 DRN V.



Defendants

(29) Defendant Pennsylvania Department of Corrections (PA DOC) is an agency of State of Pennsylvania, and its Principle office that operates (SCI-Huntingdon) of The (PA DOC) Located Mechanicsburg, PA 17050 1920 Technology Parkway operated by Secretary Defendant Wetzel ... At all times noteuent in this complaint officer capacity sued under color same claims as All Listed Defendants paragraph #9 through #33 8th amendment 14th amendment 1st amendment constitutional federal and state claims.

(30) Defendant JOHN DOE 1 is a correctional officer employed at SCI-Huntingdon in PA DOC, sued in individual and official capacity under color at all times mentioned in this complaint. He participated in the excessive use of force on about March 19, 2018 on March 21, 2018 in the strip cage, he failed to intervene, although he had time to intervene before the use of excessive force was carried out. He as well violated the 8th amendment of us constitutional rights of plaintiffs.

(31) Defendant JOHN DOE #2 is correctional officer employed at SCI-Huntingdon in PA DOC, sued in his individual and official capacity under color at all times mentioned in this complaint. See para # 30. Same claims facts.

(32) Defendant JANE DOE 1 is a ~~person or respresentors~~ (Agency of PA Parole) employed by (PA DOC) at all times relevant in this complaint. Sued in her individual and official capacity. Pennsylvania Parole agency

(33) Defendant JANE DOE #2 is the Agency that employees Defendant Cousins in para #23 (Mental Health Management) sued in individual and official capacity under color same as in para 29.

* ( All in their (Defendants) individual and official capacities ) *

Main point/theme of complaint is excessive Force!!!

Next page is the facts of the complaint
34-123 and thereafter

Multiple occurances of excessive use of force involving the same Defendants

Series of occurances ... question of Law
[especially incident on 8/19/18]

34) Plaintiff Zamichieli entered The (PA. DOC) on 1/29/15, and eventually transferred to SCI-Camphill to be classified, and was classified between March - July 2015. He was assigned to, evaluated and Recommended only one Program "Thinking for a change" Prescribed on his DC43 Correctional Plan. He entered The Doc with a Short Minimum case. In July 2016, he Received a Misconduct and as a result another Program "SOT Program" a 18-24 Month Program added to his DC43. Also in Between March - July 2015 Plaintiff Zamichieli was assigned a "D" Stability as "D" Roster Ranking on PA Doc mental health Roster indicating Seriously Mentally ill, diagnose of Schizoeffective Disorder Depressive type, and has Been prescribed "Seriquel" until 3/19/18. A psychotic med "seriquel"

35) (DTU) Diversionary treatment unit is a unit used to discipline and treat Seriously Mentally ill inmates, and Plaintiff Zamichieli has a Serious Mental illness requiring treatment.

36) Defendant Wetzel was Sued by Disability Rights Network of PA (DRN) which initiated at settlement agreement which is valid to This date, DRN Sued on Behalf of all Seriously Mentally ILL inmates incarcerated in The (PA.D.O.C) and This agreement of settlement applies to Plaintiff Zamichieli as well.

37) As a result of The settlement agreement/General Release, The DOC and Wetzel created (DTU'S) and Policy 13.8.1 Section 14 (DTU) Section Access to Mental health services

38) PA DOC policy 13.8.1 Section 14 §C.3, States facts of how "DTU inmates is entitled to Receive unstructured and structured out of cell time/Activities of total of 20 hours,... 10 Structured facilited by staff to Be qualified Such as Psychology Staff, Counselors and treatment Specialist, etc, etc.. 10 unstructured yard, exercise, etc.

39) Psychology staff, counselors and treatment Staff are the appropriate credentiated staff that shall facilite structured Activites out of cell time such as Programs on DC43.

40) DC 43 is a DOC file that is Labed "Correctional Program Plan" for (SMI) All/ANY Individual inmates to participate in or complete to Be eligible for parole.

41) Upon knowledge and Belief, Programs Required for parole eligibilty listed on DC43 "Correctional Plan", inmates on Displinary or Administrative Custody housed in The "DTU" are not allowed to participate in Them or enroll while in DTU for Safety, Security Reasons or Misconducts, etc.. but it is exceptional Scircumstances.

42) According to the settlement agreement/General Release of DRN v. JOHN Wetzel, Page 10 of 36 States That Structured out of cell Programs Services will be offered to all (SMI) Seriously Mentally ill inmates in most appropriate Setting Based on inmates Security Needs. Structured out of cell is defined and includes "Programming Required for parole."

43. "Programming required for Parole is The Programs on Inmates DC43 Correctional Plan, While housed in The DTU SMI Inmates are entitled to participate in out of cell structured time, and inmates goal desire to participate and receive credit for Participation towards completion Shall be documented on Inmates (IRP) Individual Recovery treatment Plan. Goals to be established on (IRP) collaboratively with PRT (Psychiatric Review treatment team) and Inmate. According to B. 8.1 section 14 §c.3 and page 10 of 36 in Settlement agreement DRN-V. John Wetzel under Definitions: FF: "Structured out of cell time and or Structured Activity". Defendant Wetzel is responsible to ensure All of his employees/contracted employees dont violate and causes him to Breach his Contract General release settlement agreement. The agreement is currently valid. Breach The Contract was Breeched as Listed Above.

44. Defendant Wetzel has Breached The contract settlement agreement Between "DRN" and John Wetzel and is in total Violation see facts described Below. DOC, Wetzel knew it but disregard and deliberate indifferent to plaintiff's (SMI) Zamichieli has been in a DTU in The PA DOC for about 3 years consecutive Lack of mental health treatment/Lack of staffing.

45. Plaintiff Lamont Zamichieli was incarcerated at SCI-Huntingdon from April 18, 2017 to May 23, 2019. While Incarcerated there he was housed in The "DTU" Basically his entire time there besides the multiple times he had Mental health episodes and attempted suicide or self injurious behavior and as a Result was Placed in (P.O.C) Psychiatric observation cell, Then Returned to The "DTU".

46. Zamichieli was housed consecutively for 25 total months in Huntingdon SCI's DTU While on Displinary custody Status and have Displinary custody Sanction time exceeding 2021. Endless cycle of Confinement in DTU which caused him to deteriate Mentally emotionally, Psychologically, Physically, because of behaviors attributed and Sign Symptoms of his Serious mental illness, he received Numerous of Misconduct infractions which piled More Displinary custody time on him in The DTU"

47. Zamichieli has Participated in, accepted out of cell structured Activities Programs time Throughout his 25 months housed at SCI-Huntingdon 2-3 times a week, The Programs was a type of "Thinking for a Change" and "SOT Program" of some sort which are programs required for Parole, but Zamichieli should have been given credit towards sessions towards completion of These programs on his DC43, but no credit was given, And plaintiff did not Refuse to participate or enroll.

48. Plaintiff Zamichieli's DC43 Correctional Plan Reflects that he has not enrolled yet participated in or completed Those programs required for Parole As his records Reflect No credit was given, although he participated for Those 25 months While in DTU at SCI-Huntingdon and now at SCI-Camphill Zamichieli Repeatedly grieved This issue but ignored not responded to or maliciously rejected.

49. The treatment above was Prescribed treatment Recommended By Treatment specialist Psychologist in July-November 2016, for his mental health, Such treatment was delayed/deprived of and or Denied By DOC employees Defendants which cause Plaintiff harm by accumulation of Misconducts When Such treatment could have helped him Not Be in trouble through his mental health symptoms. Also Zamichieli was medicated with "Seroquel"

50.) Because Plaintiff filed grievances on Defendant Sipple Wetzel, Cousins, Kendrick, Kauffman and PRT members violated 13.8.1 section 14 DTU policy because They Deprived Zanichieli of 10 structured ø hours out of cell weekly and failed to give him credit for Programs on DC43 correctional plan As he sought Participation but was denied of... This caused Defendant Cousins to Retaliate because of plaintiffs Pending actions in civil courts also his grievances on her and other defendants and his intent to file Lawsuits, Defendant Cousins maliciously discontinued his Prescribed Medication "Seroquel" without evaluating The RISK of deteriation. Psychiatry is under medical in PADOC. Plaintiff Medical files state "to be seen only by Mental Health"

51.) Defendant Cousins stated that There's NO INDICATION That plaintiffs serious mentall illness needs that plaintiff Required Medication in form of Pills so she told Plaintiff to Participate in out of cell Programs as his Medication Therapy and stated that plaintiff is good or able to 1st filing grievances and Lawsuits Therefore a need for Medication isnt warranted and her goal was to make plaintiff deteriate and be in an INCOMPETENT state of Mind to stop him from filing grievances, stop him from continuing on his Lawsuits Pending in courts and to make him Lose on Both his civil and criminal cases...to make him INCOMPETENT.

52.) ON about March 18th or 19th, 2018, while at (PRT) Defendant Cousins stated that She is discontinuing plaintiffs Medication "Seroquel" which was The only form of Psychotic Pill Medication That Plaintiff Zanichieli was prescribed and Being treated with at The time since March-July 2015. Defendant Cousins on March 18 or 19, 2018 Discontinued Plaintiff Medication, as Plaintiff was housed in DTU Longterm DISciplinary custody status. She planned to take plaintiff off of The "D" Roster out of Retaliation

53.) Plaintiff Zanichieli Asked Defendant Cousins not to discontinue his meds because The visio Hallucinations and who voices øvisions has gotten worst and has caused him Problems Throughout The day and keep him up during The night, and wake him up out of his Sleep, but Defendant Cause Cousins didn't care and was deliberately indifferent to his serious mental health needs. Weeks Before Defendant Cousins discontinued his "Seroquel" he was seen By DR. Eugene a Psych Doctor who increased Plaintiffs Medication "Seroquel" to help Plaintiff Because Plaintiffs treating Doctor was Dr. Eugene, he was assigned to case Load of Doctor Eugene, Not ø Defendant Cousins. Cousins Removed plaintiff from DR. Eugene / DR. XØU'S caseLoad, and a week later which was on about March 18 or 19, 2018, without fully evaluating Plaintiff, Defendant Cousins discontinued Zanichieli's Seroquel and stated he don't Need it as he's Below 90% compliance with meds... Defendant Cousins Rule Policy is to Discontinue Prisoners medication if They fall Below 90% compliance, She stated plaintiffs compliance was about 75.8% or 78.5%. Plaintiff was on Dr. Xue's caseload.

54.) For the month of March 2019, Plaintiffs Medication compliance was 75.8 or 78.5%.

55) Defendant Cousins filed/return is a result
Both Zamichieli and Defendant Cousins got into an argument about the
discontinuance of his medication while at PRT on about March 18 or 19, 2018
Upon exiting the Room Plaintiff attempted self harm while on the top tier
exiting GB pod at SCI Huntingdon PRT room upstairs, he attempted to
Dive off of the toptiers wearing handcuffs he was admitted into P.O.C on
Suicide watch in Medical Dept. At Every DOC facility in PA, P.O.C are
always located in medical Department of the facility. Plaintiff knows the difference
Between Reality and Insanity / hallucinations -He knows when he's hallucinating and not.
Plaintiff was without psychotic medication from 3/19/18 to 5/23/19 - he has detented as a result

56) Plaintiff Zamichieli while in P.O.C as admitted to P.O.C on March 18 or 19, 2018,
Plaintiff committed self INJURY while in POC as he was hallucinating Audio,
and visually.. The voices got louder, Plaintiff Banged his head to force the
voices away, The voices came from the sink wall, door, toilet, vents, etc etc
Plaintiff Banged his head to hand doors with force and obtain an injury on
his head size of a golf Ball, he was kept in POC placed on Concussion Precaution
Protocol. The Injury on his head Began going down the swollen went away
which only left a Bruise cuts.. This resulted out of Plaintiff's Not being on Medication

57) On about March 19 or 21, 2018, Plaintiff was Approved to Be released from
P.O.C by Defendant Cousins, still she didn't prescribed Zamichieli "Seroquel" or
any other Psychotic medication to treat his serious medical Mental health needs.
Plaintiff was released with No psychotic Restrictions except that he must
Remain in camera cell for 72 hours in the DTU. Plaintiff Return to DTU and
was allowed his clothing Bedding cell property contents on GC Block cell
GC 1016 cell. Plaintiff Zamichieli has serious mental and physical Disabilities and all
Defendant was on notice and knew. Plaintiff take "keppra" to control his seizures, All
Defendants Present on the unit witnessed many of Plaintiffs seizures while at SCI Huntingdon

58) Upon release from P.O.C on about March 21, 2018, Plaintiff Zamichieli
was escorted Back to the "DTU" By Defendant Dunkle and a few other officers
who may be Defendants Listed in this Action. Plaintiff Still had a Suicide smock
on during the escort. Defendant Dunkle Began making sexual comments to
Zamichieli Stating "You Look Good in that Dress, you got Long hair, Look like a
Transexual who I'll Love to Lick", ... "you're sexy I'll give you Drugs
so that you could set other inmates up for me" ... "And when the time is
Right, I'll Drug you up and have sex with you!" He Said Those comments
while Looking at Body in the smock, he got up Behind Plaintiff
and sized him up and Rubbed again Plaintiff and When Plaintiff was
escorted and Blind spots No cameras Defendant Dunkle Licked Plaintiffs face
and pressed his penis up again Plaintiff while attempting to pull up the Plaintiff
smock in attempt to penetrate Plaintiffs Rectum and threatened
to harm Plaintiff if he tell on Defendant Dunkle.

59) Per PA DOC Policy, Prisoner's being escorted to or from POC must be escorted
with a Handheld Audio/Visual Camera Recording. Defendant Dunkle escorted without camera
available

60. UPON entering the Strip Cage... Plaintiff was Licked Plaintiff's face with his mouth. Plaintiff was left in strip cage for about 40 minutes and then Defendant Henry and Parkes who was officers working on the DTU on 3/21/18, These defendants entered the strip cage room, The room had audio/visual Camera inside of room which Records strip searches. Defendant Henry and Parke's was chewing tobacco and had soda bottles to spit inside... They stripped search Plaintiff and sexually violated Plaintiff Zamichieli by putting the soda bottles full of spit sativa of the defendants and put it into and spilled it in/onto Plaintiff's rectum. Plaintiff Zamichieli cried in pain and discomfort.

61. Plaintiff was then removed from the strip cage after given blue DTU clothing shirt/pants. He was housed in cell GC1016, a double metal hand fiber glass Bunk Bed. The cell was dirty unclean and had feces smeared on the walls floor toilet along with yellow stains smell of urine and feces. The cell was not cleaned prior to housing Plaintiff inside. Plaintiff asked for cleaning supplies Defendant Henry and Parkes was in the DTU Bubble about 10 feet across away from the cell asked to strip for them and put his finger into Plaintiff's rectum, Plaintiff refused and stated he wish to report sexual abuse to preserve the evidence of sexual abuse. The Defendants ignored him, told him to kill himself. The cell had camera inside of it recording... Plaintiff became suicidal and starting Banging his head on the hand Bunk Bed and against the walls and door with enough force to create head injuries. Defendant Parkes and Henry saw it but did nothing to prevent it or save Plaintiff from self injuries and was deliberate indifference to the risk/harm etc. on 3/21/18

62. About hour later on 3/21/18, Nurse Defendant Ashley Madru-whitsel came pass with medication, Plaintiff stated he wanted to report sexual abuse and perserve evidence because he was sexually assaulted by Defendant Henry, Parkes and Dunkle. Defendant Whitsel ignored it, so Plaintiff starting Banging his head to the metal Door in front of her... Then Defendant Stover and another officer Listed as JOHN DOE 1 told Plaintiff to cuff up, which he did, and was escorted to strip cage on GC BLOCK DTU

63. Plaintiff was attempting to have evidence collected preserved for sexual abuse But the Defendants ignored and refuse to do so. Plaintiff Zamichieli then become suicidal and Self Injuries and Banged his forehead multiple times hardly against the strip cage module hard steel and plexi glass Doors/Bars and knocked himself to the floor in the strip cage on 3/21/18. Camera in strip cage recorded it.

64. As a result when Plaintiff Zamichieli Banged his head in strip cage on 3/21/18, he used enough force that he either knocked himself unconscious or either knocked himself into a seizure and fell to the floor.

65. Upon knowledge and Belief, as Plaintiff was told by a witness inmate HENRY Barber who overhead Defendant Dunkle plotting and telling other Defendants "I think he's faking" Let's pepper spray him with OC to wake him and see if he will react" on 3/21/18.

66. Upon knowledge and belief, after 7 days later during of defendant Chilcote, the defendant told plaintiff Zomicheli that defendant Dunkle gave him a order to use O.C pepper spray on plaintiff to wake plaintiff because he was either knocked out and seizing, foaming from the mouth on the floor in strip cage and he told plaintiff that Dunkle, Parks and Henry was worried about plaintiff reporting them for sexual abuse so he ordered defendant Chilcote and other defendants to pepper spray plaintiff to contaminate and destroy preserve of evidence with chemicals.

67. This incident of being pepper sprayed with O.C in the strip cage on 3/21/18 was captured on strip cage cameras also audio and visual recorded on hand held camo corder camera, and such footage was saved and preserved as plaintiff requested verbally and written when he filed abuse reports and grievances. Defendants wrote DC121 incident reports!

68. The footage on 3/21/18 was reviewed and saw plaintiff laying on floor unconscious or seizing after he banged his head to strip cage door. Plaintiff Zomicheli was not pepper sprayed until after he was on floor unconscious or having a seizure. Any orders given to plaintiff direct orders while to plaintiff while either unconscious or seizing, obviously couldn't be followed due to plaintiffs state of mind and in need of immediate medical attention. Pepper sprayed cause short of breath dizzness, hard time breathing, lung issues, eye irritation and trigger causes plaintiffs seizures.

69. Plaintiff was handcuffed and examine by defendant Whitsel, captured on camera, she only took pictures of plaintiffs forehead which was bleeding and bruised the size of a golf ball due to excessive banging to hard object and knocked into seizure or unconscious on 3/21/18. Defendant Whitsel used something into plaintiffs eyes to stop his eyes from irritation burning blindness from burst burst of O.C pepper spray. Defendant Whitsel did nothing to treat plaintiffs head injury that was obvious and the video recording saw the golf ball size lump bruise on plaintiffs head. Defendant Whitsel delayed + denied plaintiff Zomicheli care for head injury on 3/21/18 although she saw with her own eyes. She instead stated that it was an old injury from when plaintiff banged his head days before 3/21/18. Defendant Whitsel didn't notify a doctor or receive orders or seek orders of what to to do. in regards of plaintiffs head injury. Delayed care lead to delay diagnoses of head concussion and injuries, plaintiffs cheekbones was fractured and diagnose delayed.

70. Plaintiff on 3/21/18 wasn't taken back to (POC) or in the infirmary to monitor Zomicheli head injury for concussion precaution protocol or do 2 hour checkins with Zomicheli as the medical orders was days ago for incidents

71.) Plaintiff was stripped of the first smock, and put back in GC1016 cell in a smock only, no bedding mattress, hygiene, sheets blankets, etc etc The cell was cold due to no heating in cell poor ventilation and due to cold winter weather out side March 21, 2018... Plaintiff wasn't given anything to decontaminate clean OC pepper spray off of him, wasn't given shower or soap, etc etc No wasn't given any sickcall request slips or pen. He was told By Defendant Henry Parkes that he must sleep on the top bunk and he must follow their orders to, if not, he'll receive misconduct and abuse, although plaintiff had a Lower Bunk Lower tier restriction medical accommodation validly on file. So Plaintiff had many seizures while in the cell and smell of OC triggered symptoms of his seizure onsets, Plaintiff fell off of the top bunk, and had seizures, so he close to sleep on cold hard dirty feces infested floor. All of plaintiff Zamichelis verbal request for medical attention for seizures, head injury, Burning Skin, trouble Breathing etc serious medical needs was denied ignored By nurses who administered meds, Defendant Whitsel, Henry, Parkes. Plaintiff had no writing utensils to written request. Plaintiff spent about 9 days in cell without anything and without medical care access. About 12th or 13th day upon belief he got access to sickcall and pen But still didn't get seen or evaluated until the 15th day Basically Some time in April 2018. He was seen for sickcall By PAC-Katherine King, who took vitals and indicated that plaintiff had a head concussion diagnoses as a result of incident on 3/21/18... Plaintiff placed another sick call in Requesting more treatment Pain meds x-rays... X-rays was ordered by a male Physicians Assistant unknown name at the time. That PAC then Prescribed "Robaxin" muscle relaxer/pain meds as the x-rays in face skull showed a fractured Cheek Bones. Plaintiff suffered pain/suffering as a result of Delay/Denied of medical care By Defendant Whitsel and all other defendants involved, as all known of possible injuries of delay caused memory issues, pain, Nausea, etc for months. PA-C Eric ordered x-rays and Robaxin.

72.) All DOC Defendants involved in the use of force on 3/21/18 in the strip cage did Reports about the incident, which is policy to complete required Reports. All officers as Defendants had the opportunity to intervene with the excessive use of force, had enough time to, but failed to intervene violating plaintiff Zamichelis 8th amendment of constitution of US cruel and unusual punishment, deliberate indifference, etc.

73.) PA DOC has a Policy called DC ADM 001, Abuse Policy, as well as Use of force Policy available. These Policies wasn't followed By Defendants; instead the Defendants ignored it and condoned excessive force, failed to investigate use of excessive force/Abuse By DOC Defendants, failed to Discipline DOC Defendants for violating Policy and law By abusing using excessive force on (SMI) inmates plaintiff

FACTS

74) Defendant DUNKLE was The Lieutenant on The 2nd 6pm-6am shift for G Block which include The DTU "GC", he was The regular LT of the Unit/Block prior to 3/21/18. As a Result of him sexually assaulting and Harressing Plaintiff Zamichieli also order of Malicous excessive use of force against Plaintiff, Defendant Dunkle post was Switched, he was removed from G Block post and his position was to work elsewhere in The facility SCI-Huntingdon, he wasn't allowed to Return to work on G Block on or around Plaintiff after incident on 4/19/18.

75) Defendant Dunkle, Stover, Fochman, Chilcote, John Doe 1/Henry, Parkes was all present and involved, participated in The excessive use of force or failed to intervene on 3/21/18 in Strip cage around 6:00-7:30 pm, e.t.c., e.t.c. Defendant Whitsel was responsible for Providing Medical treatment and Notifying appropriate medical personell from Medical. Plaintiff received a Misconduct about incident on 3/21/18 in Strip cage found guilty and sanctioned to 30 days consecutive Disp in my time although he didn't disobey an order knowingly.

76) Plaintiff filed numerous of Request Slips and grievances on all of The above Defendants seperatedly and jointly and appealed The denials all of The way, which Lead to another Retalitory excessive use of force / Assault By Defendant Merritts at The direction of Defendant HENRY because of The abuse excessive force grievance he filed against Defendant HENRY/Parkes also reporting The sex abuse for incident on 3/21/18.

77) On April 19, 2018, Defendant Henry and Merritts was working on GC Block The "DTU" although they are not/wasn't trained to work with Seriously mentally ill inmates and Has not yet taken or completed The Required training to work on The DTU, they was trainees. Defendant Kauffman, Kendrick is Liable for Having untrained Staff on DTU. As a Result policy was violated and protocol and Lead to Defendants Plotting Assaults/excessive use of force on Plaintiff Zamichieli. On 4/19/18 Defendant Henry told Defendant Merritts to Pepper spray me because of The grievance against Henry by Plaintiff. Plaintiff complained to Defendant Merritts about Needing medical attention while Plaintiff was at The fire House din GC 1007 cell on DTU, after meals also Plaintiff Reported kidney issues and had Thaughts/Plans of suicide.

78) Defendant Henry, Parkes, Merritts disliked inmates feeling suicidal and Requests to go to P.O.C. on Their Shift. They created a unwritten Policy that any one who Request to go Poc on Their Shift won't go unless ① The Defendants Spray Them with Pepper spray ② Defendants Warrant a false Misconduct on The inmate or and on ③ Defendants hurt Them in some other way or ④ The inmate must be actually hanging at The time with Noose tighted around neck... In other words inmates must hurt Themselves really Bad or Be near Death in order to Be cared for... Plaintiff told/wrote Defendant Kauffman, Kendrick, Maxwell, House, Wetzel about this created Policy by The Defendants but it was Ignored and continued to go on, not rectified or changed. excessive force continued to go on on G Block, it was a pattern express especially against SMI inmates as Defendants head Little to No training, advisment disproved.

FACTS

(79) ON 4/19/18 UPON telling Defendant Merritt that plaintiff Zamicheli was in need of medical attention kidney pains etc As plaintiff was depressed and not eating his meals in DTU, plaintiff missed about 6-8 consecutive meals, and plaintiff told Defendant Merritts that he felt suicidal. Defendant Merritts told plaintiff to put his hands out to Be handcuffed, plaintiff followed Defendant Merritts orders... plaintiff first put his hands out in front to Be handcuffed, But Defendant Merritts ordered plaintiff to put his hands out of Aperture through the Back to Be cuffed Behind The Back. The camera footage was saved.

(80) Defendant Merritts pepper sprayed plaintiff as plaintiff put his hands on the aperture Behind his Back to Be cuffed and Defendant Merritts accused plaintiff Zamicheli or assaulting or attempting to assault Defendant Merritts. Plaintiff received a Misconduct in a false Retaliatory Nature written By Defendant Merritts on 4/19/18. Defendant Merritts lied and recorded false information on an official document; a misconduct form.

(81) The PADOC Code of ethics prohibits employees of The DOC from Recording false Information on official Documents, and Misconduct forms DC141 is an official Document.

(82) PADOC Policy 13.8.1 Section 14 DTU Section § C.4 States That DTU inmates shall Be cuffed in The front using security Belt, at any time during escort to or from cell, etc... But exceptions are made to use "tether", which is string attached to handcuffs behind The Back, and leg Restraints if Behavior warrants it, such as aggressive Behavior, Not Threats of feeling Suicidal with thoughts.

(83) DOC Defendant Merritts violated Policy 13.8.1 Section 14 § C.4 by cuffing with intent, Zamicheli behind The Back using "tether" and he violated PADOC Code of ethics on 4/19/18.

(84) plaintiff Zamicheli was Then supposed to Be taken to (P.O.C) in medical on suicide watch but instead plaintiff was taken to a section of "D" Block called "Rear D" or "D-Rear", DB1001, on 4/19/18, plaintiff was stripped and put in a suicide smock and housed in the camera cell on D Block without officers present Most of time, officer Laferty was working "D'Rear... plaintiff was isolated from everyone in The DTU. 'D'Rear is a secluded place with 4-5 camera cells. plaintiff was on suicide watch in a smock as officer checked on him every 5-7 minutes

Facts

(85). The Required Suicide Watch Access to mental health care procedures manual section 3- Delivery of Psychiatric Services, Attachment 3-C page 2 was completed and filled out as officers checked on Planitff Zomichieli every 7 minutes. These are the forms used to monitor suicidal inmates and observation. These forms was filled out because Plaintiff was on suicide watch from April 19, 2018 to about April 26, 2018.

(86) 13.8.1 Doc policy section 3, states that inmates must be seen By Psychologist (Psychiatrist) or Designee and evaluated prior to being cleared to be released from suicide watch. The psychiatrist, PRT must see you face to face before a creating order to release inmates.

(87) In April 2018, No psychology staff visited plaintiff Zomichieli. Nor offered him mental health care while on suicide watch.... No Psychiatric Provider (Defendant Cousins) Didn't visit plaintiff in such suicide watch cell, Nor Did she clear plaintiff to be released Nor given any orders.

(88) The Pepper sprayed Defendant Merritts used on Plaintiff Zomichieli on April 19, 2018, cause Breathing issues, hand the Breathing. Lungs Burned, eyes irritated and extremely red puffy swollen Bruised, Plaintiff's whole Body Burned making it hard to sleep. Plaintiff wasn't given a shower or hygiene in Rear "D".... couldn't de contaminate or wash Pepper spray away. Plaintiff suffered seizures as a result. There was No Running water in the "Rear D" cell, Plaintiff had to DRINK water out of the toilet Bowl to stay hydrated.

(89.) The misconduct that Defendant Merritts written against Zomichieli, caused a Dietary food Restriction also "a" Double Feeding Aperture Restriction", which means that Plaintiff was to remain in a Double Aperture feeding Aperture cell for 7 days upon return from "Rear D" Back to the DTU. Defendant Dunkle signed the restriction forms and authorized the approval of the Restrictions on 4/19/18

(90.) Once Plaintiff Returned to DTU after Placement on Rear D on April 19, 2018, Per Policy as Plaintiff Returned from Suicide Watch in a "smock" only, he was Required to be in camera cell on "DTU" for 72 hours to monitor also The camera cells on the DTU is "Double feeding Aperture" to prevent any assaultive Behavior. Plaintiff was Not housed in camera cell

91. ON DTU cell and Double feeding Aperture cells used for Psychiatric or security Restrictions. Plaintiff Zamichieli in April 2018 Returned from Rear "D" without Being cleared, he was housed in GC1009 cell, a cell all the way in Back corner that had no working toilet and electricity Problems... he Remained in that cell for about 30-60 Days or so upon knowledge and Belief, But he was given his Blue Jumpsuit but remained without sheets and Blanket for two weeks after placement in GC1009 cell, cell was also extremely cold due to no heating and Dropping temperature weather outside. Plaintiff caught a Cold flu symptoms and got sick, and eventually attempted suicide self injuries Behavior causing head injuries cuts Bruises But was not given treatment.

92. Double "Double feeding aperture cells" are also used for housing inmates who allegedly assaulted on officers through a Regular cell wicket/Aperture in the DTU. This is a DOC Policy and specifically SCI-Huntingdon's Policy Protocol for Safety/Security Reasons.

93. Although plaintiff Zamichieli was accused of allegedly assaulting or attempting to assault Defendant Merritts on 4/19/18 through regular aperture of Regular DTU cell GC1007, Zamichieli was placed on security Restriction of "Double feeding Aperture cell" as per Restriction forms - 7 Day Restriction in DTU once Returned but however he was not housed in a camera Double feeding Aperture cell in the DTU in April 2018. Zamichieli Returned to the DTU however on no Psychiatric or security Restrictions, Because it was known That he Really Did not attempt to or assault Defendant Merritts

94. Camera footage of incident on 4/19/18 was saved Reviewed and preserved as Plaintiff Zamichieli Requested at Misconduct hearing, although the Recording showed plaintiffs innocence however the hearing examiner still found Plaintiff guilty of "assault" although plaintiff didn't assault or attempt to assault Defendant Merritts.

95. Plaintiff Zamichieli was never written up for, accused of assault on any staff or inmates, and was never found guilty for on assault Misconduct Charge #1 until 4/19/18. Plaintiff Zamichieli had no assaultive history prior to the false misconduct written By Defendant Merritts. Plaintiff Zamichielis Misconduct history in PA Doc shows no assaultive misconducts until The incident on 4/19/18. But Defendant Merritts had a history of assaulty assaulting inmates prior to 4/19/18 and after

Facts

96) As a result of Misconduct written by Defendant Merritts on Plaintiff Zamichieli, Plaintiff had to undergo a hearing, still found guilty although camera footage showed/proved Plaintiffs innocence, Plaintiff was sanctioned to 30 day Displinary Custody consecutive which lead to more time in isolation confinement, mandatory time. also Label Labeled as "Assaultive" which hindered Parole eligible Because of violence when plaintiff isn't violent had NO CRIMINAL history or conviction of assaultive violence of any nature and had NO PA DOC Misconduct history of Charge A1. #1 Assault Prior to the two assault Misconducts written against Plaintiff on 4/19/18 and 8/19/18. TO justify assault on excessive force used against Zamichieli, Defendant Merritts wrote false misconducts against Plaintiff for assault.

97) The only two assault Charge #1 Misconducts written against Plaintiff Zamichieli on 4/19/18 and 8/19/18 written By Defendant Merritts was The only two Misconducts of assault Plaintiff was written up for or found guilty of while incarcerated in Pa DOC Prior to 4/19/18 and 8/19/18 and while incarcerated at SCI-Huntingdon.

98) Even after knowing and learning of Defendant Merritts assaultive history and all of the grievances Complaints and evidence against Merritts for using excessive force towards inmates but specifically seriously mentally ill inmates in the DTU... Still Defendant Huntingdon County, PA DOC Brumbaugh, Wetzel, Kendrick, Hause and all other Responsible Defendants Didnt Remove him from inmates contact with inmates, Didnt train or Displine Defendant Merritts for his Conduct, and did Nothing to stop or prevent future attacks against Inmates By the Defendant. They was deliberate indifference to plaintiffs safety which led him to be attacked twice By the same guard (Defendant Merritts) on The "DTU" in 4 months from April - August 2018. This violates the 8th amendment. Plaintiff did not have any criminal convictions of violence or assaults.

99) On August 19, 2018 Defendant Parkes and Merritts was working Th "DTU" Pod where Plaintiff was housed in Cell GC1010 at SCI-Huntingdon... Both officers/Defendants are 2pm-10pm Shift. around 4:00-4:30 PM, knowing that Plaintiff was on hunger Strike and Refusing his Meals, Defendant Merritts while serving meal trays, opened Plaintiffs aperture and Threw "Bread" into Plaintiffs cell and stated "Your hunger Strike is over, I will count it as you as accepted your meal "No Doc for you"

(100.) At first defendant Merritts on 8/19/18 defendant Merritts asked plaintiff
if he was eating. Plaintiff replied "No" as plaintiff was laying in Bed
under his Blankets. Plaintiff already missed about 7-8 consecutive meals.
Then Defendant Merritts Maliciously intentionaly & opened plaintiffs
aperture and threw Bread into plaintiffs cell knowing plaintiff wasn't
going to eat. Defendant Merritts was angry because plaintiff was suicident,
he retaliated against plaintiff because plantiff was depressed suicidual and
Not eating meals. Defendant Merritts didnt want plaintiff to go to P.O.C
ON his shift. The only way to go to POC on his shift was to get
sprayed with ОС O.C pepper spray by Merritts, get hurt in some
other way or Defendant Merritts wrote false misconduct on plaintiff
on all 3.

(101.) Upon Doing a round moments after The Bread was Thrown in plaintiffs
cell By Defendant Merritts on 8/19/18, Defendant Merritts Then opened
Plaintiffs aperture at cell GC1010 4:00-4:30PM SCI-Huntingdon and
Then threw a piece of fruit at plaintiff while plaintiff stood in Middle
of cell and told plaintiff to come up to The front door to to Be cuffed
to go to P.O.C as plaintiff requested POC at Beginning of Their
shift but was ignored. Defendant Merritts Then slammed The wicket
metal feeding aperture "a weapon" on plaintiff Zamichielis hands
with enough force That it fractured plaintiffs Right hand, a Bone
in Plaintiffs Right hand was fractured By Defendant Merritts.

(102.) The medical Reports file Records 8th reflect That around 8/20/18 or
8/21/18 X-Rays of Plaintiffs Right hand was taken and around
8/22/18 - @ 8/24/18 The Records Reflect That Zamichieli's hand
was fractured By Defendant Merritts. DR. ERIC G. had plaintiff
escorted to medical Dept and Zamichielis, plaintiff ha Right hand
was Put in a splint and the type of fracture it was it controled
The whole hand and vein functions in plaintiffs forearm, The splint
was hand to forearm coverage. A cast.

(103.) Zamichielis ARM Didnt get fractured, because Zamichieli
didnt reach his arm out of The wicket aperture to assault
or attempt to assault Defendant Merritts. Instead plaintiff Zamichielis
hand got fractured as it was on The aperture as Defendant
Merritts shut The wa                    aperture on Zamichielis hand on 8/19/18

Facts

104. Defendant Merritts pushed closing the wicket-Aperture on Plaintiff Zamichieli's Right hand with enough force that it fractured Zomichieli's hand on 8/19/18 approx 400 4:00-4:30 PM (16:00) hours GC1010 cell SCI Huntingdon. This incident is preserved on camera footage. Zamicheli Didn't resist and was No threat to anyone on Any/All of the excessive force counts/claims against Merritts and or other defendants.

105. Defendant Merritts admitted in The Misconduct DC141 DC141 Report That he shut The Wicket/Aperture while Zamichieli's hand was on it and stuck inbetween, The force fractured a bone in Zamichieli's hand.

106. Defendant Merritts pushed his body weight up against The aperture knowing That Plaintiff's hand was stuck and Defendant Merritts admitted in Misconduct Report That he grabbed and pushed Zamichieli's hand while Zamichieli hand rested on The aperture Then he shut The Wicket-Aperture without giving Plaintiff an order to Remove it, Defendant Merritts shut The Aperture on August 19, 2018. He used excessive force.

107. PADOC, SCI-Huntingdon DOC Defendants has a Policy That if Prisoner's are in RHU/DTU Level 5 housing unit, and inmate's must, if They want to receive their Meal trays aid Before their apertures are opened The inmates must have their Lights ON, Doors-Windows uncovered, Lights-Vents uncovered, As it states in The DTU handbook at SCI-Huntingdon

108. Inmates who don't follow The Rules-Instructions in The SCI-Huntingdon DTU handbook will be deemed to Refused their Meal, yard or any thing That involves opening of The feeding Aperture for.

109. Plaintiff Zamichieli's as noted on The Misconduct Report written By Defendant Merritts against Zamichieli on August 19, 2018, Zamichieli's Light was off, Lights-Back windows and vent was covered But however, Still, Defendant Merritts opened Zamichieli's Aperture and Then shut it onto Zamichieli's hands. Causing significant fracture Bone.

110. On 8/19/18, Zamichieli was secured Behind a Locked door, controlled By officers in The Bubble or officers keys when Defendant Merritts accused plaintiff Zamichieli of assaulting or attempting to assault him. A Person's arm could only reach but so far if reaching out of The Wicket-Aperture in attempt to grab someone or something especially if The person person or thing they are attempting to grab, could at any time move Backwards away from The person attempting to GRAB.

111. Defendant Merritts, on The Misc That Defendant Parkes was                 Misconduct written on 8/19/18 checked off Involved, but didn't provide facts of how.

FACTS

112.) As a result The original misconduct written by Defendant Merritts on 8/19/18 was Later dismissed without prejudice, and then on around 8/24/18 Rewritten with same alleged facts but Didn't have INvolved parties checked off and didn't have Defendant Parkes name as INvolved, But a different Misconduct Number. At hearing for the Rewritten Misconduct, camera footage was Reviewed and saved but Plaintiff still was found guilty although camera showed That Defendant Merritts grabbed Zamichieli's hand and shut The Aperture on it, The (Anytime) camera footage don't show Zamichieli Reaching out of apeture at Any time. Inmate Antonio Griffin, Inmate Naishi Inmate Troy John Daniels and few others wrote Affidavits on plaintiffs behalf they witnessed the situation on 8/19/18

113.) Zamichieli was Not a Threat to any person including Defendant Merritts As plaintiff was behind a Locked Steel door, didn't threaten or attempt to harm anyone. After Defendant Merritts on 8/19/18 Slammed the wicket Aperture Metal on plaintiffs hand, The Aperture Remained opened after Repeatedly shutting it Multiple times on plaintiffs hand that Became stuck. Plaintiff then, after Defendant Merritts walked away from Plaintiff unsecured Aperture plaintiff held his away from Plaintiff unsecured Aperture plaintiff held his arm on The Aperture, and didn't attempt to throw anything OR Attempt to harm anyone in any way and perceived as no threat called "nigger" Because of his race.

114.) Prior to walking away from plaintiff Zamichieli's cell GC1010 but after shutting Metal aperture with Body weight amount of force knee Defendant Merritts Pulled out his O.C pepper spray and attempted to pepper spray Zamichieli until Defendant Parkes called Defendant Merritts because Parkes saw Multiple inmates who would witness The incident was on Then doors watching and heard Zamichieli crying out IN Pain as Defendant Merritts made Racial statements calling plaintiff "Nigger" Plaintiff is Mixed Race African american / Italian

115.) Defendant Parkes Then approached Zamichieli's cell and put a Metal steel shield around Plaintiffs cell door but Zamichieli didn't Reach out to attempt to assault Parkes, Nor Zamichieli wasn't Presented as a threat to anyone. The shield was within Reach of Zamichieli, Zamichieli could have agressively or moved The shield away but he did Not because he was showing That he was Not a Threat or aggressive towards anyone or anything on 8/19/18 in front of his cell GC1010 at SCI-Huntingdon Between (16:00-16:30) hours.

116.) LT. FRANK, The Lieutenant working on G Block on 2-10 PM shift on 8/19/18 along with a few officers approached Zamichieli's cell Removed shield and Plaintiff immediately cuffed up!

(117.) Zamichieli was then taken to the 'strip cage, and he told LT. Frank about the incident, LT. Frank stated that he was in the Bubble and saw the incident and knew that plaintiff was innocent also LT. Frank Rewinded the camera and Reviewed it, and determined that plaintiff was assaulted By Defendant Merritts. The nurse was called photo pictures was taken and The incident was documented in medical files on 8/19/18 and there after. Zamichieli was then placed in a smock and escorted to P.O.C suicide watch. The picture showed Bruise and Swelleness and Blood on plaintiffs hand, Right hand carms consistent to Be Shut in The Aperture when @ plaintiff should have Been cuffed By Defendant Merritts and taken to P.O.C as Merritts asked for The pills medication that plaintiff showed him and Reported he planned to overdose If Defendant Merritts don't take him to suicide watch. Begining of shift

(118.) Plaintiff was sanctioned to 30 Days Displinary custody status consecutive to the year of DC time he currently already had. The misconduct led to another assault on his misconduct history, The only two assault misconducts written against Zamichieli The whole time Zamichieli was incarcerated from January 29, 2015 to August 2018. affected parole Decisions. custody level Raised.

(119.) Zamichieli suffered extreme excruiating pain in his Right hand for months, The splint was required to Be on his hand for 6-8 weeks and may required surgery or else it would heal improperly. Zamichieli was prescribed 'tylenol' for 4 times a day for pain. This caused a permenant impairment for plaintiff. To file grievances, Request for medical etc. plaintiff had to Learn how to write with his left hand which was difficult because Plaintiffs abdominant hand was his Right hand, The fractured hand.

(120.) Defendant Merritts was Removed from working The "DTU" as a result of the excessive use of force against Zamichieli. Defendant Merritts post ~~access~~ was elsewhere in The facility. At Zamichielis misconduct hearing Zamichieli requested for The Camera footage to Be preserved as evidence to help him on This herin upcoming Lawsuit and was preserved and is in possession of The PA DOC SCI- Huntingdon, Declarations/Affidavits of plaintiffs witnesses was consfiscated when his cell was searched 4 times in 3 weeks around March April 2019.

(121.) About September 12th or between 12th and 17th, 2018, plaintiff ~~access~~ upon knowledge Belief Recollection Plaintiff Zamichieli was taken on writ/ ATA Temporary to another DOC facility for count in a different proceeding/ case. ~ On The Day Zamichieli was Leaving to go ATA from SCI Huntingdon Defendant Merritts was working intake Processing area where inmates are locked in cells on D Block Prior to transfer. At This time Merritts threatened to

(121) CONTINUANCE ───→ Fracture Plaintiffs Other hand because Defendant Merritts is a Retaliating Because Plaintiffs grievances on Merritts about incident on 8/19/18, 4/19/18. Plaintiff continued to face harrassment Threats by Defendant Merritts, Threats of Death, Defendant Merritts stated "when I get another chance I'll Break your other hand, stuff it in your ASS til it kill you!" and in January of 2019 once again Defendant Merritts entered The "DTU" unit he was not allowed on, he come by with The nurse with Plaintiffs pain medication and Threatened to shut Zamichielis hand in The Aperture if he open it. This caused Zamichieli to refuse his dosage of medication for pain out of fear. This lead to extreme Pain throughout the day. All of this was grievanced and appealed all Levels written and verbally told PRC and all other defendants But nothing was done about it. To this date plaintiff is still medicated for pain in his hand. This caused Permenant hand disability.

(122) Sometime between January-March 2019, Defendant FERRY came to Zamichielis door with another officer to get Blood Drawn, Labs, Zamichieli stripped out, officers checked his clothes etc.. plaintiff got dressed and put his hand out to be handcuffed, Defendant Ferry got aggressive and disrespect towards Zamichieli but Ferry said he was just Joking Playfully but Zamichieli took it serious. Then Defendant Ferry took cuffs off of Plaintiff Shut The Aperture fastly while Zamichieli's hand was still on The wicket/Aperture. Zamichieli's fingers was twisted Bent By Defendant Ferry and the aperture caused pain as it Shut on Plaintiffs hand. Defendant Ferry Then stated "We will try to Break your hand again Just like My Buddy Merritts said, you Shouldn't have ever filed grievances on our employees and you now die-gonna suffer!" Plaintiffs hand again was Bruised, Swollen.. medical took pictures and documented The Incident. Plaintiff didn't Receive a miscunduct about this incident ▨▨▨▨▨▨▨▨

(123) exhaustion

grievance # 728434, 728585, 729127, 715053, *754907, 740133, 735678, 733568, 732540 729930, 730775 (all Exhausted Fully)

Plaintiff Zamichieli filed written grievances Appeals (Requestslips, Sickcalls and followed grievance Procedure Rules Policy DCADM 804, DCADM 001 Abuse Policy, DCADM 008 PreaPolicy, use of force Policy and plaintiff fully exhausted all of The mentioned FACTS/claims Listed in This complaint as to all defendants. Plaintiff Zamichieli appealed to Final Review and exhausted his Administrative Remedies while at SCI-Huntingdon. all available and unavailable Remedies. He also verbally to All Defendants and numerous of DOC employees but no Relief was granted. Why available. For claims In support, soon Exhibits will be sent to courts

(124.) Exhaustion... Plaintiff exhausted all available remedies as to all claims against all defendants Repeatedly however The Defendants at times Threaten to abuse or kill plaintiff to stop The Process, Other times They Refused to Process or accept the grievances, and ignored Them but Plaintiff still continued and attempted to do so Regardless... especially the claims about The Breach of contract By Defendant wetzel, Doc employees at SCI-Huntingdon and SCI-Camphill. The settlement agreement on Behalf of all SMI inmates (Prisoners) in The PA Department of corrections, incarcerated in Restricted Housing Unit Settings Solidary Confinement. At Huntingdon SCI, Plaintiff complained to Defendant Kauffman verbally and written on grievances... And at SCI-Camphill Plaintiff Repeatedly filed grievances and complained written and verbally to Superintendent Laurel Harry, Grievance Coordinator Tonya Heist, CCPM-George Clements who all ignored Plaintiffs requestes questions and Grievances as Heist malicously Rejected Plaintiffs grievances for no valid Reason to prevent him from exhausting, So plaintiff timely resubmit grievances about The issue in 5working days accordance to policy ~~DC-ADM~~ DC-ADM 804, Heist pretends like she didn't receive them or 5 didn't receive Them timely because she hold The grievances and not accept/process Them until after deadline Just to Reject again as untimely. Her Rejections are trivialous, So plaintiff still appeal to Harry, and sometimes receive no response, other times he receive The 2nd level Response and attempt to appeal to final level Review but DOC Defendants staff at SCI-Huntingdon and SCI-Camphill (PA DOC) ~~(B.)~~ Censor open, Read Sabotine and destroy Plaintiffs outgoing/Incoming Privileged and Non-Privileged US Mail because of Plaintiffs good faith attempt to appeal grievances to final level and also Let Courts and attorneys ~~KNOW~~ how The DOC staff are violating his Constitutional Rights, DOC policies, Law, settlement agreements, etc... Plaintiff currently have No grievances or appeals to attach at The moment until he get Access to all of his original Legal papers currently in SCI-Camphill's Main Property Room, if only They wasn't destroyed by SCI-Huntingdon Defendants who packed Zamicheli's Legal property, etc upon transferring him to SCI-Camphill on 5/23/19 or Perhaps destroyed by SCI-Camphill Property officer. Plaintiff is currently unsure when and if he'll get Access to The Legal papers he need because he didn't receive a Chance to Inventory his property in his Presence yet. But he have ~~one~~ one paper that Shows a list of grievance Numbers he grieved a ~~SCI~~ Huntingdon So he'll Provide The grievance numbers Listed. Zamicheli Repeatedly file grievances on Same issues, Multiple occurrences Series As of date 90% of grievances filed at SCI-Camphill are Rejected by Heist for no address

(125.) Grievances filed at SCI-Huntingdon: #728434, 754907, 728525, 729127, 715053, 740123, 735678, 733568, 732590, 729930, 730175 Proof of exhaustion.

(126.) Grievances filed at SCI-Camphill: #823045, 844458 Request to staff member Slips to Tonya Heist, Laurel Harry, George Clements which was also forwarded to Bradley Ritchey, Shawn Kephart who all work in PA DOC. Proof of exhaustion

LEGAL CLAIMS

(127) Plaintiff Zamichieli Reallege and INCORPORATE by Refence Paragraph #1 through #127 and there after Below as well.
* All Below claims, All Defendants sued in Individual and or official Capacities

(128.) Defendant MERRITTS use of excessive force (2) counts Violated plaintiff Zamichieli's 8th amendment Right, cruel and unusial punishment under The U.S CONSTITUTION.ON 8/19/18 and 4/19/18.

(128) Defendant MERRITTS Committed State of Pennsylvania Constitution Violations Assault and Battery, when as above Listed claim in Para 128, when he O.C pepper sprayed plaintiff on 4/19/18 for 20 seconds or more for NO valid Reason But to cause harm and Injuries... and on 8/19/18 when The Defendant intentionally Maliciously Slammed The metal feeding aperture ON plaintiffs be Right hand Repeatedly causing fractured Bone and pain/suffering, AS he Continued to Threaten to harm plaintiff and Harrass.

(130.) Defendant MERRITTS violated plaintiffs 1st amendment Right of U.S constitution when he Retaliated against plaintiff because of The grievances Plaintiff filed against all of The other defendents including The other Defendents Henry, Pankes, Dunkle's excessive force and he continued to Retaliate against plaintiff with assaults and against plaintiff, excessive force and also wrote false misconducts on plaintiffs Plaintiff Received 30 days DC time, undergo hearings, and Labeled as "assaultive" Led to Decreased possibilities of parole Grants. Plaintiff filed grievances on Merritts and it Led to Retaliations. Multiple counts.

(131.) Defendant MERRITTS Violated 14th amendment of plaintiff with false misconduct Reports written against Plaintiff which hindered his Parole eligible of Life Liberty, possible freedom also he assaulted and used excessive force against Plaintiff Because of Plaintiffs suicidual thoughts caused by his mental health which this also Violates title "v" of The Americans with disabilities act discrimination equal Rights for clause protection Because Plaintiff was seriously mentally ill treated differently from others. It effected his ability to write grievances contact courts and family Access.

(132.) Defendant Chilcote, Dunkle, Stover, Pankes, Henry Fochman, John Doe 1 PADOC, Huntingdon county, John E. Wetzel, Kendrick, Ihause Kauffman violated Plaintiff Zamichieli's 8th amendment of U.S Constitution cruel and unusual punishment (3 or 4 counts) against Each defendant for excessive force, deliberate indifference to unsafe Risk of attack, failure to Intervene, failure to displive failure to investigate, pattern of excessive force incidents on 3/21/18, 4/19/18, 8/19/18 and January-March incident MONell claim against "Huntingdon county-city of" Pattern of excessive force

133. Specifically Defendant Parkes, Chilcote, Stover, Dunkle, Henry, John Doe 1 Fochman violated plantiff Zamicheli's 8th amendment Right of US Constitution on 3/21/18 when They used excessive force and O.C. pepper sprayed Zamicheli in The DTU strip cage while Zamicheli was on The floor in need of medical attention for serious medical need as plaintiff was unconscious or having a seizing. Defendant used excessive force malicously to wake Plaintiff. Plaintiff didn't resist or Refuse to follow Their order.

134. Specifically Defendant Dunkle, Parkes Henry violated Zamichieli's 8th amendment of US Constitution Sexual abuse/Sexual assault/Sexual Harrassment on 3/21/18 when Dunkle made numerous of sexual comments and Licked plaintiffs face and pressed his penis up against Zamichieli while Plaintiff was handcuffed behind Back. And Parkes Henry placed Soda Bottle full of tobacco chew spit/saliva in and on on Zamicheli's rectum. when strip searching plaintiff which violated Zamichieli's 4th amendment Bodily privacy

135. Defendant Parkes, Stover, Henry Chilcote, Dunkle John Doe 1 violated Plaintiff Zamichieli's 8th amendment for failure to Intervene when Defendants used excessive force and sprayed plaintiff on 3/21/18, had time to intervene

136. Supervisor Liability Defendant Kauffman, PA DOC, Kendrick, House, Wetzel, Huntingdon County, Brumbaugh, walters either failed to investigate, failed to discipline and/or train its officers (Defendants), pattern of excessive use of force and not following its policy at Doc, which All violated Zamichieli's 8th amendment Right deliberate indifference to all use of excessive force against SMI inmates such AS on 3/21/18, 4/19/18, 8/19/18, and for Jan-March 2019 incident supervisor liability

137. Defendant Dunkle, Parkes, Henry, Chilcote, Stover JOHN Doe 1, Fochman violated Pennsylvania State Constitution of Assault and Battery for incident on 3/21/18 when either Pepper sprayed and/or sexually assaulted touched. They knew of Risk and pattern but did nothing to Prevent.

138. Defendant Whitsel violated plaintiffs 8th amendment deliberate indifference to serious medical needs, Delay & Denial of medical care for incident on 3/21/18 after excessive use of force and Injuries to head etc. Also As She failed to Intervene as she heard The other defendants prearit plans to assault plaintiff with pepper sprayed and had chance to intervene

139. Defendant Ferry violated Zamichieli's 8th amendment Right of US Constitution for using excessive force shutting plaintiffs hand in Aperture malicously out of Retaliation for grievances complaints on Merritts causing serious hand Injury, Pain/suffering on between Jan-March 2019

140. Defendant Ferry violated State of Pennsylvania Constitution "Assault & Battery (cont.)

141.) Defendant Parkes, Henry violated plaintiffs 8th amendment cruel unusual punishment Deliberate indifference to a unsafe unsanitary cell conditions of confinement in cell GC1016 on 3/21/18, plaintiff suffered got sick had cold flu as result Also They violated 8th amendment by Denying Zamichielis verbal request for sick call medical attention in a smock nothing to request written, as plaintiff was threatened to sleep on top bunk of cell against his Doctors order of Lower Bunk accommodation for seizure disability which lead to plaintiff falling off top bunk during a seizure and obtaining further head injury as a result, and Denied plaintiff care for injuries seizures and prevent plaintiff from receiving medical care for 9 days or so by failing to notify medical.

142.) Defendant Maxwell, Youncker failed to investigate failed to discipline Defendant Merritts and Dunkle, Henry, Parkes for incident on 8/19/18... and incidents of sexual abuse/assault By Dunkle Parkes Henry on 3/21/18... These defendants are top security Department Supervisors at SCI-Huntingdon, Defendant Maxwell/Youncker violated Zamichielis plaintiffs 8th amendment of US Constitution.

143.) Defendant Cousins, Spyker, Wetzel, PADOC, Huntingdon County, Jane Doe1, violated Zamichielis 8th amendment of US Constitution, for deliberate indifference to Serious Mental health medical psychiatric Needs, denial or delay of Mental health treatment which includes programming Plaintiff was required to participate in or complete for Parole eligibility while housed in the "DTU" as plaintiff is seriously mentally ill inmate "D" roster on PA DOC Mental health Roster in need of treatment of 10 structured out of cell hours of Activity Program Services a week and 10 unstructured hours... Cousins Defendant Cousins discontinued plaintiff psychiatric medication knowing the harm it'll cause plaintiff with out it and didn't substitute it or prescribe treatment of "pill"-medication (psyche meds) from 3/19/18 to 5/23/19, Plaintiff deteriorated in "DTU" in PA DOC without the required medication.

144A) Defendant PA DOC, "Wetzel", SPYKER Cousins, violated Zamichielis's 8th and 14th amendment of U.S Constitution By Violating or Breaching the Settlement agreement/General Release on Behalf of Seriously mentally ill inmates incarcerated in the PA DOC in RHU settings solitary confinement (DRN V. John Wetzel) Page 10 of 36 "Structured out of cell time, and on structured Activity "in DTU" appropriate setting Based on security Needs also Pg 14 of 36 "Programming required for Parole" Listed on page 10 of 36 of the General Release settlement agreement Between Disability Rights Network of Pennsylvania verses John Wetzel. Defendants denied or delayed the treatment and or Deprived him of the

(Continuence of)

(144) Credit towards Programming required for Parole from 4/18/17 to 5/23/19 and Thereafter as of date January 24, 2020 although Plantiff as he Believe and as he was told by Defendants That he Participated in The "Programming required for Parole" Listed on DC 43 Correction Plan and Noted on IRP (Individual Recovery Plan) as Defendants violated PA Doc policy 13.8.1 Section 14 DTU Section § C.3 and other Sections. Plaintiff is currently housed in DTU at SCI-Camphill and has been since arrived on 5/23/19, and plaintiff Been in DTU Consecutively on DC status since 4/18/17 date of arrival at SCI-Huntingdon to date of Departure 5/23/19. By Plaintiff Being denied access to The "Programming required for Parole"... "SOT Program" and "Thinking for a change", he is likely to Be Denied of Parole Because failure to Complete enroll Participate The Prescribed cbacl Programs Listed on DC43 Correctional plan mandatory treatment... Denied delayed of for NON-Medical/Mental reasons By Defendants because Plaintiffs is in The DTU" RHU setting Confinement which affect plantiffs Life, treatment, Rehabilitation and possible freedom Liberty because of his Serious mental health symptoms of disabilities... discriminated and viote violate title "V" of ADA Retaliation discrimination Equal Rights Protection clause. OR Defendants Denied Zamichieli of Credit towards Those Programs although he Participated and Completed (2-3 times a week for 3 consecutive years) 4/18/17 to Date JANUARY 24, 2020. The Doc records Reflect That Zamichieli didn't yet Participate in enroll or Complete such Programs required for Parole when it should Reflect That he Completed such treatment Programs Listed on his DC43 and IRP. This affects Parole eligibility. Defendant Walters Brumbaugh is also Liable as Their Job duties to ensure The Care is Provided in charge of medical... mental health Services and safety/security of all prisoners SMI in The PA Doc facilities.

(145) Plaintiff Reserves his Right to Raise additional All Other Legal Claims That Not Listed in "Legal Claim" Section especially if The Counts Could Read That plaintiff State any Plausible Claim against any other Defendant in This Action even if Plaintiff is Confused about Legal authority to cite, Poor Sentence Structure SNYplx.

1st amendment Retaliation claims against Defendant COUSINS and PERRY. Or denial of the same inferences Because Zamichieli wasnt Credited from DC43 Programs

(146) Defendant Wetzel, Brumbaugh, Walters, Cousins, Huntingdon County, PA Doc also sort of violated Plaintiff Zamichieli's 5th amendment Right of US constitution "Double Jeperody" Because plaintiff was already sanctioned to extreme Displinary custody status time in "DTU" setting displine for infractions in prison... this sanctions Right involve removal from "Structured Cell tier" for Parole Programs or Be at Risk

## Relief Demanded

(147.) An award of appropriate amount of Compensatory Damages, Punitive Damages, Nominal Damages, against each individual Defendant and if available-allowed from "PADOC" defendant agency and Huntingdon county"

(148.) Trial By Jury

(149.) Compensatory Damages of total of $300,000 (Three Hundred thousand Dollars) from/against Defendant Merritts. All claims state/federal constitution Law

(150.) Punitive Damages of total of $100,000 (One Hundred Thousand Dollars) from/against Defendant Merritts. All claims state/federal constitution Law

(151.) Nominal Damages of $850.00 (Eight hundred fifty Dollars) from/against each/All Defendants individual Jointly and Severally.

(152.) Compensatory Damages of $50,000 (fifty Thousand Dollars) against Defendant Parkes, Henry, Chilcote, Fochman Dunkle, John Doe 1, Jointly and severally   All Federal/state claims

(153.) Punitive Damages of $20,000 (Twenty Thousand Dollars) against each all The Defendants above in Paragraph #152, Parkes Henry, Dunkle Chilcote, etc

(154.) Compensatory Damages of $70,000 (Seventy Thousand dollars) Total against all of The other Defendants. All claims Federal/state law

(155.) Punitive Damages of $5,000 (Five Thousand dollars) Jointly and severally against all other Defendants. As to for All other claims federal/state law.

(156.) Declaratory Judgement in plaintiff's favor That The "Defendants" Violated plaintiff Zomichieli's Federal/state of Pennsylvania state Law/federal Law Constitutional Rights

(157.) $20,000 Pain and suffering (Inflicton of Intentional Damage (emotional Distress) (I.I.E.D)

(158.) All Reasonable court costs, filing fee's, cost of filing This Action and Litigation expenses fees, Informa pauperis... and $80,000 or More Attorney Fees.

(159.) All Requested Camera footage available That is saved Preserved as evidence to support Plaintiffs Claims as he Requested in his grievances all Discovery Material request and cost for it to & Paid By Defendants

Relief Demanded Continuous page.

(16) INJUNCTIVE/PROSPECTIVE Relief Preliminary and or PERMENANT INJUNCTION. Ordering The Defendants to follow The settlement agreement General Release on Behalf of all Seriously Mentally ill inmates INCCIRCERSATED and IN DTU Setting in all PA DOC Prison. Respect and follow Pg 10 of 36 "Structure out of cell time" "Programming Required for Parole" while in DTU, and The whole Agreement Between [DRN (Disability Rights Network of Pennsylvania) V. JOHN Wetzel] AND DOC shall follow The B.8.1 Section 14 DTU section of policy.

INJUNCTIVE Relief Below Listed:

- For PA DOC, Wetzel, Spyker to Provide plaintiff Lamont Zamichieli, immediate credit towards The Programs Listed on his DC43 correctional plan "SOP, SOT program Mod-High intensity" and "Thinking for a change" and any other program he is or was required to Participate in or complete.... Specifically Plaintiff Zamichielis DC43 correctional plan to Reflect that he completed set successfully Completed The programs Currently Listed on it as described above. (Credit of 3 years)...2 years credit to "SOT program" 1 year to Thinking for a change. [Allow him to enroll in and Participate in Programs Required for Parole while he is housed in DTU No matter AC or DC Status in the next 30 days And or allowed to complete; enroll participate in programs on DC43 while in SRTU in Next 10 days.]

- For PA DOC, Wetzel, Spyker, Jane Doe 1, to have its employees ordered to do so or perhaps They do so if applicable/available to Recommend Parole for Plaintiff Lamont Zamichieli give positive Institutional support recommendation for Parole, and or GRANT Zamichieli Parole on his MINIMUM Release Date 5/22/2020 OR in next 6 months from That date if applicable or Next Parole Review Parole hearing.

- For PA DOC, Wetzel, Spyker to clear or Remove all of plaintiff Misconduct Reports, DC141's, for The past 2 years from his history... So That it Reflects that plaintiff Zamichieli has been clean or clear of misconducts for past 2 years in The PA DOC. Plaintiff Shall Remain "D" Roster on PA DOC Mental health Roster and have a single cell "Z" code permenant status until Released from PA DOC/Parole

- For PA DOC, Wetzel, Spyker to Immediately in next 10 days Remove all of plaintiff Zamichieli's Disciplinary Custody (DC) status time... Cut all of his DC time and Immediately in next 10 days to Release plaintiff to General Population on RTU "Residental treatment unit, at SCI-Camphill OR upon immediate transfer to another PA DOC facility, plaintiff Shall be Released to GP/RTU. Release to GP and if applicable Remain on GP/RTU until Paroled if Paroled granted.

- Cease The Pattern of abuse/excessive use of force against Zamichieli in any/All PA DOC Facilites... And to cease using O.C or pepper Spray Chemical on Plaintiff Zamichieli because it, The smell of it causes on set of his seizures/epilepsy, PTSD...

• [Any other Relief The court Deem is equipable [Neccessary to grant plaintiff]

# VERIFICATION (Affidavit Declaration)

(161.) I, Lamont Zamichieli, Verify-Swear that the statements made in this foregoing Complaint are true and adequate to The Best of my knowledge understanding, Belief, INformation. I also understand that false statements ~~known~~ herein are subject to Penalty of Perjury Pursuant to 28 USC § 1746

Respectfully Submitted by:
Signed ↗
_____
Lamont Zamichieli
inmate # LW2870

Courts are to mail legal Documents to plaintiff at Below executed address. ...

executed on: January 24, 2020
                        1/24/2020

Lamont Zamichieli
inmate # LW2870   (LW2870)
PoBox 200
2500 Lisburn Road
Camphill, PA 17001
~~xxxxxxxxxxx~~ SCI-Camphill

*34 page Complaint*

IN The UNited STATes DiSTricT
CourT for The Middle DiSTrict of
PENNSYLVANIA

Lamont Zamicheli,
                    , plAiNTiff,

V.

c/o J.B. Merritts, c/o Parkes,
c/o Henry, c/o Stover, c/o Fochman,
c/o Chilcote, LT. Dunkle, LT. Maxwell,
DSCS-Walters, LT. Caleb YouncKer,
DSFM-Brunbaugh, RN-Ashley Madrawhitsel,
UM-C. Kendrick, capt. W. House,
CRNP-Jessica L. Cousins,
Superintendent Kevin Kauffman,
c/o Ferry, CCPM-Jill Spyker,
Huntingdon County, John E. Wetzel,
PENNSYLVANIA Department of Corrections
John Doe 1, John Doe 2, Jane Doe 1, Jane Doe 2
                                    Defendants,
*[All in their individual and official capacities]*

Civil Action CASE #

#

"SUMMONS"

Date: 1/24/2020

If you fail to Serve
Plaintiff any aNswer
or type of response/Motion
to This Complaint/Summons,
Judgement By Default will
Be taken against you for the
Relief defendance in the complaint

* See: The Defendants' Addresses
on The front page of The
complaint aS listed for
Defendants to be served at!

Clerk of court:

TO The Above-Named Defendants:
        You are hereby Summoned and Required to Serve
Upon Plaintiff Lamont Zamichieli, whose mailing address
to receive Mail from Defendants is: Smart Communications/PADOC
                                    Lamont Zamichieli
serve answer to Plaintiff, answer  Inmate # LW2870
to complaint herein included which  SCI-Camphill
  is herewith served upon you, within  PO Box 33028
"20 or 30" days after service of this  St. Petersburg Florida 33733
Summons upon you, exclusive of the  _____
day of service or 60 days if US Gov  The courts Shall mail plaintiff any/All
Defendant. If failed to do so Judgement By Default!  correspondence from clerk/Judge to direct
                                    facility prison Address: PO Box 900/2500 Lisburn Rd
                                                              Camphill, PA 17001

LAMONT ZAMICHIELI

INMATE # LW2870

P.O. BOX 200

2500 Lisburn Road

CAMP Hill, PA 17001

SCI - CAMPHill

RECEIVED
SCRANTON

FEB 03 2020

PER Amo
DEPUTY CLERK

CLERK's

UNITED Sta

MIDDLE D:

235 N. W

P.O. BOX

SCRANTON

- Legal/Mail -
1/24/2020