IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAMONT ZAMICHIELI,

                Plaintiff,

   vs.

J.B. MERRITTS, C.O. PARKES, C.O. HENRY, C.O. STOVER, C.O. FOCHMAN, C.O. CHILCOTE, LT. DUNKLE, LT. M. MAXWELL, DSCS-WALTERS, LT. CALEB YOUNCKER, DSFM-BRUMBAUGH, RN-ASHLEY MADRU-WHITSEL, UM-C. KENDRICK, CAPT. W. HOUSE, JESSICA L. COUSINS-CRNP, SUPERINTENDENT K. KAUFFMAN, C.O. FERRY, CCPM-JILL SPYKER, HUNTINGDON COUNTY, JOHN WETZEL, PENNSYLVANIA DEPARTMENT OF CORRECTIONS, JOHN DOE(1), JOHN DOE(2), JANE DOE(1) JANE DOE(2),

                Defendants.

CIVIL DIVISION

3:20-cv-00180-MEM-DB

Code:

## BRIEF IN SUPPORT OF MOTION TO DISMISS

AND NOW, comes Defendant Jessica L. Cousins, CRNP (hereinafter "CRNP Cousins"), by and through her attorneys, Matis Baum O'Connor, and files the following Brief in Support of Motion to Dismiss Plaintiff's Complaint.

## I.    PROCEDURAL HISTORY

Plaintiff, Lamont Zamichieli, a *pro se* inmate currently housed at SCI Camp Hill, initiated this action by filing a Complaint on February 4, 2020 (Doc. 1).  That same day, Plaintiff also filed a Motion to Appoint Counsel, which the Court later denied on June 8, 2020 (Docs. 4 and 13).  CRNP Cousins executed and filed a Waiver of Service on June 19, 2020 (Doc. 17).  This Motion to Dismiss and Brief in Support are now timely filed on behalf of CRNP Cousins based on deficiencies in Plaintiff's Complaint.

## II.  **FACTUAL AVERMENTS**

Plaintiff alleges that CRNP Cousins is a psychiatric mental health certified nurse practitioner, who is also a member of the Psychiatric Review Team (hereinafter "PRT") and is responsible for all mental health care of Plaintiff (Doc. 1, ¶23).  Plaintiff claims that he has been assigned a "D stability," indicating that he is seriously mentally ill (Doc. 1, ¶34). He further alleges that he has a diagnoses of schizoaffective disorder depressive type and has been prescribed "Seroquel" (Doc. 1, ¶34).

Plaintiff alleges that Co-Defendant, John Wetzel, who is the secretary of the Pennsylvania Department of Corrections, was sued by the Disability Rights Network of PA (Doc. 1, ¶36).  The suit allegedly resulted in a settlement agreement to which Plaintiff believes also applies to him (Doc. 1, ¶36).  Plaintiff alleges that CRNP Cousins and various Co-Defendants have violated the settlement agreement by depriving Plaintiff of ten structured hours out-of-cell (Doc. 1, ¶50).

Plaintiff further claims that on either March 18 or 19, 2018, CRNP Cousins retaliated against him by discontinuing his medication and removing his D stability code (Doc. 1, ¶52). Plaintiff avers that CRNP Cousins stated there was  no indication that Plaintiff required medication and that she told him to participate in out-of-cell programs as his medical therapy (Doc. 1, ¶51).  Additionally, Plaintiff claims that CRNP Cousins had a rule to discontinue prisoners' medication if they fell below 90 percent compliance in taking their medication (Doc. 1, ¶¶53 and 54).  Plaintiff states in his Complaint that his compliance that month was only 75.8 or 78.5 percent (Doc. 1, ¶¶53 and 54).

The legal claims portion of Plaintiff's Complaint begins on page 28 (Doc. 1).  Plaintiff alleges that CRNP Cousins violated his Eighth Amendment rights by being deliberately indifferent to his serious mental health needs (Doc. 1, ¶143).  Plaintiff further alleges that CRNP Cousins and various Co-Defendants violated his Eighth and Fourteenth Amendment rights by breaching the settlement agreement regarding structured out-of-cell time (Doc. 1, ¶144).

2

Plaintiff's Complaint must be dismissed with prejudice based on his failure to exhaust administrative remedies and his failure to state a claim upon which relief can be granted.

## III.  QUESTIONS PRESENTED

A.  Should Plaintiff's claims for failure to provide structured out-of-cell time be dismissed because Plaintiff did not exhaust his administrative remedies pursuant to 42 U.S.C. §1997(e)?

   SUGGESTED ANSWER:      YES.

B.  Should Plaintiff's Complaint be dismissed based on his failure to state a claim upon which relief could be granted?

   SUGGESTED ANSWER:      YES.

## IV.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint may be dismissed for failing to state a claim upon which relief may be granted.  In evaluating a motion to dismiss under this rule, the Court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  In order to survive a motion to dismiss, however, a plaintiff may not rely on "labels and conclusions."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A Court "is not bound to accept as true a legal conclusion couched as a factual allegation" and "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citations omitted); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted).

In analyzing a *pro se* complaint, the Court must perform a two-part analysis.  *Fowler v. UPMC Shadyside*, 578 F.3d 210 (3d Cir. 2009).  The Court must first separate the factual elements from the legal elements and disregard the legal conclusions made by plaintiff.  *Id*. Second, the Court must determine if the complaint sets forth facts sufficient to show a "plausible claim for relief."  *Id*. at 211.

## V.   ARGUMENT

### A.    Failure to exhaust administrative remedies[1]

The Prison Litigation Reform Act (hereinafter "PLRA") provides that "no action shall be brought with respect to prison conditions under Section 1983 . . . . or any other Federal law, by a prisoner . . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The administrative remedies must be exhausted properly, which demands that a plaintiff be in "compliance with an agency's deadlines and other critical procedural rules... ."  *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

The Pennsylvania Department of Corrections (hereinafter "DOC") maintains a grievance system policy, which sets out a three-step grievance and appeals process. Department policy DC-ADM-804 is the DOC's Consolidated Inmate Grievance Review System, a copy of which is attached as Exhibit A.  Under the policy, "first, an inmate is required to legibly set forth all facts and identify all persons relevant to his claim in a grievance which will then be subjected to initial review."  Second, after the initial review by a grievance officer, the inmate has the opportunity to appeal to the facility administrator for a second level of review.  Finally, an appeal to the Secretary's Office of Inmate Grievances and Appeals is available."  *Runkle v. Pa. Dept. Correct.*, 2013 WL 6485344 (W.D. Pa. Dec. 10, 2013).  Properly completing the process through the final appeal decision on the merits is a prerequisite to any Federal suit.  *Booth v. Turner*, 532 U.S. 731, 741 (2001); *Oriakhi v. U.S.*, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

---

[1] The defense of failure to exhaust administrative remedies pursuant to 42 U.S.C. §1997(e) is an affirmative defense that may be brought as a Motion to Dismiss. *Hastings v. Smeal*, 2012 WL 832898 (W.D. Pa. Jan. 19, 2012).  When considering a Motion to Dismiss, courts may consider indisputably authentic documents, such as Department of Corrections policies or an inmate's grievance records without converting the motion to a Motion for Summary Judgment. *Id. citing Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).  In certain circumstances, however, it has been held that "[r]eliance on declarations from prison officials or Corrections Department administrators requires conversion" to a Motion for Summary Judgment. *Berry v. Klem*, 283 F. Appx. 1, 3 (3d Cir. 2008).  As such, Ms. Cousins respectfully requests that, if necessary, this court convert this motion into a Motion for Summary Judgment on the issue of failure to exhaust.

In order to determine if Plaintiff properly exhausted his administrative remedies, the undersigned counsel served a subpoena upon the Secretary's Office of Inmate Grievances and Appeals, requesting full and complete copies of any and all grievances received by that office pertaining to Plaintiff from March 2018 through the present.  A copy of this subpoena is attached as Exhibit B.  Any grievance which has been properly exhausted must necessarily have gone through this office.  In response, the Secretary's Office of Inmate Grievances and Appeals produced 19 grievances.  Of those 19 grievances, only 11 relate to Plaintiff's time at SCI Huntingdon.  Other than grievance no. 728434[2], none of the grievances relate in any way to Ms. Cousins or the claims in Plaintiff's Complaint.

Grievances nos. 729127, 729930, and 732590 (attached hereto as Exhibit "D") all relate to alleged inadequate medical and mental health care that Plaintiff received from other providers or that he was generally denied treatment while housed in the DTU. Grievances nos. 728525 and 733568 (attached hereto as Exhibit "E") relate to claims of alleged use of excessive force by staff.  Grievances nos. 732593 and 771248 (attached hereto as Exhibit "F") relate to claims of staff tampering with or withholding Plaintiff's mail. Finally, Grievances nos. 735677, 740123, and 754907 (attached hereto as Exhibit "G") relate to allegations of sexual harassment, staff smoking and using tobacco near Plaintiff's cell, and COI Merrits injuring Plaintiff's hands.

Plaintiff did file Grievance no. 823045 (attached hereto as Exhibit "H") about not receiving structured out-of-cell time.  While this grievance relates to the denial of structured out-of-cell time, Plaintiff has still failed to exhaust his administrative remedies. First, this grievance does not name Ms. Cousins.  *See Williams v. Pennsylvania Dept. of Corrections*, 146 Fed. Appx. 554, 557 (3d Cir. 2005) (internal quotations and citations omitted) ("to the extent the identity of a defendant [is] a fact relevant to the claim, Pennsylvania's prison grievance policy mandate[s] that the identification be included in the inmate's Statement of

---

[2] Grievance no. 728434 (attached hereto as Exhibit "C") relates to CRNP Cousins allegedly discontinuing Plaintiff's medication.

Facts on the grievance form.  A Pennsylvania inmate's failure to properly identify a defendant constitute[s] a failure to properly exhaust his administrative remedies under the PLRA").  Furthermore, this grievance did not complete the entire grievance process on the merits because Plaintiff's final appeal was untimely.  *See Booth* at 741.  Finally, this grievance was filed while Plaintiff was at SCI Camp Hill, and therefore relates to the lack of out-of-structured cell time that Plaintiff allegedly did not receive at SCI Camp Hill.  Plaintiff has alleged that CRNP Cousins works at SCI Huntingdon (Doc. 1, ¶23), and therefore, this grievance could not possibly be related to her conduct.

Based on these records, it is quite clear that Plaintiff has failed to exhaust his administrative remedies with respect to his claims against CRNP Cousins regarding an alleged denial of structured out-of-cell time.  "It is beyond the power of [any] court...to excuse compliance with the exhaustion requirement whether on the ground of futility, inadequacy or on any other basis." *Jackson v. Beard*, 2013 WL 5176741 (M.D. Pa. Sept. 12, 2013) (citations omitted).  Therefore, Plaintiff's claims of denial of structured out-of-cell time against CRNP Cousins, therefore, must be dismissed.

**B.     Failure to state a claim upon which relief can be granted**

Plaintiff's Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for his failure to state a claim upon which relief can be granted against CRNP. Cousins.  Even when liberally construed[3] and taken as true[4], Plaintiff's Complaint fails to state facts to support a claim against CRNP Cousins.

---

[3] "[A] *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

[4] In evaluating a motion to dismiss, all allegations in the Complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party.  *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989).

### 1.   Eighth Amendment Claims

In order to establish an Eighth Amendment medical indifference claim, an inmate must allege facts that demonstrate (1) a serious medical need and (2) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).  Plaintiff cannot meet this burden because he has failed to plead facts that shows that CRNP Cousins engaged in deliberate indifference.

In determining whether the treatment provided to Plaintiff was sufficient, deference is to be given to the course of treatment implicated by medical professionals. *See Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754 (3d Cir. 1979).  An inmate's disagreement with medical or mental health treatment is insufficient to establish deliberate indifference and does not give rise to a Section 1983 cause of action. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).  In this case, Plaintiff has only established that he disagrees with CRNP Cousins' decision to take him off his medication.  Plaintiff admits, however, that he was noncompliant with this medications and that CRNP Cousins recommended participate in out-of-cell programs as an alternative form of treatment.  Based on his Complaint, Plaintiff has not alleged anything more than a disagreement about his medical treatment. *See White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990) (it is a "well established rule that mere disagreements over medical judgment do not state Eighth Amendment claims").  Therefore, Plaintiff's Eighth Amendment claim fails as a matter of law and must be dismissed.

### 2.   Retaliation

In order to state a prima facie case of retaliation, Plaintiff is required to show that (1) his conduct was constitutionally protected; (2) he suffered adverse action at the hands of the Defendants; and (3) his constitutionally protected conduct was a substantial motivating factor in the Defendant's conduct. *Carter v. McGrady*, 292 F.3d 152, 158 (3d. Cir. 2000).

While Plaintiff has alleged that CRNP Cousins acted out of retaliation because of "Plaintiff's grievances and lawsuits on her" (Doc. 1, ¶23), Plaintiff has failed to set forth facts sufficient to show a plausible claim for relief on this basis.  This is particularly true with

respect to the third element of this test, causation.  Plaintiff must set forth facts which show "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link."  *Lauren W. Ex rel. Jean W. v. DeFlaminis*, 580 F.3d 259, 267 (3d Cir. 2007).  Plaintiff's Complaint sets forth no facts reflecting that CRNP Cousins was aware of these suits or grievances, or that they occurred within close proximity to CRNP Cousins discontinuing Plaintiff's medication.  Without alleging such facts, Plaintiff cannot show that his conduct was a motivating factor in any decision made by CRNP Cousins regarding Plaintiff's medications.  Therefore, Plaintiff's retaliation claims are unsupported by fact and must be dismissed.

### 3.    Breach of Contract

While Plaintiff claims that CRNP Cousins violated his Eighth and Fourteenth Amendment rights by allegedly breaching the settlement agreement (Doc. 1, ¶144), this is truly a breach of contract claim.  Plaintiff does not have standing to bring this breach of contract claim.

A party has standing as a third party beneficiary where both parties to the contract express an intension to benefit the third party in the contract itself.  *Scarpitti v. Weborg*, 609 A.2d 147, 151 (Pa. 1992).  Plaintiff has pled no facts to show that the parties to the contract intended him to be a third party beneficiary.  Plaintiff merely asserts in his Complaint that "this agreement of settlement applies to Plaintiff Zamichieli as well" (Doc. 1, ¶36).  Such conclusory statements are insufficient to establish a third party beneficiary claim.  Therefore, Plaintiff does not have standing to bring a breach of contract claim, and his claims against CRNP Cousins for alleged denial of structured out-of-cell time must be dismissed.

## VI.   CONCLUSION

For the reasons set forth above, it is respectfully requested that Defendant's Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed with prejudice.  Plaintiff

should not be given an opportunity to amend to resolve any deficiencies as, given the nature of said deficiencies, any attempt at amendment would be futile.

MATIS BAUM O'CONNOR

***Electronically Filed***

By:  */s/ Cassidy L. Neal*
       Cassidy L. Neal, Esquire
       PA I.D. 311979
       Attorneys for Jessica L. Cousins, CRNP,
       Defendant

912 Fort Duquesne Blvd
Pittsburgh, PA 15222
(412) 338-4750

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am this day serving a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS** upon the persons listed below by United States, First-class mail, postage prepaid, this 8th day of July, 2020.

> Smart Communications/ PA DOC
> Lamont Zamichieli
> Inmate No. LW2870
> SCI-Camp Hill
> PO Box 33028
> St. Petersburg, FL 33733
> ***Pro se Plaintiff***

MATIS BAUM O'CONNOR

***Electronically Filed***

By:   */s/ Cassidy L. Neal*
    Cassidy L. Neal, Esquire
    PA I.D. 311979
    Attorneys for Jessica L. Cousins, CRNP,
    Defendant

912 Fort Duquesne Blvd
Pittsburgh, PA 15222
(412) 338-4750