**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAMONT ZAMICHIELI** | : | |
| | | **CIVIL ACTION NO. 3:20-0180** |
| **Plaintiff** | : | |
| | | **(JUDGE MANNION)** |
| **v.** | : | |
| | | |
| **J.B. MERRITTS, *et al*.,** | : | |
| | | |
| **Defendants** | : | |

**MEMORANDUM**

**I. Background**

Plaintiff, Lamont Zamichieli, an inmate currently confined at the Phoenix State Correctional Institution, Collegeville, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). He complains of actions which occurred at his former place of confinement, the State Correctional Institution at Huntingdon (SCI-Huntingdon), Pennsylvania. (Doc. 1, complaint). The named Defendants are the Pennsylvania Department of Corrections; Huntingdon County; seventeen employees of SCI-Huntingdon and four John/Jane Doe Defendants. Id. Plaintiff's claims, encompassed in a sixteen-page diatribe, set forth allegations of unsanitary conditions of confinement, deliberate indifference to his serious medical and mental health needs, patterns of excessive use of

force, failure to intervene, delay/denial of medical care, sexual abuse/assault, retaliation, interference with mail, denial of due process, and unlawful search and seizure. Id.

Presently pending are three separate motions to dismiss, filed by Defendant, Jessica Cousins, Huntingdon County, and the remaining Corrections Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 18, 27, 29). For the reasons set forth below, the Court will grant the Corrections Defendants' motion to dismiss Plaintiff's complaint for Plaintiff's failure to comply with Fed R. Civ. P. 20(a)(2) and afford Zamichieli the opportunity to file an amended complaint. The motions to dismiss filed by Defendant Cousins and Huntingdon County will be dismissed without prejudice to renewal after the filing of Plaintiff's amended complaint.

## II.    **Rule 12(b)(6) Standard**

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.

Innis v. Wilson, 334 F. App'x 454, 456 (3d Cir. 2009) (citing Phillips v. Cnty

of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a

motion to dismiss may consider the facts alleged on the face of the

complaint, as well as "documents incorporated into the complaint by

reference, and matters of which a court may take judicial notice." Tellabs,

Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do

not suffice.").

> Under the pleading regime established by [Bell Atl. Corp. v.]
> Twombly, 550 U.S. 544 (2007) and Iqbal, a court reviewing the
> sufficiency of a complaint must take three steps. First, it must
> "tak[e] note of the elements [the] plaintiff must plead to state a
> claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should
> identify allegations that, "because they are no more than
> conclusions, are not entitled to the assumption of truth." Id. at
> 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc.,
> 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the
> elements of a claim are not entitled to the assumption of truth."
> (citation and editorial marks omitted)). Finally, "[w]hen there are
> well-pleaded factual allegations, [the] court should assume their
> veracity and then determine whether they plausibly give rise to
> an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

- 3 -

Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting FED.R.CIV.P. 8(a)(2)). At the second step, the Court identities those allegations that, being merely conclusory, are not entitled to the presumption of truth. Twombly and Iqbal distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

III.    **Discussion**

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

- 4 -

(B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure §1652 at 371-72 (1986).

Zamichieli's complaint violates Federal Rules of Civil Procedure 8 and 20. Plaintiff's complaint is not simple, concise, and direct as required by Rule 8(d)(1). Moreover, is completely fails to comply with Rule 20. It is set forth in a sixteen-page narrative, which contains no captions and lists a plethora of constitutional violations occurring while Plaintiff was housed at SCI-Huntingdon, between April 18, 2017 and May 23, 2019. (Doc. 1 at 11-26). The claims against the various Defendants identify separate unrelated transactions and occurrences that do not involve an issue of law or fact common to all Defendants. The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a

non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA. Based on the above, the Court will grant Corrections Defendants' motion to dismiss. However, Zamichieli will be afforded the opportunity to amend his complaint.

## IV.    Conclusion

For the above stated reasons, the Court will grant Corrections Defendants' motion (Doc. 29) to dismiss. However, Zamichieli will be afforded the opportunity to amend his complaint. Remaining Defendants' motions to dismiss (Docs. 18, 27) will be dismissed without prejudice to renewal.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 28, 2021**
20-0180-01

- 6 -