# In the United States District Court For The

# Middle District of Pennsylvania

| | |
|---|---|
| Lamont Zamichieli | Civil # 3:20-cv-00180-MEM |
| v. | |
| J. B. Merritts   etal,. | |
| defendants | |

Today's Date: OctobeR 11, 2022

*(18 page second Amended complaint /61 exhibits)

## SECOND AMENDED COMPLAINT

FILED
SCRANTON

OCT 17 2022

PER _____
DEPUTY CLERK

### Introduction

1. Plaintiff Lamont Zamichieli brings this action pursuant to section 1983 of the Federal statutes under 28 U.S.C. § 1983 against all named defendants of Pa, DOC SCI Huntingdon for violations of his 8th amendment of the US Const. for cruel and unusual punishment as the defendants and their supervisors caused and knew but disregarded the fact that specific defendant subjected plaintiff to a pattern/practice/series of excessive force by physically and sexually assaulting plaintiff, an African American prisoner because the color of his skin and contuance filing of grievances and complaints against the defdendants who maintained a continuance course of conduct permiting assaults against Plaintiff by SCI DTU Defendants/officers who are known

as racist and to hate and bias African American prisoners, as a result plaintiff suffered a series of attacks repeatedly on multiple occassions by all said defendants who was not properly trained, supervised, monitored or disciplined for their unlawful actions which resulted in plaintiff's substanstial long lasting physical injuries. Defendant's repeated attacks and assaults was in retaliation for plaintiff race and exercising his right to file grievances. This also violated the plaintiff's 1st amendment right.

## VENUE AND JURISDICTION

2. The issues/claims given rise to this action occured in the Western District/Region of Pa. sothe Western District court of Pa. has proper jurisdiction as conceeded in plaintiff's attached motion and brief to change venue and jurisdiction and the DOC defendants and their representatives conceeded that the Western Region is proper as well. And Plaintiff is now incarcerated at SCI PHX. in the Eastern District of Pa. and he is no longer at SCI Huntingdon where the incidents described in this complaint occured which is the Western District of Pennsylvania.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events given rise to his actions occured in the PADOC/Huntingdon which is the Western Region of Pa. Pursuant U.S.C. 1367, § 1331 and 1343 (a) (3) and section 2283 and 2284 as well as section 1983. Plaintiff brings federal constitutional claims in this action as defendants while acting under the color of law deprived plaintiff of his right. And this action plaintiff respectfully seeks and is entitled to compensatory and punitive damages against all defendants in both their individual and official capacity. Plaintiff also seeks court cost and filing fees, cost of litigation and attorney fees all jointly and seperately.

# PARTIES

## PLAINTIFF

4. Plaintiff Lamont Zamichieli inmate # LW 2870 was incarcerated at SCI Huntingdon of the PADOC when the claims arised, but he is now currently resided and incarcerated in custody at SCI Phoenix. Plaintiff Zamichieli was at all times relevant/mentioned herein a prisoner of the PADOC who current address is 1200 Mokychic Dr. Collegeville Pa. 19426 at SCI PHX. However the defendants and their attorney shall serve any answer or filing to plaintiff at PADOC third party vendor mailing address if the Attorney General's office does not have an approved valid attorney control number to place on the envelope mail directly to the SCI address then they must address and mail any filings to plaintiff at Smart Communications PA/DOC P.O. 33028 St. Petersburg, Fl 33733 which can and may take up to ten to 21 days for plaintiff to receive from date of mailing.

5. Plaintiff has exhausted all of his available administrative remedies as to each incident that is considered a pattern of excessive force by defendants physically and sexually assaulting him repeatedly, continuancely on the same unit by all same defendants on each series of occurences that are all related to incident in defendants who assaulted plaintiff in multiple ways and multiple occassions in retaliation for his race and his filing of grievances against defendants for previous attacks and concerned possible future attacks and risk of harm. Plaintiff appeal all the way to final level of review pursuant to DOC policy DC ADM 001, DC ADM 008, DC ADM 801, DC ADM 804, DC ADM 201.

6. Defendant J.B. Merritts is correctional officer employed by PADOC at SCI Huntingdon on the DTU. At all times mentioned and relevant in this action sued in his individual and official capacity under the color of the law for all claims participated involved in each incident in the pattern of abuse and excessive force.

7. Defendant Parkes is correctional officer employed by PADOC at SCI Huntingdon on the DTU. At all times mentioned and relevant in this action sued in his individual and official capacity under the color of the law for all claims participated involved in each incident in the pattern of abuse and excessive force.

8. Defendant Henry is correctional officer employed by PADOC at SCI Huntingdon on the DTU. At all times mentioned and relevant in this action sued in his individual and official capacity under the color of the law for all claims participated involved in each incident in the pattern of abuse and excessive force.

9. Defendant Chilcote is correctional officer employed by PADOC at SCI Huntingdon on the DTU. At all times mentioned and relevant in this action sued in his individual and official capacity under the color of the law for all claims participated involved in each incident in the pattern of abuse and excessive force.

10. Defendant Spory is correctional officer employed by PADOC at SCI Huntingdon on the DTU. At all times mentioned and relevant in this action sued in his individual and official capacity under the color of the law for all claims participated involved in each incident in the pattern of abuse and excessive force.

11. Defendant Dunkle is Lieutentant officer employed by PADOC at SCI Huntingdon on the DTU. At all times mentioned and relevant in this action sued in his individual and official capacity under the color of the

law for all claims participated involved in each incident in the pattern of abuse and excessive force. He is the Supervisor of all others said defendants and responsible for the operations of the DTU and safety/security of prisoners.

12. Defendant Maxwell is Lieutentant officer employed by PADOC at SCI Huntingdon. At all times mentioned and relevant in this action sued in his individual and official capacity under the color of the law for all claims participated involved in each incident in the pattern of abuse and excessive force. He is the Supervisor of all oters said defendants and responsible for the operations of the DTU and safety/security of prisoners. He oversees PREA investigations/ sexual abuse. His duties is involved in the security department of the facility. He knew of the violations but failed to remedy the on going issues of abuse after being notified on numerous of times prior to the incident verbally and written.

13. Defendant Kendrick is the Unit Manager employed by PADOC at SCI Huntingdon on the DTU. At all times mentioned and relevant in this action sued in his individual and official capacity under the color of the law for all claims participated involved in each incident in the pattern of abuse and excessive force. He is the Supervisor of all others said defendants and responsible for the operations of the DTU and safety/security of prisoners.He knew of the violations but failed to remedy the on going issues of abuse after being notified on numerous of times prior to the incident verbally and written.

14. Defendant Brumbaugh is the Deputy Superintendent of facility Managementemployed by PADOC at SCI Huntingdon on the DTU. At all times mentioned and relevant in this action sued in his individual and official capacity under the color of the law for all claims participated involved in each incident in the pattern of abuse and excessive force. He is the Supervisor of all others said defendants and responsible for the operations of the DTU and safety/security of prisoners.He knew of the

violations but failed to remedy the on going issues of abuse after being notified on numerous of times prior to the incident verbally and written.

15.    Defendant Walters is the Deputy Superintendent of Centralize Servicesemployed by PADOC at SCI Huntingdon on the DTU. At all times mentioned and relevant in this action sued in his individual and official capacity under the color of the law for all claims participated involved in each incident in the pattern of abuse and excessive force.   He is the Supervisor of all others said defendants and responsible for the operations of the DTU and safety/security of prisoners. He knew of the violations but failed to remedy the on going issues of abuse after being notified on numerous of times prior to the incident verbally and written.

# (THE RELEVANT FACTS RELATED IN THIS ACTION ARE ON THE NEXT PAGE)

# FACTS

16. Defendants Dunkle, Parkes, Merritts, Henry, Chilcote and Spory who all admitted they are and known as " white supremist " at SCI Huntingdon on the ( DTU ) Diversionary Treatment Unit, at all relevant times and dates had established and maintained an unwritten practice and a pattering of physically and sexually assaulting African American prisoners who the defendant's who believed and desired should be treated like " slaves ".

17. As a direct result of this practice defendant Maxwell, Brumbaugh, Kendrick and Walters Who are the above defendants supervisor has failed to properly train, investigate, monitor and discipline the defendants for their continuancve pattern of conduct prior to and after gaining knowledge of the wrong doing of defendants which has caused and continued to cause plaintiff injuries by defendants repeated racial aggressive motivated assaults.

18. On March 21, 2018 approx. 4: 00/5:00 pm plaintiff Zamichieli, an African American prisoner (of mixed race) was escorted from POC ( psychiatric observasion cell ) at SCI Huntingdon in medical to the ( DTU ) /DTU strip cage secure search area by all listed defendants while Zamichieli remained handcuffed behind the back with a velcro smock on.

19. At this time Dunkle, Henry, Parkes and all other defendants present, Dunkle made an offer/ bribe, offering to bring cell phones an drug into

7

the facility for plaintiff in exchange if plaintiff voluntarily agree to perform sexual acts on the defendants.

20. Zamichieli refused the defendants offer. then the defendants began to make sexual racial threatening aggressive comments towards plaintiff period.

21. Defendant Dunkle in the presence in all other defendants who agreed and cheered Dunkle on stated " because you are a Black cotton picking nigger; we as White supremist have the right tyo drug you up and fuck you up, beat your ass after we fuck you deep in your ass because all nigger are to be slaves, but today you will be our Black sex slave nigger boy."

22. Dunkle then removed his penis from his pants, masturbated it and lifted up Zamichieli's velcro smock and inserted his penis into Zamichieli's rectum causing extreme pain and discomfort while all other defendants held the plaintiff down while he remained handcuffed behind the back.

23. While still in the DTU strip cage where all defendants were present, Dunkle, Parks, Henry and others above shoved a soda bottle full of defendant's tobacco chew saliva inside of Zamichieli's rectum spilling on and inside the rectum, causing extreme pain and discomfort, bleeding andf slightly tearing anal tissue after completely removing the velcro smock off of Zamicheili while he remained handcuffed behind the back and held down by the defendants. (See: Exhibit # A and B)

24. Afterwards Dunkle stated " ... if you tell on us we will hurt you any

8

way we could or spray you when we get a chance. We want to rape and kill niggers cause we hate them you nigger!"

25. At all relevant times there was cameras angled in positioned angled on the wall slash ceiling inthe DTU strip cage search area that audio and visuallly record all strip seach processes and would have captured and preserved the above incident on camera footage.

26. On March 21, 2018 approx. 7:00/8:00pm plaintiff stated he is in pain, needed treatment, felt extremely depressed as a result of the abuse and he wished to go to POC to report the sexual abuse and preserve evidence.

27. Defendant Dunkle, Henry, Parkes and others refused to acknowledge Zamichieli's request to be taken to POC Because they new that he was going to report them for the assault.

28. Zamichieli then in attempt to get medical attention and report the abuse and preserve evidence to get off the unit, he rammed/ slammed his forehead very hard to the metal bars/doors in the DTU strip search area multiple times causing contusions and head concussions knocking himself unconscious or into a seizure as he fell to the floor unresponsive.

29. All defendants as ordered by Dunkle Peppered Sprayed Zamichieli with  a blast of a whole 2 liter can of OC pepper spray while Zamichieli was on the floor unconscious and unresponsive or actively having a seizure in retaliation for stating he will report the abuse. (See Exhibit # C)

30. It was told to plaintiff about a week later by defendant Chilcote and others involved who witnessed and partaken in the use unecessary force

told Zamichieli that Dunkle ordered to spray Plaintiff with the 2 liter can.

31. Zamichieli woke up to or regained conscious after being sprayed by trhe defendants. At no time prior to or after being sprayed was plaintiff combative, resistant nor did he knowingly fail to comply with any orders that may have been given by defendants while he was unconscious or in need of immediate medical attention.

32. The pepper spray used upon Zamichieli burned and irritated his eyes and full body, caused him multiple seizures threw out the night, pain, trouble breathing, temporary or permanently impaired vision. The defendants actions prevented and interfered with plaintiff's ability to report the sexual abuse and preserve evidence for seven days or so.

33. On March 27, 2018 defendant Maxwell was forwarded Zamichieli's written sick call slip from a medical nurse requesting treating and reporting that Dunkle, Parkes , Henry, Merritts, etal. sexually assaulted Zamichieli in specific detailed ways and made threats to continuously harm plaintiff if he told on their conduct. Zamichieli reported rectum pain and bleeding that he was never treated for after the abuse. (See. Exbibit "B")

34. Still 3/27/18 no sexual abuse evidence was preserved and defendant maxwell stated while interviewing plaintiff ( although I reviewed the camera footage that showed all the abuse occured I will not investigate or discipline my buddies because they are doing what I, Kendrick Brumbaugh and Walters trained them to do which is hate, beat and fuck you niggers by the way I will destroy all available all camera footage. "

35. On 3/27/18 defendant Maxwell stated " I'm given you advice and a direct order to cease snitching on my officers and stop filing grievances on them or else you will be subjected to attacks that will be more consistant and worse and I will not process, investigate or acknowledge any of your complaints including the recent sexual abuse that I had witnessed."

36. On 4/10/18 a grievance was process and rejected as a sexual abuse complaint against Dunkle, Parkes, Henry and other defendants involved in the 3/21/18 incident. Maxwell stated it was forwarded to him and security department from the grievance coordinator and he stated " I gave you a warning and a direct order to stop filing grievances or complaints against my officers and you have failed to follow my order, you will get what's coming to you real soon, I hope you can handle pepper spray nigger boy, white is always right and you niggers have no rights". Maxwell then looked at all defendants who were present during the interview gave them the head nod approval and told them " you know what to do." (See, Exhibit # A) (SEE Exhibit # J)

37. However to force an investigation to occur plaintiff ad to repeatedly contact central office of the department of corrections (DOC) who forwarded the complaints to western district/region staff to respond because SCI Huntingdon is considered western Pennsylvania (Exhibit # J)

38. Plaintiff submitted numerous of request to staff, grievances and letters to Maxwell, Brumbaugh, Kendrick and Walters stating " that the practices and pattern of excessive force has cause and continued to place

him at risk of further harm and I request protection away from those officers who you witness assaulting me they are not suppose to be around me until after the conclusion or outcome of the sexual abuse investigation pursuit to the DOC policy DC ADM 008 section (3)(F)(a)." Defendants however ignored and failed to respond in written format to my written complaints and disregarded the risk of possible future harm by verbally stating " Our practice will not change we hate niggers and will continue to allow you to suffer the consequences for being a nigger and filing grievances."

39. Pursuit to DC ADM 008 section (3)(F)(a) the specific defendant involved in the 3/21/18 incident are to be temporary seperated away from plaintiff until the outcome of the investigation to protect plaintiff from further harm and retaliation.

40. In fact all defendants involved in 3/21/18 incident still were on the DTU and continued to harass and retaliate plaintiff with farther assaults while the investigation was still going on.

41. On 4/19/18 Henry and Dunkle told Merritts to pepper spray plaintiff because Maxwell told them about the grievance plaintiff filed on 4/10/18 about the sexual abuse.

42. 4/19/18 approx. 4:20 - 4:40pm on the DTU cell GC 1007 as the casmera footage will reveal, all defendants again but specificly Dunkle and Henry told Merritts to spray Zamichieli because he continued to report them and plaintiff previously refuse to accept meals because of the

defendants threaten to drug him. Then Merritts told plaintiff to come to the door to be cuffed plaintiff complied put his hands behind his hands on the amperture and that is when Merritts pepper sprayed Zamichieli and stated " nigger that is for filing grievcances against me and my friends that are pending review by staff who notified me of your continued complaints!" ( See, Exhibit # D)

43.   The camera footage of the incident on the unit as preserved and reviewed by defendants supervisor and hearing examiner showed Merritts pulling out his pepper spray and spraying plaintiff. The camera did not show Zamichieli allegedly as accused of, assaulting or attempting to assault any defendant including Merritts nor did plaintiff refuse any orders. ( See, Exhibit # D)

44.   The pepper spray like before caused like before cause difficulty breathing, multiple seizure, pain impaired vision for at least 7 days .

45.   Zamichieli continued to grieve the continuous pattern of abuse and the risk it has continued to cause. All defendants was notified by DOC central office and other Huntingdon employees of plaintiff complaints, but still no one has protected him from farther on going abuse.

46.   From 7/20/18 to 8/17/18 Zamichieli grievances were pending final review and on 8/18/18 Henry, Parkes Merritts and Dunkle told plaintiff to withdraw all complaints and cease the appeal process or they will assault him in retaliation again and plaintiff replied " I can not do that because they are the only hope and resources I have for protection."

13

**47.** On August 19, 2018 approximate 4:05 - 4:55 pm at DTU cell GC 1010 as camera footage preserve will show Merritts and Parkes while all other were in the unit bubble watching from length told Zamichieli to come be cuffed and taken to POC and plaintiff complied and put his hand behind his back on aperture and that is when Merritts grab and pulled Zamichieli's hands very hard and repeatedly slammed the metal aperture, which is a weapon on Zamichieli hands very hard with force pushing his body weight and pressure and knee against the amperture stating " I bet you won't file any more grievances after I chop your hand off with this wicket you cotton picking nigger I know you regret the color of your skin and filing grievances!" (This was done in retaliation) *(See Exhibit # E)*

**48.** Afterwards Merritts stepped back pull his pepper spray out at Zamichieli, threaten, sprayed Zamichieli then left the aperture unsecured Parkes, approached and put a metal shield in front of his cell door, but at no time did plaintiff reach out the aperture to assault any one prior to or after the shield was placed on Zamichieli's door. The shield was with in Zamichieli's reach but he did not move or attempt to move it. Plaintiff was not combative assaultive or resistant nor did he refuse any orders at any time as falsely accused.

**49.** Merritts admitted in his misconduct report at exhibit # *F* that he shut the aperture on Zamichieli's hands and that Parkes was some how an involved officer.

**50.** As a direct result of the defendant's pattern/ practice retalitory, racial excessive force of a continuance unconstitutional course of conduct,

14

Zamichieli's right hand/knuckle was bruised swollen and bleeding. X-Ray report at exhibit # G to I , revealed a fractured bone in Zamichieli's right hand the report is dated 8-21-2018. Such fracture resulted in extreme pain and suffering and a cast/splint was put on Zamichieli's right hand and remained for several weeks.

51. Zamichieli was then prescribed Tylenol for pain 4x per day for several consecutive on going months. (See ; Exhibit # H and G )

52. Therefore all of the above material facts demonstrate a practice and pattern of abuse and cruel and unusual punishment and retaliation for on goings complaints filed against all of the same defendants on the same unit for all incidents of abuse against plaintiff because of the color of his skin and his right to file grievances. This was a wide spread practice that all defendants knew aboput and participated but did not cease farther abuse leading to plaintiff's numerous of substancial and numerous injuries. As a result of Maxwell, Brumbaugh and Walters failurew to train and monitor the SCI Huntindon DTU officer's for their physical and sexual behavior and history they allowed for a pattern and this conduct to persist and each example of excessive force resulted from the same pattern or practice involving all the same defendants on the same unit on multiple occassion. Such actions was so significant and similiar in nature as to indicate such a pattern of accepted conduct by defendants; therefore demonstrating a series of transactions and occurences of continuance course of retaliatory, racial abusive conduct.

15

# EXHAUSTION OF REMEDIES

53. Plaintiff Zamichieli has fully exhausted all of his available remedies pursuant to all PADOC policies. Filed grievances and appeals all to final review which were denied relief as he addressed all incidents of pattern of excessive force by all defendant's repeated physical and sexual assaults towards him in retaliation for his race and filing of grievances. Exhausted purusant to DC ADM 008 and DC ADM 001 and DC ADM 804 which the policies permits oral and written reports of abuse which plaintiff has made both.  (see: exhibit A-Z as attached supporting evidence of facts material claims and exhaustion as incorporated by reference)  *See, Exhibit #A through J*
*#A - C Refer to Abuse of 3/21/18  Exhibit #D Refer to 4/19/18 Abuse  Exhibit # D-J Refer to 8/19/18 Abuse*

# LEGAL CLAIMS

54. Paragraph 1 through 53 is realleged/restated and is incorporated by reference to and into this section of legal claims all material facts , evidence and paragraphs respectfully.

55. All listed Defendants violated Plaintiff Zamichieli's 8th amendment right of the U.S. Constitution by using a pattern, practice and series of excessive use of force against Plaintiff by repeatedly physically and or sexually assaulting him on multiple occasions by intentionally maliciously and sadistically with with out valid or justifiable reasons by pepper spraying him, roughing slamming and pinning him to the wall and placing arms against his neck and holding him down while all other present defendants insert a penis into his rectum and shoved soda bottle inside of his rectum while Zamichieli remained and was already handcuffed behind the back and then repeatedly slamming the metal aperture on his hand causing extreme pain, discomfort, impaired vision, seizures, trouble breathing, and fracture of Zamichieli's right hand although at no time did plaintiff

16

refuse any orders, nor was he combative, resistant,or assaultive as all defendants was present, particapated, and had knowledge of the risk of attacks prior to and after each attacks but failed to protect from all harm.

56. All listed Defendants violated Plaintiff Plaintiff Zamichieli's 8th amendment right of the U.S. Constitution by sexually assaulting him by roughing slamming and pinning him to the wall and placing arms against his neck and holding him down while all other present defendants insert a penis into his rectum and shoved soda bottle inside of his rectum while Zamichieli remained and was already handcuffed behind the back although at no time did plaintiff refuse any orders, nor was he combative, resistant,or assaultive as all defendants was present, particapated, and had knowledge of the risk of attacks prior to and after each attacks but failed to protect from all harm.

57. All listed Defendants violated Plaintiff Plaintiff Zamichieli's 1st amendment right of the U.S. Constitution by retaliating against him in the form of repeatedly physically and sexually assaulting him with pepper spray and slamming the metal aperure on his right hand causing extreme pain, trouble breathing ,impaired vision, seizures etc. because(1) plaintiff's race, color of his skin and (2) of Zamichieli's repeated continously filing of grievances against all defendant for shoving penis and bottles in his rectum and previous attacks as defendants made comments prior to and after the attacks such as "stop filing grievances on (us) or you will be subjected to more attacks, worst and consistant." and "nigger that's for filing grievances against me and my friends who was notified by other staff about your repeated complaints." and "i bet you file anymore grievances after i chop your hand off with this aperture."


# REQUEST FOR RELIEF

58. Plaintiff requests $55,000 (fifty-five thousand dollars) compensatory damages from each and every defendant for all claims jointly and

severally.

59. Plaintiff requests $75,000 (~~fifty~~ *Seventy Five* thousand dollars) punitive damages from each and every defendant for all claims jointly and severally.

60. Plaintiff requests that the defendants pay all associated court costs, filing fees, informa pauperis, cost of litigation and $ 250,000 for attorney fees.

61. Plaintiff requests a trial by jury and any all other equipable relief the court may grant that defendants violated plaintiff's rights secured by const.

# VERIFICATION

62. I, Plaintiff; Lamont Zamichieli verify and sworn under oath that each and every statement and facts and all paragraphs within this "Second Amended Complaint" and exhibits are correct and true to the best of my knowledge, information, belief and understanding. I also understands that that i verify under penalty of perjury pursuant to 28. u.s.c § 1746 and 18. pa. §§ 4904.

Signed: _____ prose' plaintiff at SCI- Phoenix

october 11, 2022        Lamont Zamichieli        inmate # LW- 2870

Civil#3:20-CV 00180-MEM-DB        Zamichieli v. J.B. Merritts etal

1200 mokychic Drive

Collegeville, PA 19426

18

Exhibit #A
(4 pages)

# GRIEVANCE REJECTION
SCI-Huntingdon
1100 Pike St.
Huntingdon, PA 16654-1112



C1007

This serves to acknowledge receipt of your grievance to this office. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System," I have reviewed all documents provided as part of the grievance. Upon consideration of the grievance, it is the decision of this office to reject your grievance due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| Inmate Name: | Lamont Zamichieli | Inmate Number: | LW2870 |
|---|---|---|---|
| Facility: | HUN | Unit Location: | GC-Unit |
| Grievance #: | 730775 | | |

| Decision: | | Rejection |
|---|---|---|
| X | Your grievance is being rejected for the reason(s) outlined below. | |

**Rationale:**

| | | |
|---|---|---|
| X | | 1. Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. |
| | X | a) DC ADM 008 Prison Rape Elimination Act (PREA) - allegations of a sexual nature against a staff member and/or inmate-on-inmate sexual contact. |
| | | b) DC ADM 801 Inmate Discipline/Misconduct Procedures |
| | | c) DC ADM 802 Administrative Custody Procedures |
| | | d) DC ADM 803 Inmate Mail and Incoming Publications, Section 3, E. |
| | | 2. The grievance was not submitted within 15 working days after the events upon which claims are based. |
| | | 3. Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. |
| | | 4. The grievance was not signed and/or dated with correct commitment name or number, contained UCC references, or was not presented in proper format. |
| | | 5. Grievance must be legible, understandable, and presented in a courteous manner. |
| | | 6. The grievance exceeded the two page limit. Description needs to be brief. |
| | | 7. Grievance does not indicate that you were personally affected by a DOC or facility action or policy. |
| | | 8. Grievances based upon different events must be presented separately. |
| | | 9. The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed in prior grievance _____ |
| | | 10. Group grievances or grievances filed on behalf of another inmate are prohibited. |
| | | 11. Grievance disputes previous grievances, appeal decisions, or staff members who rendered those decisions. |
| | | 12. You are currently on grievance restriction. You are limited to one grievance every 15 working days. Last grievance # _____, submitted on _____ |
| | | 13. You have not provided this office with the required documentation for proper review such as a DC153A Personal Property Inventory Sheet, Confiscated Items Receipt, Commissary/Outside Purchase Form, or documents outlined on the DC ADM 005 Notification of Deductions memo and/or the Notification of Amended Deductions memo. |
| | | 14. The publication appeal did not include a copy of the Notice of Incoming Publication Denial form (Attachment 3-B of DC ADM 803). |

**Response:**

Sexual abuse is taken seriously by the Department of Corrections. Any allegations of a sexual nature (abuse/harassment) against a staff member or inmate-on-inmate sexual contact must be investigated to make sure that inmates are safe in this facility. This grievance is being forwarded to the Security Department and the PREA Compliance Manager to start that investigation.

| Signature: | (signature) |
|---|---|
| Title: | Facility Grievance Coordinator |
| Date: | 4-10-18 |

cc:  DC-15
     File

**DC-ADM 804, Inmate Grievance System Procedures Manual**
Section 1 – Grievances & Initial Review
Issued: 1/26/2016
Effective: 2/16/2016

Attachment 1-C

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
730775
GRIEVANCE NUMBER

## OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Ms. Green | SCI-Huntingdon | 4/8/18 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE |
|---|---|
| Lamont Camichieli JFL LW2870 | |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| N/A     LW2870 | GC1007 DTU |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

*(margin notes: employees to be searched upon arrival in RHU/DTU. Relief: Breathalyzer of RHU/DTU employees. Free flat screen TV/Fast Relief: Transfer to another DOC facility. Relief: Release to general population 20 days! Relief: Doc some inmates use electricity light plug staples Relief $50,000 cash for the Risk of their life + negligence deliberate indifference)*

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking. ~~I told PRC, PRC~~ *(Unit manager, etc. is notified)*

Per DOC Policy Tobacco Products, smoke/smokeless tobacco etc, is Prohibited from use in designated areas of the Prison, not allowed in RHU/DTU! Policy to be followed by Inmates and employees PA DOC Policy. Theres tobacco Products being used in DTU/RHU by Both staff/Inmates who say they receive from officers in DTU/RHU directly or indirectly through Spit etc. This is a safety/security risk of ~~of~~ contraband, etc. My risk health is in danger through second hand smoke, tuberculosis, Hepatitis and other Bacterial infection contagious and disease on 3/31/18 around 4:00-5:00pm on DTU, I was violated sexually in striped cage of DTU with chew tobacco spit and 8 Bottles that contain spit, slavia filled by officers Henry/Parkes III... 8 Spit was spilled shoved in Butt during search strip, numerous of Days such as 3/31/18, 3 weeks Prior and up to this date these employees/officers 2-10 shift etc working DTU and RHU walks around in DTU/RHU escort inmates as myself and delivering mail, meal trays etc with spit chew tobacco snuff in their mouths, dripping from their mouth etc, walk around with Soda Bottles full of spit flavor from Saliva of Tobacco in their Pockets and coagines will carring on numerous of dates up to 4/4/18 DTU/RHU officers Pull bottle @ out of Pocket spit in it on spit in trash can they touch with gloves on bare hands then escort me or Pass out Meals with contaminated hands, touching items such as sickcalls requests etc they must give us upon request or I will be denied access to medical because of tobacco spit, on 4/4/18 I was escorted to group by officers who chew tobacco products on way to group room, I stepped in spit tobacco Pieces snuff by unknown officers who spit tobacco on ground near group room, it got ~~stop~~ stuck to Bottom of my shoe. Cameras will confirm.

B. List actions taken and staff you have contacted, before submitting this grievance. Both 1st and 2nd shift officers use tobacco Products. LT Dunkle, C/O Staver, C/O Henry, C/O Chilote, C/O Parkes III numerous of other unknown identity of officers who enters DTU from RHU to escort DTU serious Mental ill inmates to group/out of cell, I was Personally effected by this, I may have contracted TB or cancer disease from it, Plus on occassions, I spot ~~tobo~~ tobacco chew snuff leaking tobacco specks on spit saliva in my meal trays which occassions caused me to be denied equal rights and Not eat my life/health that other employees and inmates health are in danger because officers/employees is doto Doc Policy and DOC Code of Ethics. UM-Kendrocks knew & Dartran

Your grievance has been received and will be processed in accordance with DC-ADM 804.

| Signature of Facility Grievance Coordinator | Date: 4-10-18 |
|---|---|

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy


Exhibit #B
page

## DC-472K - Progress Note - Medical Narrative

**Facility:**
SCI HUNTINGDON

**Date:**
03/26/2018

**Time:**
21:51:17

**Narrative:**
Sick call slip received from inmate in which inmate reported that on 3/21 he had smacked head on his bunk and was then sexually assaulted by co's. Inmate did not have any complaints and was smiling when this nurse administered his nighttime medications. Sick call slip forwarded to Lt. Dunkle in which Lt. Dunkle told this writer that inmate had been in a camera cell days before 3/21. Lt. Dunkle to forward sick call slip to Lt. Maxwell.

### Save Log

| User Name | AuditDateAndTime |
|---|---|
| DEDEA, ALEXA, RN | 03/26/2018 21:56:20 |
| DEDEA, ALEXA, RN | 03/26/2018 21:51:40 |

**DC-472K - Progress Note - Medical Narrative**
DC-472K - Progress Note - Medical Narrative -- Narrative textbox for Medical

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By DEDEA, ALEXA, RN on 03/26/2018 21:56:20

1 of 1

## DC-472 - Progress Note Medical Provider

**Date/Time:**
03/30/2018 12:02

**Facility:**
SCI HUNTINGDON

**Subjective:**

Pt presents with requests for pain for his head. Pt states he wants a xray of the head and ct pf brain because he thinks there is something in there.Pt states he had a seizure but no LOC. He stated he hits his head on metal and floor but the staff reports that did not hit hea on these items but actually hit his hand and not the head. No vision changes. Pt notes that has poor memory. Pt reports that the CO encouraged pt commit suicide by banging head against the cell and items in the cell. Pt notes vision issues but these are not acute . Pt has no numbness or weakness Pt has seizures in the past and on keppra for several years

**Objective:**

NAD VS b/p 102/70 P 70 resp 18 regular  o2 98 % ra

skin pink without cyanosis pallor redness open area jaundice

NC/AT tm's shiny gray bilat PERRL EOMI throat pink without lesions uvula midline airway intact neck supple no swelling of the scalp

cardiac rrr

lungs vesicular without wrr

abdomen Pos bs nno organomegally no  pain topalp

Cn II through XII intact a and Q x3 recall three times pt is onl able to recall two of the three Pt able to recall family issues strength +5/5 gait intact DTR's +2/4

denies SI/HI at the tiem of the visit

**Assessment:**

seizure disorder R56.9 - Seizures, convulsions, other - [KHANUM, SHAISTA] - 2015-11-02G89.29 - Pain, chronic, other - [DOLL, CHRISTINA] - 2016-06-06R51 - Headache, unspec. - [RIDINGS, LORI] - 2017-03-15H57.9 - Eye disorder, unspec. - [GOMES, MICHAEL] - 2017-05-30

**Plan:**

ACETAMINOPHEN 500MG CAPLT (TYLENOL EX STR) [MEDICAL] -- [TAKE 1 TABLET(S) ORALLY FOUR TIMES DAILY AS NEEDED] - (3/8/2018 - 5/6/2018)

LEVETIRACETAM 1000MG TAB (KEPPRA) [MEDICAL] -- [TAKE 1 TABLET(S) ORALLY TWICE DAILY] - (2/6/2018 - 9/3/2018)

followup in five days on PA line for  recheck or sooner numbness weakness nvd headache seizure activity or other problems arise

**Other:**
NO ANSWER PROVIDED

### Save Log

| User Name | AuditDateAndTime |
|---|---|
| KING, KATHERINE, PA | 03/30/2018 12:16:11 |

---

## DC-472 - Progress Note Medical Provider
DC-472 - Progress Note - For Medical Provider use only

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By KING, KATHERINE, PA on 03/30/2018 12:16:11

1 of 1

Exhibit C
2B Documents

Initial # 728525

DC-804
Part 1    Pg 1 of 2.

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

Resubmit # 728525
Abuse Policy DC-ADM 001
excessive force .

FOR OFFICIAL USE

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| MS Green | SCI-Huntingdon | 3/30/18 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | Secretary's Office |
| Lamont Zamichieli # LW2870 | | Inmate Grievances & Appeals |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | JUN 14 2018 |
| NA | GC 1016 DTU. | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system. by officers!!.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members who you have contacted. Relief: Save cameras

Relief: have laughed I can't spell back in my cell, I want audio/visual recording + camera to prove everything said/done.
Relief: starting camera on DTU/RHU cell.
Relief: Transfer from this facility to another doc facility in west jersey.
Relief: 200,000 costs planned excessive force.
Relief: 2 Block swollen eyes, concussion!

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

Resubmit # 728525... on 3/21/18 between 7:00-8:00pm all involved officers/employees at SCI Huntingdon on DTU used planned malicious intentional excessive force for injuries. obtained LT. Dunkle ordered DTU/RHU officers to pepper spray O.C. MACE spray on me in strip cage at DTU while I was knocked unconscious/having seizure. Days later upon investigating, I was told by numerous officers inmate who witnessed and heard staff saying inmate Zamichieli repeatedly being his head on metal cages to self harm and knocked himself out at/again to be fighting out of health/bleeding. He was having seizure. I was told that officers involved was: SGT C/O Chilote, C/O Walker, C/O Stover, C/O Fochman, C/O Henry, C/O Parkes and few others. Force was planned according to recollection of others same day! He stated he wanted to harm me and will when he get chance to it. I solitard on him for sexual abuse/Bribery while escorting me Back from D.O.L medical obsession on 3/21/18 used excessive force discretion to pepper spray me while I was knocked unconscious/seizure from serious medical needs/disorders. on 3/21/18 between 6:57pm while on DTU GC1016 even cell, C/O Henry/C/O Parkes was working DTU and untrained towards guard dealt with mentally ill suicide punches... These officers saw me banging my head against metal Bunk Frame and suicide in cell but didn't report or help when I told them I was feeling suicidal and Needed to medication report sexual abuse... on 3/21/18 Ignored all medical/due process rights to inflict me more. Camera don't lie

B. List actions taken and staff you have contacted, before submitting this grievance.

Camera don't lie I requested to be saved all cameras. Force was used on me in strip cage when I was unconscious/medical seizure etc. I don't remember much, so I request cameras to be saved shown as evidence on 3/21/18 at 7:00-8:00pm... hand held camera/staircase camera etc. woke up being sprayed with O.C. spray after knock-out also unconscious/seizure from self injuries. Be back head banging to wall, door etc. I was no longer harm/threat to myself or others while unconscious/In Need of Medical treatment. Instead of directing me as Patient I was treated as a assault.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator                    Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

Recd: 18292525 04 13 05 06 (WK CANON) ZANICHELLI

Initial # 128525

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

Pg 2 of 2.

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| M.S Green | Huntingdon | 3/30/18 |

FROM: (INMATE NAME & NUMBER)
Lamont Zanichelli # LW2870

SIGNATURE OF INMATE:

WORK ASSIGNMENT: N/A

HOUSING ASSIGNMENT: GC1016 D.U.

INSTRUCTIONS:                    # 128525
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I Believe its Necessary for me to add all details in this one grievance be cause it All happened/occurred series of Pattern. First officers used excessive force on me then they told Nurse Ashley to Deny me adequate medical care for injuries of Black eyes, head injuries, Possible concussion etc on 3/21/18 incident It should all be on camera. No scenes should be missing. If scenes are missing Paperwork Records are fabricated then thats Staff employees using threats to intimidate that will substantiate my claims of abuse/sex abuse, excessive force, medical ... inmates... All parties... Acts DTU strip cage situation... I was knocked unconscious by LT. Dunkle ordered officers to spray OC pepper spray on me.. OSJ was told by Hartford inmates/inmates who witnessed and overheard officers maliciously plan to spray me and hide ... DTU. If... unconscious or seizure, how would inmate be able to respond to orders given by employees who know and see inmate is in need of medical attention??? Blast of a whole can... Dunkle + officers physically harmed me, I now suffer trouble breathing, blurry vision, eye issues, dizziness, nausea, chest pains, seizures, migraines etc from use of excessive force.. LT Dunkle

B. List actions taken and staff you have contacted, before submitting this grievance.
and DTU officers has policy to practice us is of excessive force on mentally ill inmates in DTU. I and others had witnessed officers maliciously use pepper spray inmates act then taken to Brag about it, gossip and make fun of it ...using it as a tool weapon to punish and harm inmates on purpose. I now live with Fear/constant worry PTSD of being harmed on purpose again if I ... not ... changed or if I have to be housed in DTU or at this facility of illegal policies. Want Proper ...

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator                    Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

# Final Appeal Decision
## Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

| Inmate Name: | Lamont Zamichieli | Inmate Number: | LW2870 |
|---|---|---|---|
| SCI Filed at: | Huntingdon | Current SCI: | Huntingdon |
| Grievance #: | 728525 | | |

**Publication (if applicable):**

**Decision:**
☒ Uphold Response (UR)
☐ Uphold Inmate (UI)
☐ Uphold in part/Deny in part

*It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

**Response:**        *Frivolous*

You claim in your grievance that on 3/21/18 staff used excessive force. You also claim that Lt. Dunkle tried to bribe you and extort you. An investigation was conducted regarding your allegations. The records reflects that your issues were adequately addressed. There is nothing new to add to the responses you already received. The record reflects that OC spray was used due to you harming yourself. You have failed to provide any evidence to substantiate your claims. Therefore, your requested relief is denied.

| Signature: | Dorina Varner *(signature)* |
|---|---|
| Title: | Chief Grievance Officer |
| Date: | 7/5/18 |

DLV
cc:    DC-15/Superintendent Kauffman
       Grievance Office



EXHIBIT
E

# INITIAL REVIEW RESPONSE
## SCI-Huntingdon
1100 Pike St.
Huntingdon, PA 16654-1112

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| Inmate Name: | ███████ | Inmate Number: | LW2870 |
|---|---|---|---|
| Facility: | Huntingdon | Unit Location: | ███████ |
| Grievance #: | 728525 | Grievance Date: | 3/30/18 |

| Decision: | ☐ Uphold Inmate | ☐ Uphold in Part/Deny in Part |
|---|---|---|
| | X Grievance Denied | |

*It is the decision of this grievance officer to uphold or deny the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:** Frivolous

I have received your grievance in which you allege that excessive force was used on you, Lt Dunkle tried to bribe and extort you, and staff has abused you to the point where you need camera coverage on you at all times.

I have investigated your grievance talked to staff, to include Lt Dunkle, and reviewed videos of the stated incidents. You have several different claims in this grievance and I will attempt to answer all of them.

You allege that on 3/21/18 that staff used excessive force on you. When you continuously refuse to follow orders of staff including Lt. Dunkle and you attempt to commit self-harm by banging your head on doors and the DTU processing unit, the staff have no other course of action except to use OC or other means to stop you from attempting to harm yourself. You make allegations that Lt Dunkle is doing this because he wanted to give you cell phones and drugs to set up other inmates with the contraband. This is a lie. I have talked to Lt. Dunkle and No such offer has ever been made or implied by him or any other staff. You claim you need to be on camera at all times when you are out of your cell. There is camera coverage all over the DTU. With the amount of camera coverage on the DTU, you can be observed on camera every time you exit your cell. There is no need to have a handheld camera on you every time you exit your cell. You question the fact that you are not getting medical needs or your mental needs addressed properly. Every time you have a problem or a concern, when you commit or attempt to create self-harm. Then medical department is notified and they will see you at your cell or pull you out to be checked. I have checked your ICAR and have noted numerous entries by Mr., Diehl and Mr. Parsons regarding making contact with you and checking on your wellbeing. If you would start following the institutional rules and regulations, and policies and procedures the DTU staff would never have any problem with you and you could work off your DC and be released to population.

For the above reasons this grievance and all relief sought is denied.

| Signature: | *C. Kulli Vac* |
|---|---|
| Title: | RHU/DTU UM |
| Date: | 4/25/18 |

cc: Superintendent
DC-15
File

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 - Grievances & Initial Review*
Issued: 12/1/2010
Effective: 12/8/2010



*Attachment 1-D*

DC-804
Part 1

Appeal # 728585 to Supt Kauffman

## COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS

| FOR OFFICIAL USE |
| --- |
| GRIEVANCE NUMBER |

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
| --- | --- | --- |
| Supt-Kauffman facility manager | SCI Huntingdon | 4/24/18 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: |
| --- | --- |
| Lamont Zaninell LW3870 | |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
| --- | --- |
| N/A | GC1009 DRu |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted. Relief: 200,000 & same camera foota

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

Appeal # 728585 to facility manager under Abuse Policy of Ann 001 all present to following feels as true!!! (1) 3/21/18 between 7:00-8:00 pm all officers/employees named in original first level grievance used excessive force maliciously into the cell while I was in need of medical attention unconscious/seizure epilepsy disorder to harm me. (2) camera footage of whole scene of incident is saved available for review and counts will need them saved. (3) SCI Huntingdon has a policy to spray pm un-Kendrick (4) Huntingdons Policy is to pepperspray inmates who is in seizure in need of storage unconscious, having seizure, heart pains etc who is in need of medical need for seizure inmate issues because employees fear to their own safety even when inmates are unconscious & responsive (5) as policy un Kendrick told me to be frank his officers to me and i couldnt refuse to follow orders since i was unconscious, unresponsive and or having seizure in need of medical attention (6) i didnt attempt to commit self harm or bang my head because I did bang my head to door wall and injected myself unconscious to trigger seizure attack and as employees failed to prevent it but pepperspray me while i was seizured unconscious seizure and unresponsive (7) these officers didnt follow orders because while i was being treated for seizure. The me officers i was involved unconscious unresponsive seizure (8) force was unnecessary as maliciously planned to harm me as Lt Dunkle threatened Conklin that they should take off to spray me or he will when Conklin is gun because i turned down he then as he wanted to bring in cell phone drugs home to set other inmates up, sodi Conk take attention off of himself and other employees who did but didnt get caught as other employees

**B.** List actions taken and staff you have contacted, before submitting this grievance. Your grievance has been received and will be processed in accordance with DC-ADM 804. was caught both be

| Signature of Facility Grievance Coordinator | Date |
| --- | --- |

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 1/26/2016
Effective: 2/16/2016

**Attachment 1-A**

Pg 2 of 2 Appeal to Sup. Kauffman

DC-141 PART II(C)
Rev. 9/2009 HEARING SUPPLEMENT
INMATE VERSION AND WITNESS STATEMENTS

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

Grievance # - 728525

| DC Number | Name | Facility | No. from PART I |
|---|---|---|---|
| LN0870 | Lamont Zamichieli Pg 2 of 2 | Huntingdon | Date 9/27/02 |

**INMATE'S VERSION** continuance of Pg 1 of 2 [illegible]

(9) [illegible] Kendricks can't say it's a lie or my claims are false [illegible] lies as he said. Because Kendricks wasn't at the [illegible] or Reviewed a Recording video visual audio of cameras while I was transported from DOC medical [illegible] on [illegible]. Kendricks can't say it's a lie. Was he there? NO!!! Of course employees will believe other employees and take up for them as a [illegible] [illegible] because I'm an inmate and not staff. Of course Lt. Dunkle and other employees involved will deny and say no such offer been made because they fear of losing their job. They should have thought about the consequences before the offer was made and malicious force was used on me. (10) I request audio and visual camera footage on me at all times to protect me from being assaulted by officers, also to prevent them from making illegal offers to me about drugs, phones, etc. Handheld audio visual camera will prevent officers from [illegible] me [illegible] illegal offers. (11) I did attempt self harm and officers didn't [illegible] [illegible] staff. [illegible] [illegible] [illegible] self harm [illegible] [illegible]. Then sprayed me to harm me while I was [illegible] unconscious seizure foam [illegible] from mouth in [illegible] [illegible] in [illegible] 7:00-8:00pm then maliciously denied me medical and access of [illegible] items DC [illegible] etc. are fabricated and was destroyed by employees [illegible] to hide [illegible] information recorded to try to totally falsify justify it. [illegible] [illegible] [illegible] Kendricks [illegible] [illegible] persons state that they can't find my [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] assaulted again with pepper spray on [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] these officers involved [illegible] [illegible] [illegible]. I request camera footage of all incidents of [illegible] malicious [illegible] [illegible] used force pepper spray on me, a [illegible] mental illness [illegible] while I was in immediate need of medical attention/[illegible] of the [illegible] unconscious seizure [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] on medication for [illegible] conditions, [illegible], seizure [illegible] [illegible] [illegible] chronic and also [illegible] [illegible] [illegible] [illegible] say [illegible] [illegible] I was [illegible] for snitching and wanting to [illegible] evidence [illegible] [illegible] [illegible] with evidence and cameras [illegible] [illegible] unnecessary use of force [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] officers maliciously [illegible] [illegible] [illegible] [illegible] [illegible] I was [illegible] unconscious seizure [illegible] witnesses

POLICY

**Facility Manager's Appeal Response**
**SCI-Huntingdon**
1100 Pike St.
Huntingdon, PA 16654-1112

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| Inmate Name: | Lamont Zamichieli | Inmate Number: | LW2870 |
|---|---|---|---|
| Facility | HUN | Init Location: | GC-Unit |
| Grievance #: | 728526   728525 | | |

| Decision: | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

**Response:**

In reviewing your grievance and appeal, I note that your concern with the use of OC was appropriately addressed by Mr. Kendrick. In your appeal, you repeat the claims presented in your initial grievance. You believe staff maliciously planned to harm you and that you were pepper sprayed for trying to report sexual abuse. In his response to your initial grievance, Mr. Kendrick explains why staff had to use OC on you. He notes your numerous mental health contacts to ensure your wellbeing. I find no evidence staff used OC inappropriately or that there was any malicious plan to harm you. I can only encourage you to refrain from the types of behaviors that result in the use of OC.

In closing, I can only reiterate that I uphold the response provided by the grievance officer. Your grievance is found to be without merit.

| Signature: | Kevin Kauffman | |
|---|---|---|
| Title: | Facility Manager | |
| Date: | 5-23-18 | |

cc:   DC-15
      File

BATE: 1860/568 14 30 05 15 COM LANDAL SARKLEDGEE-...

DC-804
Part 1

**# Appeal to FINAL Review # 728525 ✗**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| FOR OFFICIAL USE |
|---|
| GRIEVANCE NUMBER |

**OFFICIAL INMATE GRIEVANCE**                    # 728525

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| FINAL Review level | SCI-Huntingdon | 6/7/18 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| Lamont Zamichieli #LW2870 | | |
| WORK ASSIGNMENT: NA | HOUSING ASSIGNMENT: GC1010    DTU. | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system. (Malicous intentional use of force) Threatened Br sex abuse and urinary device cuff
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of any DOC, DOC, staff members you have contacted. My relief are as Requested my mental expenses compensation 9 lien / policy conve sa...

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

Appeal # 728525 to FINAL Review Presents The following facts below: Per 13.8.1, 6.3.1, and G.S.1 PA DOC Policies and the ADM-201, being as I'm a (SMI) Serious Mentally ill inmate Stability "D" roster individual I was to be given the Less used force to prevent me from self injury or while I was unconscious unresponsive seizure, in need of medical attention to and I under instruments Instruments of restraints and the G.S.1 Facility sec Security Section 33, Restraints. I was not to be pepper sprayed. I was to be restrained placed in cuffs and placed in a Restraint chain. To cause harm on individual for (SIB) self injurious behavior as quoted in the 13.8.1 and the G.3.1 DOC policies is a planned use of unnecessary force in which violates my due Process 14th amendment and 8th amendment cruel unusual punishment secured b, the U.S constitution also falls within guide Lines of ADA and Section 504 of RA prohibited discrimination based on Mental health qualified schizoaffective disorder disd, seizures epilepsy etc. To inflict injury on a (SMI) invidual Causing (SI)

B. List actions taken and staff you have contacted, before submitting this grievance.
self injuries Behaivor or Caused to injury already in past; is a matter of abuse as quoted in the ADM-201 DOC art policy. and an act of unlawful u of force as quoted in section 2 of the ADM-201 under A. 5 entries 5,6, and 7 Recommendations of follow up actions. In which the Policy rules and regulations in

Your grievance has been received and will be processed in accordance with DC-ADM 804. a bridge to fit

_____
Signature of Facility Grievance Coordinator                    Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

The Liking which viol The code of Ethics asa Under 8.1,01 and 31.

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 1/26/2016
Effective: 2/16/2016

**Attachment 1-A**

# GRIEVANCE REJECTION
## SCI-Huntingdon
1100 Pike St.
Huntingdon, PA 16654-1112





This serves to acknowledge receipt of your grievance to this office. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System," I have reviewed all documents provided as part of the grievance. Upon consideration of the grievance, it is the decision of this office to reject your grievance due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| Inmate Name: | Lamont Zamichieli | Inmate Number: | LW2870 |
|---|---|---|---|
| Facility: | HUN | Unit Location: | GC-Unit |
| Grievance #: | 728525 | | |

| Decision: | | Rejection |
|---|---|---|
| | X | *Your grievance is being rejected for the reason(s) outlined below.* |

| Rationale: | | |
|---|---|---|
| | | 1. Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. |
| | |     a) DC ADM 008 Prison Rape Elimination Act (PREA) - allegations of a sexual nature against a staff member and/or inmate-on-inmate sexual contact. |
| | |     b) DC ADM 801 Inmate Discipline/Misconduct Procedures |
| | |     c) DC ADM 802 Administrative Custody Procedures |
| | |     d) DC ADM 803 Inmate Mail and Incoming Publications, Section 3, E. |
| | | 2. The grievance was not submitted within 15 working days after the events upon which claims are based. |
| | | 3. Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. |
| | | 4. The grievance was not signed and/or dated with correct commitment name or number, contained UCC references, or was not presented in proper format. |
| | X | 5. **Grievance must be** legible, ***understandable***, and presented in a courteous manner. |
| | | 6. The grievance exceeded the two page limit. Description needs to be brief. |
| | | 7. Grievance does not indicate that you were personally affected by a DOC or facility action or policy. |
| | X | 8. Grievances based upon different events must be presented separately. |
| | | 9. The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed in prior grievance _____ |
| | | 10. Group grievances or grievances filed on behalf of another inmate are prohibited. |
| | | 11. Grievance disputes previous grievances, appeal decisions, or staff members who rendered those decisions. |
| | | 12. You are currently on grievance restriction. You are limited to one grievance every 15 working days. Last grievance # _____, submitted on _____. |
| | | 13. You have not provided this office with the required documentation for proper review such as a DC153A Personal Property Inventory Sheet, Confiscated Items Receipt, Commissary/Outside Purchase Form, or documents outlined on the DC ADM 005 Notification of Deductions memo and/or the Notification of Amended Deductions memo. |
| | | 14. The publication appeal did not include a copy of the Notice of Incoming Publication Denial form (Attachment 3-B of DC ADM 803). |

| Response: | |
|---|---|
| It is unclear from your grievance what your complaint is. You present issues with the DTU officers and with medical staff. If you can clarify your complaint, you may resubmit your grievance in accordance with DC ADM 804. | |

| Signature: | *Connie Dixon* |
|---|---|
| Title: | Facility Grievance Coordinator |
| Date: | 3-29-18 |

cc:   DC-15
      File

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

filed- DC ADM 001 abuse policy!

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| MS. Green | SCI Huntingdon | 3/27/18 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: |
|---|---|
| Lamont Zomichieli #Lw2870 | |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| n/a | GC1016 DTU |

INSTRUCTIONS: Pg 1 of 2 (Retaliation because of Previous Lawsuits Pending) relief: train nurse Ashley, she's resigning
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system. relief: to see head injury specialist Dr.
2. State your grievance in Block A in a brief and understandable manner. relief: Camera footage to be saved ASAP!
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of Congress
   staff members you have contacted. relief: 200,000 cash excessive force denied medical mental care

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two relief: Transfer
pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking. from Huntingdon
to another DOC facility!

on 3/21/18 between 7:00-8:00 pm all involved employees at SCI-Huntingdon on DTU RHU
used plain excessive force on me a seriously mentally ill inmate "D" Roster, stability and
I was denied/delayed medical/mental health care by medical employees. LT. Dunkle
ordered his DTU/RHU officers to pepper spray OC spray on me while I was knocked
unconscious and or having Seizure. I was told by various officers (inmates) days later that LT. Dunkle
order C/O Chilote, C/O walker, C/O Fochman, C/O stover and multiple other unknown officers to
used malicious force oc spray me because of symptoms of mental health disabilities which caused
serious medical needs. All employees showed deliberate indifference to my serious medical needs.
on 3/21/18 between 6:57 pm while in DTU camera cell GC1016, C/O Henry and C/O Parkes III was
officers not trained but working on DTU, I banged my head hardly against metel bed frame Bunk
@ window and door inside of cell and told these officers I needed to report sexual assault and
I felt suicidal. They made fun of me ignored me and told me to kill myself on this date moment
later Nurse Ashley and C/O spray came on DTU for pm pill lines. I smashed my head against door
Multiple times hard while they was at my door. I told them I'll continue to bang my head until
I knock myself out if they refuse to protect me from self harm. I took a period watched mostly
until I was taken to strip cage by C/O stover. I walked out of cell cuffed from back

B. List actions taken and staff you have contacted, before submitting this grievance. request save all camera footages.
I told PS Delihi, told Connie Green - was told to file grievance under ABUSE pursant to
DCADM 001 mental emotional physical psychological abuse. To date, I put in sickcall request
slip which was ignored plus while in GC1016 strapped cell status, I made verbal request for
medical and was denied/ignored militarily & told multiple nurses during Pill lines. I'm in medicate
for seizure epilepsy mghbd and seroquel tegretol. I now have migraines, confusion, Loss of Memory, dizzy, pain
staff isn't skilled trained to treat mental health abuse!! In neck symptoms of
possible concussion

Your grievance has been received and will be processed in accordance with DC-ADM 804.

| Signature of Facility Grievance Coordinator | Date: 3-29-18 |
|---|---|

Foaming
Bleeding
from mouth

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

DTU1007

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

| FOR OFFICIAL USE |
|---|
| 788525 |
| GRIEVANCE NUMBER |

Pg 1 or 2.   Resubmit # 728525

**OFFICIAL INMATE GRIEVANCE**   Abuse Policy or ADM 001 Excessive force

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| D. (area) | Sci Huntington | 3/30/18 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| Lamont Zaurkieli # LW2870 | | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |
| N/A | GC1016   GC1016  DTU | |

INSTRUCTIONS:
1. Refer to the DC-804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

Relief: all responses & Resource
Relief: Transfer from Huntingdon to another facility. Away off
Rel of: 200,000 per incident 1000 & 5,000 each
I appoint to See camera footage, officers names
Transfer of treatment for medical issues officers used excessive force on me

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" × 11" page). State all relief that you are seeking.

Resubmit # 728525   Please excuse my writing due to blurry vision, vision, missing glasses, plus Brain injuries and concussion symptoms. ON 3/21/18 around 7:00-8:00pm all involved officers/employees in corrections used excessive force planned force maliciously intentend on me after threats. They used excessive force on serious mentally ill inmate disability disconnected retaliated against me for lawsuits + asking to report sex abuse. Bribery which happened hours before. By LT. Dunkle and 2 other officers. I was then delayed denied access to essential care medical for injuries obtained. LT. Dunkle ordered DTU/RHU officers to pepper spray OC Mace on me while I was unconscious/seizure in DTU strip cage on date time/date. Days later upon investigating I asked various of officers/inmates who witness and wanted to report sex abuse. They say they heard officers say Zaurkieli reported chest pain, felt suicidal he banged his head on metal bunk window seizure due to foam/blood exiting his mouth. LT. Dunkle is responsible for telling C/O Chilote, C/O Walker C/O Stover, C/O Tockman, C/O Henry, C/O Panles and other employees to spray me with pepper spray while I was supposedly unconscious. It was planned force by employees as a result of threats by LT. Dunkle, Bribery sex abuse. Bringing in cell phone, drugs, foam to set others up for an uncle excuses best to DTU from medical obvious proc on 3/21/18. I now appeal to be housed in a proper cell prior swallowing

B. List actions taken and staff you have contacted, before submitting this grievance. until end of investigation for my protection from retaliation excessive force, planting contraband in cell to charge me, plus denial during this I exit phone, restriction any reason. I want a hand held audio visual camera on me/officers to prove what is being done /said by officers. On 3/21/18 between 6-57pm unit Lt. Disconnect cell GC1016 C/O Henry, C/O Panles saw me bang my head repeatedly to Door/Bunk but failed to report. Neglect deliberate negligence. Plus guilty conscious. I need to see camera in on investigation

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator         4.5.18
                                                    Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

Form DC-141 Part 1
Rev. 12/2017

# COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS

D 113601

☑ MISCONDUCT REPORT  ☐ OTHER  ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number LW0820 | Name Zamicheli | | Institution SCI-H | Incident Time 24 Hr. Base 2000 | Incident Date 3/21/18 | Date of Report 3/21/18 |
|---|---|---|---|---|---|---|
| Quarters GC 1016 | Place of Incident DTU - Secure Search Area | | | | | |

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### MISCONDUCT CHARGE OR OTHER ACTION

Class 1 #35 Refusing to Obey an order

### STAFF MEMBER'S VERSION

Sir on the above date and time this office gave inmate Zamicheli a direct order to stand up and follow the strip search orders, this order was refused. This officer gave several more orders for inmate Zamicheli to comply with the strip search, inmate Zamicheli refused all orders. This resulted in an unplanned use of force.

Delay in Report because of POC placement.

### IMMEDIATE ACTION TAKEN AND REASON
Investigated, no further inquiry. Not eligible for informal resolution due to resulting in unplanned use of force. Inmate to remain present status (L-5) until seen by hearing examiner. Inmate informed. I-C initiated

| PRE-HEARING CONFINEMENT | | |
|---|---|---|
| | IF YES | |
| ☐ YES ☑ NO | TIME presently confined | DATE |

FORMS GIVEN TO INMATE
☑ REQUEST FOR WITNESSES AND REPRESENTATION  ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| | Bill Cole | DATE 3-24-18  TIME 24 HOUR BASE 1151 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE 3-23-18 | TIME 0800 | ☑ CLASS 1  ☐ CLASS 2 | Cor. A. G. |

### Notice to Inmate

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE – DC-15          YELLOW – Inmate          PINK – Reporting Staff Member

*DC-ADM 801, Inmate Discipline Procedures Manual*
*Section 1 – Misconducts/Rule Violations*
Issued: 12/1/2017
Effective: 12/1/2017

*Attachment 1-B*

DTU 1016

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

DISCIPLINARY HEARING REPORT

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from PART I |
|-----------|------|-------------|--------------|--------------|-----------------|
| LW2870 | Zamichieli, Lamont | Huntingdon | 3/27/2018 | 1035 | D113601 |

| INMATE | ☐ Guilty | ☐ No Plea | Verdict | ☒ Guilty |
|--------|----------|-----------|---------|----------|
| PLEA | ☒ Not Guilty | ☐ Other | | ☐ Not Guilty |

## HEARING ACTION

CHARGES    35

## FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Inmate Zamichieli pleads not guilty to charge #35.

Inmate stated that he was being suicidal and was knocked out.

This HEX believes the written report of CO1 Spory, over Inmate Zamichieli's denial, about how Inmate Zamicieli did refuse direct orders to stand up and follow strip search orders. His actions resulted in a unplanned use of force. A preponderance of evidence exist to support charge #35.

Guilty #35 - 30 Days DC
        Consecutive

| | | |
|---|---|---|
| ☒ Yes ☐ No | The inmate has heard the decision and has been told the reason for it and what will happen. | Attachment 1-C |
| ☒ Yes ☐ No | The circumstances of the charge have been read and fully explained to the inmate. | SEE APPENDICES |
| ☒ Yes ☐ No | The opportunity to have the inmate's version reported as part of the record was given. | ☒ |
| ☒ Yes ☐ No | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE | Hearing Report and all appended information must be signed. Signature indicates finishe report with appendices. |
|---|---|
| **S. Ellenberger**<br>**Hearing Examiner** | |

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections |
|---|---|
| | **INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

*(left margin, written vertically)* The cold dirty cell forced to either sleep on top of my cold metal or dirty industry floor. In DTU cell denied proper health care again had to beg for 5-6 days!!!

| 1. To: (Name and Title of Officer)<br>Ms. Green  Grievance Coordin. | 2. Date: 3/27/18 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>Lamont Zemichieli # Liv 2870?<br>_____ NA<br>Inmate Signature | 4. Counselor's Name<br>C Banks |
| | 5. Unit Manager's Name<br>C. Kendricks |
| 6. Work Assignment<br>GR N/A | 7. Housing Assignment<br>GC 1011 DTU |

**DTU** (large stamp)

CC: All Parties

8. Subject: State your request completely but briefly. Give details. CC: Davis, Attorney, file central office c/o Banks III and Henry sexual abused me with chew tobacco spit bottle

Hello, how are you? Fine I hope! I'm writing you in regards of notifying you about grievance intentions. I will file grievance but as of now here's a request to notifying you of issues. On 3/21/18 between 7:00-8:00 pm multiple officers used planned excessive force Pepper spray OC Maced me while I was either knocked unconscious having seizure. They had Nurse Ashley denied me access to adequate care even after her seeing with her own eyes me suicidal smashing/banging my head repeatedly hardly to metal door blank. She didn't act in Professional manner. Camera is Proof. plus camera in cell DTU GC 1016. I told her that I needed to report Sexual abuse ask her to timely preserve evidence DNA but she ignored so I started banging my head which she still ignored. I had to take wicked gesture hostile to get attention. Lt. Dunkle c/o Banks III and c/o Henry, c/o Stover used excessive force and had Nurse Ashley deny me treatment inadequate. I was put back in camera cell on DTU in smock stripped cell wasn't evaulated for head injuries concussion nor she didn't call doctor for orders. I have blurry vision, migraines, memory issues, pain, dizzy which are all symptoms

9. Response: (This Section for Staff Response Only) signs of possibly concussion of some sort. I made verbal request for attention to nurses but they was denied ignored. I need to see Doctor ASAP. Inquiries!!! I contact Debra Hos RNS Medical me request slip for sickcall. Please ensure I am seen! Thanks! Assault me while unconscious and then denied treatment!!!

*(handwritten response):* Mr. Zemichieli - I have processed your grievance

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☒ | No. 728525 |
|---|---|---|

Staff Member Name _____ / _Connie Green_ Date 3.29.18
                        Print              Sign

Revised July 2000

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

Commonwealth of Pennsylvania
Department of Corrections

CI007

c/o Re: central office
court, Attorney.

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| | |
|---|---|
| 1. To: (Name and Title of Officer) Grievance Coord.<br>MS. Green | 2. Date: 4/9/18   4/9/18  4/9/18 |
| 3. By: (Print Inmate Name and Number)<br>Lamont Zomichieli #LW2870<br><br>_____ Inmate Signature | 4. Counselor's Name<br>C-Banks |
| | 5. Unit Manager's Name<br>Kendricks |
| 6. Work Assignment<br>NA | 7. Housing Assignment<br>GC1007 DTU |

Not Answered

8. Subject: State your request completely but briefly. Give details. when is deadline for below grievance to be answered??

who is assigned grievance officer to answer grievance # 729127, 728434, 728525??? I'm writing you once again to find out why isn't you responding to my request slips etc. — also other employees such as Ms. Cousins, Mr. Kendricks, Banks etc security Maxwell isn't responding to my request slips issues — its been well over 5 business days already its to DOC policy. If employees used planned excessive force on me on 3/21/18, I was sexually abused by employees on 3/21/18. JESSICA COUSINS who is not a licensed psychiatrist maliciously discontinued my mental health "scriquel" medication out of retaliation for my grievances lawsuits. She's trying to interfere with my ability to litigate civil action by tampering with my mental state of mind... I need — wanting meds back but she refuse to acknowledge it — she discontinued it on 3/18/18. Since then I been feeling very depressed, hopeless, suicidal — banging head to wall to get voices hallucinations out of my head. sight. JESSICA COUSINS-CHNP, and LT. Maxwell said they are doing this to take my D stability status to keep me in DTU long term on pure a restricted release despite of my mental physical deterioration.

9. Response: (This Section for Staff Response Only) being in DTU for 14 months now with 11 months DC status left to do. Disciplinary custody... according to DOC policy No "D" code should be held on DC status in DTU for over 365 days unless pending transfer or program...

729127 — Ms. Price, due 4-24-18
728434    "    due 4-19-18
728525 — Mr. Kendrick, due 4-26-18

what is my status, what is they doing with me? Being denied mental treatment out of cell in DTU!!! 3 weeks Now

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐  ple 728434 |
|---|---|
| | 728525 |
| | 729127 |

_____ Name _____ / Print _____ [signature] Sign _____ Date 4-10-18

| Form DC-135A | Commonwealth of Pennsylvania |
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

**DTU 1010** ~~Medical Dept~~

INSTRUCTIONS

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer) ~~Superintendent~~
~~ATTN: Fouth Hunter RD - CHCA~~

2. Date: 7/6/18

3. By: (Print Inmate Name and Number)
Lamont Zamichieli #LW2870

Inmate Signature

4. Counselor's Name
C. Banks

5. Unit Manager's Name
C. Kendrick

6. Work Assignment
N/A

7. Housing Assignment
G C1010 DTU        (G)

8. Subject: State your request completely but briefly. Give details.  CC: file courts & Harry central office
Please respond to this request slip!!!

Hello, IM writing you inregards of an issue I would like your help on. Please provide me with all relevant neccessary information... I repeatedly asked Nurses, RNS-Heaker, RNS-KOS and even to PA Gessel. ~~And~~ was told to contact you inregards of questions for you to look inside of my medical files you have access to. Thankyou very much!!! HAVE A BLESSED DAY!!!

(1.) On 4/3/18 PA Gessel ~~ordered~~ seen me for sickcall request and he order x-rays of my spine Back Neck, face and head... Days later x-rays was conducted and showed (reviewed abnormal conditions such as scolosis in spine neck Back... Also x-ray of face/head revealed swolleness Bruised Skull face tissue and possible fracture in face/skull. Correct? This was cause of incident medical attention needed on 3/31/18 head injury!

(2.) PA Gessel prescribed muscle relaxers above of diagnosed condition of head injuries. Whats the name of that medication??? Is it "Flexobenizal" or similar Brand?

9. Response: (This Section for Staff Response Only)

Mr. Zamichieli,
I have answered, any request I received. Not sure why the comment above?? On 4/3 you were ordered Motrin, on 4/11 You were ordered Robaxin.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |

Staff Member Name  M. Harker, RNS, M Harker RNS       Date  7-10-18
                        Print                    Sign

Revised July 2000

# GRIEVANCE REFERRAL
## *(Request to Bureau/Office)*
## Secretary's Office of Inmate Grievances & Appeals

Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

### Phone: (717) 728-2010

Enclosed is a grievance appeal received by the Secretary's Office of Inmate Grievances & Appeals for final review. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", this grievance is being forwarded to your office for review. Your assistance in reviewing the concern outlined in the grievance relative to your knowledge of the subject matter would be appreciated. Please consider whether or not staff at the respective facility operated appropriately in accordance with established Department of Corrections' policy, procedure, and professional protocol, then forward an opinion to our Office within twenty (20) working days from the date of this request. In the meantime, please feel free to contact me with any questions or concerns you may have.

| Bureau/Office: | | | To (Name of Staff Member): |
|---|---|---|---|
| | X | Bureau of Health Care Services | Kim Waidelich |
| | | Psychology/Psychiatry | |
| | | Food Services | |
| | | Office of Chief Counsel | |
| | | Special Investigations and Intelligence | |
| | | Bureau of Treatment Services | |
| | | Office of Policy, Grants, and Legislative Affairs | |
| | | Other (specify): | |

| | | | |
|---|---|---|---|
| **Inmate Name:** | Lamont Zamichielli | **Inmate Number:** | LW2870 |
| **SCI Filed at:** | Huntingdon | **Current SCI:** | Huntingdon |
| **Grievance #:** | 729127 | | |

**Specific Request:**

Mr. Zamichielli alleges that he received inadequate medical care from an incident related to his self-inflicting injury to his head by banging it on a Plexiglas window. He also alleges that OC was sprayed and his medical care was delayed. Please advise.

| **Signature:** | Dorina Varner *[signature]* |
|---|---|
| **Title:** | Chief Grievance Officer |
| **Date:** | 7/24/18 |

DLV  Enclosure(s)

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 — Appeals**
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 2-H*

# INITIAL REVIEW RESPONSE
## SCI-Huntingdon
1100 Pike St.
Huntingdon, PA 16654-1112

*DTU*

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| Inmate Name: | Zamichieli | Inmate Number: | LW2870 |
|---|---|---|---|
| Facility: | Huntingdon | Unit Location: | DTU |
| Grievance #: | 729127 | Grievance Date: | 4/3/18 |

| Decision: | ☐ Uphold Inmate Grievance Denied | ☐ Uphold in Part/Deny in Part |
|---|---|---|

*It is the decision of this grievance officer to uphold or deny the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:** **Frivolous**

I have received your grievance, dated 3/30/18 and numbered 729127. Two extensions were granted to reply to this grievance and were necessary due to the time it took to assess the situation.

In your grievance, you contend that you received inadequate medical care from an incident related to you self inflicting injury to your head by banging it on a plexiglass window. In addition, it is noted that SCIH staff utilized OC spray on that date due to your failure to comply with orders. On that date, Ashley Whitesel-Madru, LPN responded to the secure search area in the DTU and she proceeded to flush out both of your eyes. It is noted that this entire event was video recorded and has been reviewed by CHCA P. Price. A review of the videotape evidence and your medical record show no records of seizure activity, as you stated. I do, however, note that based on the injury that is visible on the video, additional actions may have been indicated. As a result of this incident, a complete review of your medical file has occurred and it is noted that you have been seen by SCIH Medical Department numerous times since this incident. Specifically, you were seen by K. King, PA-C on 3/30/18 but her assessment required no additional treatment other than what was already previously prescribed and a follow up on PA Line in five days. You were seen again on 4/3/18 by PA-C Gessel who did order xrays and PA Line in one week. The xrays were within normal limits. Contrary to your inference, your medical concerns were addressed.

Mr. Zamichieli, it is noted that multiple times, including several days prior to the incident in question, you also intentionally inflicted injury upon yourself by banging your head against other objects. As a corrections professional, I strongly encourage you to utilize the resources that are available to you including, medical, correctional and psychology staff. Additionally, it is noted that Certified Peer Specialists are available on all three shifts as a positive potential resource for you. I also note that you make vague PREA allegations in this grievance and you are referred to Lt. Maxwell if you wish to file a PREA complaint as a result of this incident.

In summary, I will uphold in part and deny in part your grievance with the recommendations outlined above. Your grievance is denied.

| Signature: | *Jeff Wolfe* |
|---|---|
| Title: | Deputy Supt./Centralized Services |
| Date: | 5/17/2018 |

cc:  Superintendent
     DC-15
     File

Initial
#729127

8/2

HW

DC-804
Part 1

DTU 1016

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| FOR OFFICIAL USE |
|---|
| 729127 |
| GRIEVANCE NUMBER |

## OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR<br>Ms Green | FACILITY:<br>SCI Huntingdon | DATE:<br>3/30/18 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER)<br>Lamont Zamichiel #LW0870 | SIGNATURE OF INMATE:<br>[signature] | |
| WORK ASSIGNMENT:<br>N/A | HOUSING ASSIGNMENT:<br>GC1016 DTU | |

Secretary's Office
Inmate Grievances & Appea[ls]
JUL 20 2018

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system. [illegible] Relief: CT scan of head [illegible]
2. State your grievance in Block A in a brief and understandable manner. Relief: Ashley [illegible] Relief: 25,000 cash. Relief cameras to be saved for evidence [illegible]
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted. Relief: Nurse Ashley suspended 45 Days no pay for [illegible] in abuse denying me medical care [illegible] handcuffs.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

Since Ms Green suggested I present issue separately in fact I will seperate from grievance # 728525. I wasn't taken to medical or infirmary to be montored for head injuries on 3/21/18. After officers used planned excessive force on me pepperspraying me etc after I knocked myself unconscious/had series of seizures on 3/21/18 8:00pm in DTU strip cage after series on head banging to Doors windows & metal Bunk/walls in DTU cell GC1016 and in strip cage where Nurse Ashley saw with her own eyes and had knowlege but infact didnt properly assess me medically was negligent delliberate indifference to my serious medical needs, psychological needs on purpose. on 3/21/18 [illegible] king saw me and supposedly said I had slight head concussion. Nurse Ashley denied/delayed me medical care as she had knowledge with her own eyes + officers that I was knocked unconcious/foaming Bleeding from mouth and eyes was Bruised injured seizures possible. She failed to intervene stop officers from tampering with preservence of evidence of sexual abuse clothing etc before they contaminated me and my clothes with pepper spray while I was unconcious/having seizure chest pain on 3/21/18 8:00pm. Nurse Ashley not trained deals with protocol of serious mental/medical needs psychological etc. After knocking myself unconcious or harming myself so bad to have seizure after told nurse Ashley I was suicidal plus wanted her to preserve evidence of sex abuse plus complaints of chest pain. She breached her Duty and didnt assess me [illegible] properly (she didnt check my vitals etc.) failed to monitor me for concussion protocol [illegible]

B. List actions taken and staff you have contacted, before submitting this grievance. or failed to contact doctor or off [illegible] medical personell for head injury obvious bump on my head size of golf ball, Bruised on 3/21/18. I was told by officers days later that its on camera of her blowing it on injuries of me head banging to den [illegible] in DOC medical ops on 3/19/18. on 3/21/18 she came to door of DTU with CO Sprong to administer meds, she saw with her own two eyes me suicidal Banging head hardly [illegible] instead of her properly assessing me on my injuries, she didnt make any medical calls to protect me from brain injury it left unattended I had multiple seizures that night plus cell flooded. I contacted [illegible] Price

Your grievance has been received and will be processed in accordance with DC-ADM 804.

[signature] 4.3.18

Signature of Facility Grievance Coordinator — Date

WHITE Facility Grievance Coordinator Copy  CANARY File Copy  PINK Action Return Copy
GOLDEN ROD Inmate Copy

# Facility Manager's Appeal Response
## SCI-Huntingdon
### 1100 Pike St.
### Huntingdon, PA 16654-1112

C110

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| Inmate Name: | Lamont Zamichieli | Inmate Number: | LW2870 |
|---|---|---|---|
| Facility: | HUN | Unit Location: | GC-Unit |
| Grievance #: | 729127 | | |

| Decision: | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

**Response:** Frivolous

In reviewing your grievance and appeal, I note that your concern with your health care was appropriately addressed by Deputy Walters. In your appeal, you state the initial grievance response admitted to prolonging your health care since the incident happened 3-21-18 and you were not given care until 3-30-18. You state you needed care on the date of the incident. In his response to your initial grievance, Deputy Walters explains LPN Whitesel-Madru saw you on 3-21-18 to flush your eyes after a use of OC. Before responding to this grievance, a complete review of your medical record was done after reviewing the video that showed your injury. It is true you were not seen until 3-30-18 by PA King who determined that no additional treatment was needed other than a five day follow up. On 4-3-18, PA Gessel ordered x-rays which showed normal results. Deputy Walters upheld your grievance in part because treatment was delayed. Your grievance was denied in part because the delay caused you no harm. In addition, you are well aware of the process to request sick call, and you could have signed up and been seen sooner than 3-30-18. I concur with Deputy Walters' response. Camera footage has been preserved, and your request for compensation is denied.

| Signature: | Kevin Kauffman |
|---|---|
| Title: | Facility Manager |
| Date: | 6-27-18 |

cc: DC-15
File

Exhibit D
8 pages

# Final Appeal Decision
## Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

| Inmate Name: | Lamont Zamichieli | | Inmate Number: | LW2870 |
|---|---|---|---|---|
| SCI Filed at: | Huntingdon | | Current SCI: | Huntingdon |
| Grievance #: | 733568 | | | |
| Publication (if applicable): | | | | |

| Decision: | ☒ Uphold Response (UR) |
|---|---|
| | ☐ Uphold Inmate (UI) |
| | ☐ Uphold in part/Deny in part |

It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

| Response: | | Frivolous |
|---|---|---|

You claim in your grievance that excessive force was used when staff sprayed OC on you. An investigation was conducted regarding your allegations. The record reflects that you attempted to grab a staff member and OC was used to prevent you from grabbing him. The record reflects that at no time was excessive force was used. You have failed to provide any evidence that policy was violated. Therefore, your requested relief is denied.

| Signature: | Dorina Varner _(signature)_ |
|---|---|
| Title: | Chief Grievance Officer |
| Date: | 8/7/18 |

DLV

cc:     DC-15/Superintendent Kauffman
        Grievance Office

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 – Appeals**
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 2-F*

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

Abuse Policy DC-ADM 001

FOR OFFICIAL USE
733568    HV
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Mr. Dean | Huntingdon SCI | 4/24/18 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| Lamont Zanchieli # LW9870 | | Secretary's Office / Inmate Grievances & Appeals |
| WORK ASSIGNMENT: N/A | HOUSING ASSIGNMENT: CC I009 DSU | JUL 2 0 2018 |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the Inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

According to Present to Policy Abuse DC-ADM 001 filed on 4/19/18 between 4:20-4:40 P
officer Merritts A used planned malicious excessive force on me intentionally by administering
Pepper Spray OC Spray on me in Cell GC DSU I007 when i was in Need of medical officer
due to missing Many meals and Not taking meds on Drinking water. I complained to the officer it is
i was having chest Pain trouble breathing, I have chronic health conditions heart conditions, Seizure
epilepsy disorder hypertension, hyperlipidemia Seizures and Symptoms of Serious medical needs Life life
... depression, schizoaffective disorder PTSD Mood anxiety ... Personality Disorder ...
... white meds ... my own choice ... conditions ... Officer Merritts Assaulted me
... between 4:20-4:40pm and the Officer fabricated a false statement to Lt when I was introduced on the facility
... to justify his wrongdoing misconduct # QDC-081493. I didnt throw meal tray or
... to get meal tray to ... the Said. I ... for camera footage to be Saved from the ...
... mentally ill ... SMT D Slabiley in the DTU. Served time with ... month being issued
... Pepper Spray by L ... fellow officers ot SCI-Huntingdon Inmates in Neon by Cells Corridor ...
... previously lessons ... Action filed ... counts multiple counts told me that my blood ...
... told C/O Merritts in Spraying me in A pepper Spray because of my grievances ...

**B.** List actions taken and staff you have contacted, before submitting this grievance.

... between C/O Merritts ... 4/19/18 ... nurse Practice
... Before Cell Searched ... I was ganged up on I Still being ...
... in my safety ... picture ... nurse hit me in cuff ... in my hands
... difficulty breathing in my chest Pain ... more ...

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_Connie Green_
Signature of Facility Grievance Coordinator

4-26-18
Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 1-A*

Ref: 1R2e36 16 b1 07 19 DA-PADBI DAeULIMLt:

# INITIAL REVIEW RESPONSE
## SCI-Huntingdon
### 1100 Pike St.
### Huntingdon, PA 16654-1112

DTU

109

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| Inmate Name: | Zamichieli | Inmate Number: | LW2870 |
|---|---|---|---|
| Facility: | Huntingdon | Unit Location: | G block |
| Grievance #: | 733568 | Grievance Date: | 4/24/18 |

| Decision: | ☐ **Uphold Inmate** | ☐ **Uphold in Part/Deny in Part** |
|---|---|---|
| | X **Grievance Denied** | |

*It is the decision of this grievance officer to uphold or deny the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

| Response: | Frivolous |
|---|---|

I have received your grievance in which you allege that Staff used excessive force on you by using OC on you. I researched your grievance, talked to several staff members, and reviewed the use of force that was prepared and submitted. You attempted to grab a staff members arm and OC was used on you to prevent this from happening. At no time was the use of force excessive or outside the guidelines set forth in policy and procedures. If you would follow policies and procedures, you could eliminate any possible uses of force.

For the above reasons this grievance and all relief sought is denied.

| Signature: | *[signature]* |
|---|---|
| Title: | RHU/DTU UM |
| Date: | 5/11/18 |

cc: Superintendent
    DC-15
    File

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 - Grievances & Initial Review*
Issued: 12/1/2010
Effective: 12/8/2010

*Attachment 1-D*

Docket: 1a52696 Fd 51 OC 15 (2b- LAMONT ZAMICHIELI)

# Facility Manager's Appeal Response
## SCI-Huntingdon
1100 Pike St.
Huntingdon, PA 16654-1112

C110

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| Inmate Name: | Lamont Zamichieli | Inmate Number: | LW2870 |
|---|---|---|---|
| Facility: | HUN | Unit Location: | GC-Unit |
| Grievance #: | 733568 | | |

| Decision: | ☒ Uphold Response (UR) | | ☐ Uphold in part/Deny in part |
|---|---|---|---|
| | ☐ Uphold Inmate (UI) | | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | Frivolous: |
|---|---|

In reviewing your grievance and appeal, I note that your concern with the use of OC was appropriately addressed by Mr. Kendrick. In your appeal, you explain your version of the events resulting in the use of OC. You argue the use of force policy was violated. In his response to your initial grievance, Mr. Kendrick explains he interviewed staff and reviewed the use of force report. He found the use of OC was appropriate and within policy guidelines. As a result of this incident, as you yourself note, you received a misconduct. Your request for $85,000 is denied.

In closing, I can only reiterate that I uphold the response provided by the grievance officer. Your grievance is found to be without merit.

| Signature: | Kevin Kauffman |
|---|---|
| Title: | Facility Manager |
| Date: | 6-27-18 |

cc:  DC-15
     File

*DC-ADM 804, Inmate Grievance System Procedures Manual*
**Section 2 – Appeals**
Issued:   12/1/2010
Effective: 12/8/2010

*Attachment 2-B*

ATTN: Appeal # 733568

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| FOR OFFICIAL USE |
| --- |
| GRIEVANCE NUMBER |

*(left margin, vertical):* to observe inmate's extra lash / well cut / observe #24 4/23/18 ensure C.O. wasn't / sprayed me C.O. #3 / force used to spray me

## OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR FINAL Review Central office | FACILITY: SCI Huntingdon | DATE: 7/14/18 |
| --- | --- | --- |
| FROM: (INMATE NAME & NUMBER) Lamont Zamichieli # LW2870 | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: N/A | HOUSING ASSIGNMENT: GC1009A | Relief: 385 Day of Crime cut |

*(right margin notes):* Relief: Remove comments / Relief: As requested in initial grievance 851000 / Also excessive force

INSTRUCTIONS: *(I request cameras of all dates/times to be secured)*
1. Refer to the DC-ADM 804 for procedures on the Inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of *result* staff members you have contacted. *I Now Has Permanent eye injuries, Loss'd Vision, Double*

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum of two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking. *health* *vision* *mig-raine headaches*

Appeal # 733568 to Final Review. Cameras speak for itself... I was assaulted By C/O Merritts II on 4/19/18 between (16:20-16:40) hours... He used Planned Malicious intentionly excessive force and pepper sprayed me while I was secured behind my Door Cell GC @ DTU 1007. Cameras will verify and Show I felt weak @ in chronic pain requiring medical attention Psychiatric care and he Maliciously used force and Then Wrote false misconduct to cover up the incident I did not @ assault or attempt to assault him or any officer in anyway. Se grabbed or attempted to grab him, or Threw tray or anything at him. I was given DC709 for secured food PASS Double Aperture and food restriction DC708 @ for inside of DTU, a Regular Cell No camera No secured food aperture... had a Regular duck Because (1) Clomeritts, LT. Dunkle and C/O Henry knew That They plotted planned to hurt me spray me out of Retaliation cell lie or me... They knew plus cameras verified that I wasn't a Threat to any officers Nor I didn't attempt to assault officer merritt

*(left margin, vertical):* He and C/O Henry first plotted planned Threatened to spray me intentionally. They lay cooley let force cell sprayed me C.O. II 4/19/18 & 4/23/18 ensure C.O. wasn't / I was housed

B. List actions taken and staff you have contacted, before submitting this grievance. Because if I didn't after I would have been in Double secured food Aperture cell for safety protocol. (2) Staff wanted to be deliberate indifferent as was cats to my safety psychy nutri aments health needs also physical needs after being assaulted by C/O merritts with pepper spray, the whole can on his waist. He used Malicious Excessive force on Mental Ill (SMI) inmate. The force was Malicious plus officer is still in Training stage.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator _____  Date _____

Relief: I request to be transferred to another facility in next 30days House on GP!

WHITE-Facility Grievance Coordinator Copy   CANARY-File Copy   PINK-Action Return Copy
GOLDEN ROD-Inmate Copy

*(right side notes):* of career. He violated DOC Policy, State and Federal Law didn't follow The DC-APH on use of force Policy or G.3. on G.S.I. Spraying Me for No Reason but as cats to retaliate for pest case

*(bottom center handwritten):* I Returned from POC mean D Placement on about 4/23/18 and housed in Cell GC1009... a cell without double Aperture/Camera as DC709 Restrictions was valid, correct? SO By me Being housed in a cell without Restriction 709 Aperture

*(left bottom):* Relief: Suspend C/O Merritts for 30days Plus pay till next I to give / since / apology

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 1/26/2016
Effective: 2/16/2016

Lack of decontamination after use of OC pepper...

**Attachment 1-A**

DTU                                    C 1009

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

DISCIPLINARY HEARING REPORT

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from PART I |
|---|---|---|---|---|---|
| LW2870 | Zamichieli, Lamont | Huntingdon | 4/24/2018 | 1035 | D081493 |

| INMATE | ☐ Guilty | ☐ No Plea | | ☒ Guilty |
|---|---|---|---|---|
| PLEA | ☒ Not Guilty | ☐ Other | **Verdict** | ☐ Not Guilty |

**HEARING ACTION**

CHARGES       1, 35

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

Inmate Zamichieli pleads not guilty to charges #1 and #35.

Inmate stated that he never reached out of the aperture in an attempt to assault staff. He said that he put his hands out behind his back because he wanted to be cuffed since he was feeling suicidal and having chest pains. Inmate wished camera to be viewed.

Hearing continued for video review. Waiver form signed.

This HEX reviewed the video regarding this. The video is inconclusive due to the position of the officer in front of the cell. However, the officer is seen stepping back and reacting to something after opening the food aperture. He is also seen removing his OC.

Hearing resumed on 4/26/18 at 0945 hours. Inmate Zamichieli refused to attend this hearing in accordance with DC ADM 801 per CO1 K. Kyle. The waiver form is signed.

This HEX believes the written report of CO1 Merritts, over Inmate Zamichieli's refusal to attend this hearing, about how Inmate Zamichieli did act as though he was going to hand his food tray out the aperture but instead he reached out of his food aperture and attempt to assault the officer. A preponderance of evidence exist to support charges #1 and #35.

Guilty   #1 - 30 Days DC
         #35 - 15 Days DC concurrent

Total - 30 Days DC
         Consecutive to Misconduct D081480

**In Absentia**

| | | |
|---|---|---|
| ☐ Yes   ☒ No | The inmate has heard the decision and has been told the reason for it and what will happen. | |
| ☒ Yes   ☐ No | The circumstances of the charge have been read and fully explained to the inmate. | |
| ☒ Yes   ☐ No | The opportunity to have the inmate's version reported as part of the record was given. | |
| ☐ Yes   ☒ No | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

Attachment 1-C

SEE APPENDICES
☒
Part 2D
Video Evidence

| NAME(S) OF HEARING EXAMINER/COMMITTEE | Hearing Report and all appended information must be signed.  Signature indicates finished report with appendices. |
|---|---|
| **S. Ellenberger**<br>**Hearing Examiner** | |

Cc: DC-15, Inmate Cited, Staff Member Reporting Misconduct, Deputy Superintendent

DC-709
# SECURITY LEVEL 5 HOUSING UNIT
## INMATE ACTIVITY RESTRICTION FORM

| Inmate Name | Inmate Number | Misconduct No. | Cell Assignment |
|---|---|---|---|
| ZAMZCHEEI | LW2870 | DC81493 | DTU-1007 |

### Behaviors – Check all that Apply

☐ Verbally Abusive
☐ Self Abusive Behaviors
☐ Destroys Property
☐ Throws Body Fluid
☐ Sexual Comments/Gestures

☐ Tampers w/cell door/*aperture*
☐ Threatens Self-Abuse
☐ Contraband/Weapons
☐ Feigning Medical Problems
☐ Medical/Mental Health Issues

☑ Assaultive Toward Staff
☐ Assaultive Toward Inmates
☐ Escape Attempt

### Approved Restrictions – Check all that Apply

☐ Exercise
☐ Shower
☐ Shave
☐ Cell Cleaning
☐ Spit Mask
☐ Water
☐ Container
☐ Commissary
☐ Bedding Materials

☐ Television
☑ Secure Food Pass
☐ Video*recording* of Movements
☐ Commissioned Officer present for movements
☐ Mini Law Library
☐ Radio

☐ Restraint Chair* (8 hour maximum/*RDS must be contacted after 4 consecutive hours*)
☐ Movement Restrictions -- Use of belt for exercise/showers/toilet
☑ Movement Restrictions -- Use of tether for exercise/showers/toilet
☐ Movement Restrictions -- Use of leg restraints for exercise/showers/toilet

☐ In Cell Restriction – Use of handcuffs, treatment belt, and/or leg irons (24 hour maximum unless approved by the Medical Department)
☐ *Intermediate Restraint System (24 hour maximum unless approved by Facility Manager/designee)*

Requested By: LT. DUNKIE          Date: 4-19-18    Time: 1434

Shift Commander Signature/Date: Powell Cobb 4/19/18   ☑ Approved    ☐ Disapproved

*Restraint Chair – Name of Medical Staff Member/Date:      ☐ Approved    ☐ Disapproved

*Restraint Chair – Name of Psychiatrist/PCRNP/Date:*      ☐ *Approved*    ☐ *Disapproved*

Restriction Removed By:          Date:          Time:

No restriction may exceed 7 days unless approved by the Facility Manager/designee.
Name/Title of approving authority: _____

Expiration date: _____

Comments: _____
_____
_____
_____

| cc: | Facility Manager | Shift Commander/Captains Office (original) | DC-14 |
|---|---|---|---|
| | DSFM | DSIS (if applicable) | DC-15 |
| | DSCS | Intelligence Captain | RHU Control Room |

# REVIEW AND AUTHORIZATION OF BEHAVIOR MODIFIED DIET

DC-708

| Inmate Name | Inmate Number | Cell Assignment | ☐ Initial | ☐ Extension |
|---|---|---|---|---|
| ZAM ECHELE | LW2870 | DTU-1007 | Start Date 4/19/2018 | Start Date |

REASON FOR ALTERED DIET: _INMATE REFUSED TO RETURN FEEDING TRAY THEN ATTEMPTED TO ASSAULT OFFICER THROUGH FEEDING APERTURE_

ORDERING OFFICIAL (Commissioned Officer in Charge):

_Lt Dunkle_

FACILITY MANAGER/DESIGNEE: REVIEW AND APPROVAL: _Buell Cox_

MEDICAL DIRECTOR/DESIGNEE REVIEW: _J. ESPINOSA RN_

IF INMATE HAS A MEDICAL CONDITION WHICH WARRANTS A SPECIAL DIET, CHECK HERE ☐
INDICATE THE TYPE OF SPECIAL DIET BELOW

If an inmate is placed on a Modified Diet, the authorizing Official will inform Food Service to prepare an approved modified meal. Modified meals may be served for a maximum of 21 meals, unless the Shift Commander requests and receives approval from the Facility Manager/designee for an extension.

☐ Extension approved by Facility Manager/designee. Expiration date: _____

Name/Title of approving authority if other than the Facility Manager:

_____

## LIST MEAL TIMES BELOW:

| | DAY 1 DATE: 4/20/18 | | DAY 2 DATE: 4-21-18 | | DAY 3 DATE: 4-22-18 | |
|---|---|---|---|---|---|---|
| BREAKFAST | 555 | | 0615 | | 0600 0600 | |
| LUNCH | 1010 | | 1034 | | 1019 1019 | |
| DINNER | 1551 | REF | 1600 | REF | 1604 | REF |

| | DAY 4 DATE: _____ | | DAY 5 DATE: _____ | | DAY 6 DATE: _____ | |
|---|---|---|---|---|---|---|
| BREAKFAST | | | | | | |
| LUNCH | | | | | | |
| DINNER | | | | | | |

| | DAY 7 DATE: _____ | | DAY 8 DATE: _____ | | | |
|---|---|---|---|---|---|---|
| BREAKFAST | | | | | | |
| LUNCH | | | | | | |
| DINNER | | | | | | |

SPECIAL DIET:

_____

_____

# WHEN COMPLETED, SEND COPIES AS INDICATED BELOW

cc:    Facility Manager    DSCS    L-5 Unit Control    DC-15
       DSFM    CHCA    Food Service Manager    DC-14
       DSIS (if applicable)    Major-of-the-Guard    Shift Commander    DC-17X
Revised 7/02

RE: [illegible handwritten/faded text at top right]

EXHIBIT E
2019  13 pages

### Final Appeal Decision
### Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Bureau of Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

| Inmate Name: | Lamont Zamichieli | Inmate Number: | LW2870 |
|---|---|---|---|
| SCI Filed at: | Huntingdon | Current SCI: | Huntingdon |
| Grievance #: | 764907 | | |
| Publication (if applicable): | | | |

| Decision: | ☒ Uphold Response (UR)<br>☐ Uphold Inmate (UI)<br>☐ Uphold in part/Deny in part |
|---|---|

*It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | Frivolous: |
|---|---|

You claim in your grievance that on 8/19/18 you requested to go to the POC and when you put your hands through the aperture, you alleged that CO Merritts repeatedly slammed the aperture on your hands, causing you injury. An investigation was conducted regarding your allegations. The record reflects that your investigation was forwarded to the Bureau of Investigations and Intelligence in accordance with DCM ADM 001. The record reflects that BII reviewed the investigation and found it to be satisfactory. The record reflects that your allegations were found to be unsubstantiated. You have failed to provide any evidence to substantiate your claims. Therefore, your requested relief is denied.

| Signature: | Dorina Varner *[signature]* |
|---|---|
| Title: | Chief Grievance Officer |
| Date: | 2/19/19 |

DLV

cc:  DC-15/Superintendent Kauffman
     Grievance Office

ABSENCY [illegible]
col

— Initial Grievance —

3/0

HU

**DC-804**
**Part 1**
A 1 of 2

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
754907
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| DC ADM001 ABISe | SCI-Huntingdon | 8-24-18 |

Secretary's Office
Inmate Grievances & Appe[illegible]
JAN 2 3 2019

FROM: (INMATE NAME & NUMBER)
Lamont Zamichieli LW2870
SIGNATURE OF INMATE:

WORK ASSIGNMENT:
NA  LW2870

HOUSING ASSIGNMENT:
GC1015 DTU

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

ON 8/19/18 4:05-7:45 pm (1605-1645 hours) I was assaulted/abused By Officer Merritts II on the DTU 9th my cell # GC1010. I ask for camera footage to be saved for courts civil Review, Medical [illegible] C/O J.B. Merritts slammed the wicket metal steel aperture on my hands repeatedly out of malicious retaliation to cause bodily and unnecessary pain. This is assault + Battery violating State Law and EXCESSIVE use of force violation of 8th amendment cruel unusual punishment. A X-Ray of my right hand/wrist revealed fractures which was diagnosed on 8/21/18 3:21 by paremic Gessl. I now have a cast/splint of about 13 inches in length on my Right hand/wrist and I'm currently prescribed pain medication tylenol 4. I am in Day to excruciating pain/injuries that's clearly visable with [illegible] physical injuries/evidence. The Doctor said I'll be in cast/splint 4 month [illegible] for 6-8 weeks to heal then it'll require surgery (I request $300,000 compensate [illegible]

B. List actions taken and staff you have contacted, before submitting this grievance. Plus hospital medical cost $350,000 [illegible] block officer Lt Franks who witnessed it I told Lt Snyder [illegible] in medical XRAY room on handheld videorecording camera on 8/20/18 10-11AM? I told counselor C Banks, unit manager cpt House PRC Walters [illegible] (Failure to protect) I told counselor D[illegible] Gessl All told me security report was filed and they notified OSII [illegible]

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator: Connie [illegible]
Date: 8-29-18

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 1/26/2016
Effective: 2/16/2016

Attachment 1-A

Recd: 12/24/2018 04:22:25:43 for LAMONT ZAMICHELI

DC-804   PG2    Initial grievance -
Part 1              COMMONWEALTH OF PENNSYLVANIA
                    DEPARTMENT OF CORRECTIONS

FOR OFFICIAL USE
754907
GRIEVANCE NUMBER

OFFICIAL INMATE GRIEVANCE   he called me a "cotton picker" this is racist remark

| TO: FACILITY GRIEVANCE COORDINATOR PA DOC / DC ADM 001 | FACILITY: Huntingdon SCI | DATE: 8/24/18 |

FROM: (INMATE NAME & NUMBER) Lamont Zamicheli # LW2870    SIGNATURE OF INMATE:

| WORK ASSIGNMENT N/A    LW2870 | HOUSING ASSIGNMENT: GC1015 DTU |

INSTRUCTIONS: Relief - C/o Merritt fired
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner. Relief: $300,000 Cash
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted. Photos of Right hand taken as witness

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.
This is a abuse complaint filed pursuant to DC-ADM 001 and should Be thoroughly investigated ASAP. On 8/19/18 4:05-4:45 pm cameras on DTU GCPOD at cell # GC1015 by this officer Direct of C/o Merritt assaulting me for the scond time in four months. On 8/19/18 this officer repeatedly purposely to cause harm, slammed the door aperture on my right and left hand...

B. List actions taken and staff you have contacted, before submitting this grievance.
...

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator                     Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 1/26/2016
Effective: 2/16/2016

Attachment 1-A

R∉: 1824393 09 23 25 43 (SE [ΛXΙΧ] 「ΛΧΙCΗΙΕΙ」



# INITIAL REVIEW RESPONSE
## SCI-Huntingdon
### 1100 Pike Street
### Huntingdon, PA 16654-1112

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows

| Inmate Name: | Zamichieli, Lamont | Inmate Number: | LW2870 |
|---|---|---|---|
| Facility: | SCI Huntingdon | Unit Location: | DTU |
| Grievance #: | 754907 | Grievance Date: | 8/24/201 |

**Publication (if applicable):**

**Decision:**
- [ ] Uphold Inmate
- [X] Grievance Denied
- [ ] Uphold in part/Denied in part

*It is the decision of this grievance officer to uphold, deny or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response** Frivolous

I have received and reviewed your Grievance #754907. You alleged that on August 19, 2018, after requesting to go to POC and placing your hands through the aperture to be restrained, COI Merritts repeatedly slammed the aperture on your hands, causing injury.

Regarding your allegation, after review of reports and investigating this matter, the findings of my investigation are:

In accordance with DCADM001, a thorough investigation was conducted into abuse allegations made by you. The investigation is concluded; a copy of my report was sent to the Bureau of Investigations and Intelligence and Superintendent Kauffman and the findings were found to be satisfactory. The findings of this investigation conclude the allegations made by you are unsubstantiated and the relief you sought has no basis.

Your Grievance is denied.

| Signature: | *C. Yarka* |
|---|---|
| Title: | Security Lieutenant |
| Date: | November 26, 2018 |

cc: Facility Grievance Coordinator
DC-15
File

***DC-ADM 804, Inmate Grievance System Procedures Manual***
***Section 1 – Grievances & Initial Review***                    *Attachment 1-D*
Issued: 1/26/2016
Effective: 2/16/2016

*Facility Manager Appeal*

DC-804
Part 1   *Index Appeal to facility manager*

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
Grievance # 754907

| FOR OFFICIAL USE |
|---|
| GRIEVANCE NUMBER |

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Kevin Kauffman facility manager | Sci Huntingdon | 11/28/18 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: |
|---|---|
| LaMont Zuchilelli #LW2870 | |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| NA   LW2870 | GC1014 DTU |

INSTRUCTIONS:   pg 1 of 2.
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system. *Also see misconduct report written on 8/19 cell merrills admit to claim Apenture on my cell + it was secure behind cell door.* Request $300,000 and I save camera footage if requested
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of *I requested* staff members you have contacted. *see : caselaw → Talley v. King 2017 U.S. Dist. Lexis 75986 May 17, 2017 in defendants* Denied

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two *summary judg* pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I'm appealing grievance # 754907 to facility manager for Relief Requested in original and further Review. Denial of my grievance Relief was inappropriate as there is clear and convincing Direct evidence of abuse, Assault and Battery, Excessive force and violations of numerous of Federal laws such as Retaliation and ADA title II as well as section 504 of PRA. Also my PA DOC Policy and State laws was violated by officer J.B. McRaith on 8/19/18 approx 4:00-4:45 pm, its all on camera...as I requested Relief in original grievance to save camera footage to count down above as well as $300,000 compensatory Damages and separation transfer away from this facility Sci Huntingdon Even w/h Safety. Officer J.B. merrill's once worked on the DTU on this date above but no longer a position on DTU due to this incident. on 8/14/18 at Cell @ C1010. He maliciously Intentionally Slammed the thick metal steel feeding aperture on my hands... my Right hand was x-Rayed and Revealed fractured my hand was in splint cast for many weeks to treat and also to date continuing pain suffering and permanent hand impairment. That hinders my ability to write without pain (cramps stiffness etc. Its obviously that the force was excessive and unjustifiable to use the metal aperture as a weapon, (a weapon Not to be used by staff in Doc... Also the Showing of a fractured hand Broken Bone in my Right hand, clearly shows That there was excessive substantial amount of force as he slammed my hand in the weight of metal Material. This officer as well as his Supervisor ~~assi~~ capt House as well as his previous Supervisor C. kernedick are responsible for this officer who wasnt properly ~~train~~ trained to deal with Mentally Ill Inmates as he Retaliated Because of my grievances I have wrote on DOC employees and discriminates Because of my mental health disability because I notified him of my Depression, Suicidal

B. List actions taken and staff you have contacted, before submitting this grievance.
Thoughts / ideations which is symptoms associated with my Mental health qualified disability of Schizoeffective Disorder Depressive type etc...I told officer I wanted Safety from myself so I wont harm myself but He Showed deliberate indifference By saying "cotton picker you don't Frighten Me and, I'll Fuck you and your Suicidal ideation, the only way to go to Psc Suicide watch on my Shift is if I spray you, write a false misconduct on you or harm you in some way." These words Shows his malicious Racial intent and

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator

_____
Date

WHITE Facility Grievance Coordinator Copy   · CANARY File Copy   PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 1/26/2016
Effective: 2/16/2016

**Attachment 1-A**

Rec: 1282539 tt 25 of 43 ton: LAMONT ZANICHIELL

*Facility manger Appeal*

DC-804
Part 1    Pg 2 of 2

FOR OFFICIAL USE

GRIEVANCE NUMBER

OFFICIAL INMATE GRIEVANCE   Grievance # 754907

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Kevin Kauffman feccilitymmager | SCI Huntingdon | 11/28/18 |

FROM: (INMATE NAME & NUMBER)    SIGNATURE OF INMATE:
Lamont Zanichieli # Lw2870

WORK ASSIGNMENT:    HOUSING ASSIGNMENT:
NA                  GC1014 DTU

INSTRUCTIONS!  Pg 2 of 2   Relief: Save Camera footage from in cell GC1015 of DTU from 8/21/18
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.  Approx 5:30pm to 8/20/18 to see
2. State your grievance in Block A in a brief and understandable manner.  On camera my hand in cast/splint Camera en red.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.  See DC457 for Photos proving injury. Plus medical x ray result on 8/21/18

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking

his motive to cause harm. J.B. Merritts has caused me permanent suffcent substantial
of injuries such as fracture hand pain suffering mental emotional psychological pain. Mental Anguish
P.T.S.D. from that to another officer will slam the metal weapon aperature on my
hands again. I have numerous of inmate witnesses and employes who reviewed the video
footage and clearly seen this officer and heard this officer intent to harm me. I also notified the
officer that I had suffcent amant of pills in my cell at the time and I was going to overdose on
the pills. I had taken 23 pills at the time and about 30 or 4 more was found on my table in my
cell GC1010 on 8/19/18 as I was removed from the cell. These pills was documented on the fabricated
misconduct report officer J.B. Merritts written up me as retaliation and to justify his malicious
use of excessive force on me. The only truth is in that misconduct report is that I had pills
my cell in closed pills. I had my cell window / vent covered and my light off, everything else
he alleged is false. I didn't assault him in attempt to assault him or anyone else. If he sai
harm that got slammed / broke inside the metal wicket obviously it was my hand which was on
my wicket to be handcuffed that he broke as he told him I wanted to be cuffed and he tol
me to put my hands out the get cuffed as he then shut in my cell and forcibly closed aperature wicket
hands. I obeyed his orders and he violated the Policy but opening my

B. List actions taken and staff you have contacted, before submitting this grievance.
which according to Policy DOJ/DIN handbook it counts as a denial a meal. What was the officers
motive when he opened my aperature obviously to assault me. This was his second time assault on
me. I don't have assault history. Check my criminal history before he wrote two felons
assault misconduct on me. Both times he assaulted me once on 4/16/18 Pepper spray. Now 8/19/18 with the metal Aperature!

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator    Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

# Facility Manager's Appeal Response
## SCI-Huntingdon
1100 Pike St.
Huntingdon, PA 16654-1112

C1011

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| Inmate Name: | Lamont Zamichieli | Inmate Number: | LW2870 |
|---|---|---|---|
| Facility: | SCI HUNTINGDON | Unit Location: | GC1011 |
| Grievance #: | 754907 | | |

| Decision: | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold inmate (UI) | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | | | *Frivolous* | |
|---|---|---|---|---|

I have reviewed your grievance and appeal. I note that Lt. Younker appropriately addressed your concern. In your appeal, you state you are appealing for the same reasons presented in your initial grievance, where you claim inappropriate force was used against you.

This reported incident has been thoroughly investigated per DC-ADM 001. The Security Office and SCI Huntingdon Administrative Staff as well as the Bureau of Investigations and Intelligence have reviewed this investigation with the determination that the investigation was completed satisfactorily. The finding of this investigation has determined that the allegations were found to be unsubstantiated.

I can only reiterate that I uphold the response provided by the grievance officer. Your grievance is found to be without merit.

| Signature: | Kevin Kauffman |
|---|---|
| Title: | Facility Manager |
| Date: | 1 8 19 |

cc: DC-15
File

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 – Appeals**
Issued: 12/1/2010
Effective: 12/8/2010

*Attachment 2-B*

DC-804
Part 1    Grievance # 754907

Appeal to Final Review

Appeal # 754907

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Final Review central office | SCI-Huntingdon | 1/16/19 |

FROM: (INMATE NAME & NUMBER)    SIGNATURE OF INMATE:
Lamont Zami chieli # LW8870

WORK ASSIGNMENT:    HOUSING ASSIGNMENT:
N/A    GC 1011 DTU

INSTRUCTIONS:    C/O Merritts used substantial amount of force that he Broke/fractured a Bone in my Right hand
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.    I fear for my safety grounds
2. State your grievance in Block A in a brief and understandable manner.    I seek 300,000 compensation Damages
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of    Pain
   staff members you have contacted. C/O Merritts fractured my Right hand on 8/19/18    suffer
   Immediate Separation TANISHA

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two
pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

Appealing Denial of grievance #754907 to Final Review and raise the following
Facts that on 8/19/18 officer J. B. Merritts who was working on DTU, violated
my Federal Rights of U.S constitution, State Law Assault/Battery, 8th amendment cruel and unusual
punishment excessive force. Retaliation under 1st amendment, and violation of ADA title I, II, V,
and section 504 of RA. As on the date above this officer maliciously slammed the metal
Door aperture on my hands to cause harm. Its all on camera as requested to be saved
on 8/19/18 4:00-4:45pm He was removed from working on DTU as a Result because of
his unlawful malicious behavior towards me. He also assaulted me and use excessive force
on 4/19/18 with Pepper spray for No Reason But to cause harm because of my pending Lawsuit
and grievances. Also on 9/13/18 he threatened to fracture my other hand, Someway he
and grievances. He fractured my Right hand on 8/19/18 By using a metal Weapon of force, slamming metal
Aperture on my hand because of my Lawsuit/grievances and my Race, also my Disability of
Mental health depression suicidal thoughts as I informed him I Need safety told him to
P. Dic .. He Refused to acknowledge and told me to go he Let me overdose on pills .. I
had taken 23 pills consumed to commit suicide. I was told that the DOC, SCI Huntingdon
has put on file An Institutional Separation/ADM separation Between officer Merritts
(Relief "300,000 compensatory Damages)

B. List actions taken and staff you have contacted, before submitting this grievance. and me because they know
he is a threat towards me. Also on 1/13/19 he worked on the DTU for about one hour
10:00-11:00AM, he's Not suppose to be around me... He attempted to open my cell wicket on
1/13/19 10:20-10:45AM to collect meal tray, I told him that Capt Haise, the unit Manager, and
C. Banks, Deputy Walters, LT. Franks, Connie Green, Kauffman etc I told me that he's
Not allowed to be Near me, come to my door, open my door/wicket or escort me on any D

Your grievance has been received and will be processed in accordance with DC-ADM 804.

---

Signature of Facility Grievance Coordinator    Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

I Recieve 300,000 compensatory
and seperation transfer away immediately..
See: camera footage saved, as I
Requested for review..
See: medical files and save cell file
files will substantiate my injuries.

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 1/28/2016
Effective: 2/16/2016

**Attachment 1-A**

DTU
I Need extra counseling
Psychological treatment..

On 8/19/18 4:00-4:45 PM on DTU GC 1010
cell at the time I was housed, its on camera
saved that C/O Merritts used excessive force
slammed my hand in wicket Aperture with
fractured my Right hand .. LT. Younker failed
Properly
Investigate as he said "Reviewing the
Interview, he will Be sure to cover the

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

Pg 2of 2

# 754907

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR: Final Review Central Office | FACILITY: SCI Huntingdon | DATE: 1/16/19 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Lamont Comichett LW2870 | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: N/A | HOUSING ASSIGNMENT: GC1011 DTU | on 4/9/18, on 8/19/18 wrote false misconducts |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

I, Lamont Comichett have had NO assault misconducts on my history untill the 2 times c/o Merritts assaulted me and lied on me to justify his use force as his punishment to me c/o J. B. Merritts have an assaultive history towards SMI inmates!!!

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

Inmate to/from programs, DTU groups, etc. Because his NOT suppose to be around me because he pose a serious risk to my safety but officer J.B. Merritts said "Fxxk Capt House, he's NOT my Boss... he listen to me, I dont listen to him." - he's a "House Nigger." Also officer J.B. Merritts came to my Door on 1/13/19 crews 10:55AM and tried to open my wicket aperture in cell DTU GC1011 for the nurse to administer my pain meds for my Right hand that c/o J.B. Merritts fractured on 8/19/18 and I still have constant pain, and poor hand function impairment Permanent. I had to Refuse my Medication because I fear him opening my wicket to slam my hand on the metal aperture again as he threaten he'll do again on 1/13/19 and 1/14/19. He doesn't adhere to his supervisors or follow their orders, I constantly notify Capt House, PRC and counselors about this but they don't care. Capt House, C. Wendi Kevin Kauffman, Connie Green, Ralph Seals, LT's C. Banks, Andrea Wakefield and multiple John Does/Jane Does are responsible for how c/o J.B. Merritts actions + reacts, assault behavior towards me. They still continue to fail to protect me from obvious harm. They knew the officers intent to harm me out of retaliation for lawsuits/grievances. But they dont care. C/os who assaulted me as well as John Wetzel, is responsible for being deliberately indifferent to my safety by allowing c/o J.B. Merritts to threaten provoke harass me continuously even after the...

B. List actions taken and staff you have contacted, before submitting this grievance. 1/16/19, I swore out a theft complaint (plans to take religion) that c/o J.B. Merritts used excessive force on me a SMI inmate violated my 8th amendment 9th amendment (1) officer J.B. Merritts used an illegal weapon on me, violation the metal open aperture causing severe serious permanent injury fracturing my Right hand. Painful pain in a cast/splint for many weeks and hindered my lawsuits/grievance process etc. for months...

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator                          Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

DCI Williams failed to accommodate my head injuries and governor Tom Wolf failed to communicate with responsible heads But to wit. I am fractured hand in pain with splint on it.

Force was excessive on 8/19/18, enough amount of force to fracture a Bone in my hand, as c/o Merritts called me a cotton picker Racist slur while slamming

The aperture on my hand. Then afterwards he stated "I bet you won't file anymore lawsuits"

SUP OFFICE                                          DTU

| Form DC-135A | Commonwealth of Pennsylvania |
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| 1. To: (Name and Title of Officer) | 2. Date: |
| GRIEVANCE Coordinator | 8/23/18 |
| 3. By: (Print Inmate Name and Number) | 4. Counselor's Name |
| Lamont Camichel #LW2870 | C. Cooke |
| (LW2870) | 5. Unit Manager's Name |
| Inmate Signature | Col/House |
| 6. Work Assignment | 7. Housing Assignment |
| N/A | SCI HU RPV |

8. Subject: State your request completely but briefly. Give details.

(1) Status of Final Review Responses to grievance # (738) 728434, 729930, 729127) I'm writing you to find out some basic information about my grievance appeals, etc here and Final Review Plan. I want to preserve my Abuse/Integration being investigated by OSII on 8/9/18 4:05-4:45pm (1605-1645 hours) in DTU GC pod at SCI Huntingdon (camera footage saved/reviewed and confirmed) substantiate my claim at 8C/no 800/0 Cell: N/o J.B. Merritt #I, slammed the tray slot metal food Aperture wicket on my hands/hands. He maliciously did it to cause harm, it was unnecessary use of physical force threats. He grabbed in full force + pressured and held the wicket pinched hand against it with my hands trapped, made verbal/ abuse RACIST Remarks/threats. See camera's on above/top three saw medical files Notes DC #457 see picture photos of Bruises swollen. Then on 8/20/18 X-Ray of Right hand taken... on 8/3/18 revealed 2 New fracture Bones in Right hand wrist. on 8/20/18 A cast put a @cast Shirt on my Right hand + Prescribe pain meds #4 level 4 mg gray for 5 hours. Doctor said will take 6-8 weeks rehab/to heal and

9. Response: (This Section for Staff Response Only) will require surgery afterwards. I filed grievance excessive force and Request non-pay relief etc...

728434 - referred to Bureau of Health Care on 6-15-18
729930 - referred to same on 7-6-18
729127 - referred to same on 7-24-18

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ | file 728434 |
| | | 729127 |
| | | 729930 |

Staff Member Name _____ / _Connie Green_ Date _8-30-18_
                              Print              Sign

Revised July 2000

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

KEVIN KAUFFMAN

Superintendent KAUFFMAN

Commonwealth of Pennsylvania
Department of Corrections

**INSTRUCTIONS**

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| 1. To: (Name and Title of Officer) | 2. Date: 10/15/18 |
|---|---|
| 3. By: (Print Inmate Name and Number) ~~Lamont Lamichael 1~~ 9270 _____ Inmate Signature | 4. Counselor's Name: C. BANKS |
| | 5. Unit Manager's Name: C.P. House          SCI Huntingdon |
| 6. Work Assignment: NA | 7. Housing Assignment: ~~GC1003~~          cc: cartsfile, 11Keruy, etc |

8. Subject: State your request completely but briefly. Give details. Incident happened on 8/19/18 at cell (GC1010 DTU)

Grievance #754907 (1.) Status of grievance dated 8/24/18... Investigation completed on 9sing?

Hello. Im writing you in regards of finding out status of grievance... I need to know if the investigation at Abuse excessive + use of force ~~came~~ Results came back or a response for the grievance submitted dated 8/24/18... The grievance number is ~~~~

Grievance # 754907, Need to know if a grievance response was made for grievance dated 8/24/18? The grievance was dated 8/24/18 but based on incident of Abuse + excessive force pursant to Policy DC-ADM C01 when on 8/19/18 4:00-4:45pm when c/o J.B Merritts II used excessive force maliciously to cause harm who no no force was needed or necessary. he assaulted me after threatened me. he slammed the feeding Aperture metell wicket on my hands with intent to harm me, my Right hand was X-Rayed and revealed a fracture due to pressure he used with all his strength to close wicket on my hand... my hand was splinted for my three weeks to heal. Is the investigation completed?

9. Response: (This Section for Staff Response Only)

1. 754907 Is being investigated as an allegation of Abuse. You will receive a response once the investigation is complete. ☺

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☒ | file 754907 |
|---|---|---|

STAFF MEMBER NAME _____          DATE 10.17.18
                          Print          Connie Dean (Signature)

**INMATE'S REQUEST TO STAFF MEMBER**

Commonwealth of Pennsylvania
Department of Corrections

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer) Records *SCI Huntingdon*
   INMate Records Dept

2. Date: 10/15/18. DTU

3. By: (Print Inmate Name and Number)
   ~~Ernest Sanchez LW2870~~
   ~~_____~~ LW 2870
   Inmate Signature

4. Counselor's Name: C. Banks

5. Unit Manager's Name: Cpt Hause

6. Work Assignment: N/A

7. Housing Assignment: SCI Hunt DTU# 1003

8. Subject: State your request completely but briefly. Give details. CC: Courts, Attorney, AllJournals
   Status of Grievance # 754907 ???

Hello, Im writing you inregards of some information about grievance # 754907, Grievance Based on Abuse excessive Use of force when on 9/19/18 4:00-4:450m on DC DTU at cell GC1010 officer J.B. Merritts II slammed The metal feeding Aperture wicket door on my hand on Purpose with intention to cause harm after he threatened me and told me only way to Go DOC suicide watch on his shift was if he spray me, hurt me or write me up false misconduct. He then immedickly slammed The wicket on my hand when No directorder to move hand was given No warning he could even immedickly caused harm without Thinking about how he should acte as a result my hand right hand was Fractured after Refractured and put in splint and it took multiple weeks to heal, pain suffering to date plus recent pain meds. Plus before leaving prison for court on 9/13/18, he threatened to Breck my one hand. Thank you very much! Have a blessed day.
(1.) Was a response for This grievance # 754907 Generated yet, whats The status?

9. Response: (This Section for Staff Response Only) When is a response due from staff? Is investigation completed yet or ongoing?
   Mr. Jamichael - I have already responded to your inquiry about this grievance.

To DC-14 CAR only ☐       ~~To DC-14 CAR and DC-15 IRS~~ ☐       file 754907

STAFF MEMBER NAME _____ Print _____ Signature _____ DATE 10.19.18

J.D. 1016.01 

| DC-141, Part 3<br>Program Review<br>Committee Action | **COMMONWEALTH OF PENNSYLVANIA**<br>**Department of Corrections** | | | |
|---|---|---|---|---|
| ☐ Misconduct Appeal | ☒ Periodic Review ☐ Other | | | |
| DC Number | Name | Facility | Date of Review | No. from DC-141, Part 1 |
| LW2870 | ZAMICHIELI | BEN | 9/19/18 | D081014 |

**Program Review Committee's Decision and Rationale:**

PRC conducted a periodic review with regards to Inmate Zamichieli who is currently in DC status with a DC Max date of 1/24/2020.

**PRC ACTION:** PRC review held with inmate as part of D-Roster Enhanced Mental Health Protocol.

Inmate Zamichieli was seen out of cell by PRC. PRC and inmate reviewed DTU OOC Programming participation for the prior week. Inmate attended 8 out of 9 hours of offered programming. PRC encouraged inmate to continue his programming attendance. Inmate Zamichieli is currently ATA to this facility for Court from SCI-HUN. He indicated that he went to Court on Monday and has another Court date for 10/01/18. He was advised that he would likely return to his home facility and then return for the next Court date. Inmate Zamichieli then went on to claim that he was physically abused by staff at SCI-HUN and that they broke his hand; therefore, he would like to remain at SCI-BEN. When asked if the alleged abuse was reported, he indicated that it was. He then stated that the same CO made additional threats to him when he was transferring out for Court. PRC will relay this information to our Security Office. Inmate Zamichieli had no additional questions or concerns for PRC.


**PSYCHOLOGY STAFF CONCURS: YES**

**NEXT REVIEW DATE: 1 week**

| Decision Relative to PRC Review | | |
|---|---|---|
| ☒ Continue ☐ Move to AC ☐ Release to GP ☐ Release Cell Restriction ☐ Continue Investigation | | |
| ☐ Release to Control GRP ☐ Release Medical ☐ Release Diag. Center ☐ Release Sent. Complete | | |

| Decision Relative to Hearing Examiner's Verdict | | |
|---|---|---|
| ☐ Reject ☐ Uphold ☐ Uphold-Modify ☐ Remand back ☐ Vacate-permit Recharge ☐ Dismiss | | |

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| Bradley Booher, DSCS; Scott Klinefelter, DSFM | | 9/19/18 |
| Jennifer Rossman, CCPM; Curtis Grice, Major | | 9/19/18 |
| Chad Miner, CAM; Stefan Stessney, UM | | 9/19/18 |

WHITE – DC-15          YELLOW – INMATE          PINK – STAFF MEMBER REPORTING MISCONDUCT
GOLDENROD - DSFM

*DC-ADM 802, Administrative Custody Procedures Manual*
*Section 4 – Release from Administrative Custody Status*          ***Attachment 4-A***
Issued: 11/24/2014     Effective: 12/29/2014

Exhibit F
4 pages

Form DC-141 Part 1
Rev. 12/2017

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

D 200943

☑ MISCONDUCT REPORT    ☐ OTHER    ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| 147270 | ZAMICHELI | SCIH | 16:44 | 8/19/18 | 8/19/18 |

| Quarters | Place of Incident |
|---|---|
| DTU-1010 | DTU-1010 |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | PARKES COI | | ✓ | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** (CLASS) CHARGE #1 ASSAULT, #15 THREATENING AN EMPLOYEE OR THEIR FAMILY WITH BODILY HARM, #22 POSSESSION OR USE OF A DANGEROUS OR CONTROLLED SUBSTANCE, #33 USING ABUSIVE OR OBSCENE OR INAPPROPRIATE LANGUAGE TO OR ABOUT AN EMPLOYEE, #35 REFUSING TO OBEY AN ORDER, #36 POSSESSION OF CONTRABAND (DRUGS WHICH ARE PRESCRIBED BUT WHICH THE INMATE IS NOT AUTHORIZED TO POSSESS, #38 DESTROYING, ALTERING, TAMPERING WITH OR DAMAGING PROPERTY

**STAFF MEMBER'S VERSION**

SIR on the above date and time, this officer was feeding in the DTU. This officer approached DTU-1010 housing inmate ZAMICHELI (LN2870). This officer advised ZAMICHELI to turn his light on if he wanted to receive his fruit at which time ZAMICHELI attempted to assault this officer by throwing his hands out towards this officer through the feeding aperture. This officer gained positive control of the inmates left and right wrists and attempted to pull them back into the cell. This officer was not able to gain compliance from the inmate at which time this officer closed the feeding aperture partially to keep the inmate from grabbing this officer. This officer ordered control. After ZAMICHELI was removed from DTU-1010 and placed into DTU square search area he stated to this officer "You have to let me out at some point to take me to the shower, thats when I'm gonna get you." This officer then went into DTU-1010 to pack ZAMICHELI's cell property and found prescription drugs that were semi-dissolved laying on the inmates desk. This officer also observed in DTU-1010 that the inmate had his back window covered with paper and toilet paper stuffed in the vent.    C.I.R. #026682

**IMMEDIATE ACTION TAKEN AND REASON** I investigated. No further inquiry indicated
Inmate informed of this report. Ineligible for Informal Resolution
due to nature of charge. Assoc/J continue.
Present Contact Status pending disp. M.O.C.

**PRE-HEARING CONFINEMENT**

| | IF YES | |
|---|---|---|
| ☐ YES | TIME | DATE |
| ☑ NO | | |

**FORMS GIVEN TO INMATE**
☒ REQUEST FOR WITNESSES AND REPRESENTATION    ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| | | DATE: 8-21-18   TIME: 24 HOUR BASE 1454 |
| McGRATH COI | Peters COI | |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | | C Myers |
| 8-21-18 | 0800 | ☒ CLASS 1    ☐ CLASS 2 | 1900 to Inmate due to |

**Notice to Inmate**

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE – DC-15      YELLOW – Inmate      PINK – Reporting Staff Member

**DC-ADM 801, Inmate Discipline Procedures Manual**
**Section 1 – Misconducts/Rule Violations**
Issued: 12/1/2017
Effective: 12/1/2017

*Attachment 1-B*

FORM DC-141    PART II B

DISCIPLINARY HEARING REPORT

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from PART I |
|-----------|------|-------------|--------------|--------------|-----------------|
| LW2870 | Zamichieli, Lamont | Huntingdon | 8/23/2018 | 1015 | D200943 |

| INMATE | ☒ Guilty | ☐ No Plea | | ☐ Guilty |
|--------|----------|-----------|---------|----------|
| PLEA | ☒ Not Guilty | ☐ Other | **Verdict** | ☐ Not Guilty |

**HEARING ACTION**

CHARGES    1, 15, 22, 33, 35, 36, 38

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

Inmate Zamichieli pleads guilty to charge #38 and not guilty to charges #1, #15, #22, #33, #35 and #36.

Inmate stated that the officer assaulted him. He said that all he did was put his hands out because he was suicidal and wanted to be cuffed up.

**Based on the report presented:**

Charge  #1 - DWOP
        #15 - DWOP
        #22 - DWOP
        #33 - DWOP
        #35 - DWOP
        #36 - DWOP
        #38 - DWOP

| | | |
|---|---|---|
| ☒ Yes ☐ No | The inmate has heard the decision and has been told the reason for it and what will happen. | Attachment 1-C |
| ☒ Yes ☐ No | The circumstances of the charge have been read and fully explained to the inmate. | SEE APPENDICES ☒ |
| ☒ Yes ☐ No | The opportunity to have the inmate's version reported as part of the record was given. | |
| ☒ Yes ☐ No | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | CIR 026682 |

| NAME(S) OF HEARING EXAMINER/COMMITTEE | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| **S. Ellenberger**<br>**Hearing Examiner** | |

Cc: DC-15, Inmate Cited, Staff Member Reporting Misconduct, Deputy Superintendent

Form DC-141 Part 1
Rev. 12/2017

# COMMONWEALTH OF PENNSYLVANIA
# DEPARTMENT OF CORRECTIONS

D 195119

☐ MISCONDUCT REPORT   ☐ OTHER   ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| | | | | | |

| Quarters | Place of Incident |
|---|---|
| | |

## OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## MISCONDUCT CHARGE OR OTHER ACTION

## STAFF MEMBER'S VERSION

## IMMEDIATE ACTION TAKEN AND REASON

| PRE-HEARING CONFINEMENT | | |
|---|---|---|
| | IF YES | |
| ☐ YES ☐ NO | TIME | DATE |

FORMS GIVEN TO INMATE
☐ REQUEST FOR WITNESSES AND REPRESENTATION   ☐ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY  SIGNATURE  AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE | TIME 24 HOUR BASE |
| | | | |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | ☐ CLASS 1   ☐ CLASS 2 | |

### Notice to Inmate

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE - DC-15          YELLOW – Inmate          PINK – Reporting Staff Member

FORM DC-141    PART II B

# COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS

DISCIPLINARY HEARING REPORT

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from PART I |
|---|---|---|---|---|---|
| LW2870 | Zamichieli, Lamont | Huntingdon | 8/28/2018 | 1115 | D195119 |

| INMATE PLEA | ☒ Guilty ☒ Not Guilty | ☐ No Plea ☐ Other | Verdict | ☒ Guilty ☐ Not Guilty |
|---|---|---|---|---|

## HEARING ACTION

**CHARGES**    1, 15, 22, 33, 35, 36, 38

## FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Inmate Zamichieli pleads guilty to charges #22, #36, and #38 and not guilty to charges #1, #15, #33, and #35.

Inmate stated that he was threatening to harm himself and he threw his hands out because he wanted to officer to cuff him. He said that security, Captain House, and PRC all told him that he never assaulted anyone. He said that he needed the camera to be viewed so this can help him with his lawsuit.

Hearing continued for video review. Waiver form signed.

This HEX reviewed the video regarding this incident. Inmate Zamichieli can be seen throwing his hands out of the wicket at the officer and the officer jumping back and attempting to secure the wicket. When the officer walks away, Inmate Zamichieli can be seen with his arms still out of the wicket.

Hearing resumed on 9/6/18 at 0945 hours. Inmate wished to maintain his original pleas.

This HEX believes the written report of CO1 Merretts, over Inmate Zamichieli's denial, about how Inmate Zamichieli did attempt to assault the officer when he threw his hands out of the aperture towards the officer. Inmate Zamichieli refused to put his hands back in the aperture causing the officer to close the aperture partially to prevent the inmate from grabbing the officer. Once removed and placed in the DTU shower, Inmate Zamichieli was abusive and inappropriate when he stated, "You have to get me out at some point to take me to the shower, that's when I'm gonna get you." A preponderance of evidence exist to support charges #1, #33 and #35. HEX accepts guilty pleas on charges #22, #36, and #38.

**Guilty**   #1 - 30 Days DC
#33 - 30 Days DC concurrent
#35 - 30 Days DC concurrent
#36 - Revoke Contraband
#38 - 15 Days DC concurrent

**Total** - 30 Days DC                    **Dismiss #15 and #22**
Revoke Contraband
Consecutive

| | | | |
|---|---|---|---|
| ☒ Yes | ☐ No | The inmate has heard the decision and has been told the reason for it and what will happen. | |
| ☒ Yes | ☐ No | The circumstances of the charge have been read and fully explained to the inmate. | |
| ☒ Yes | ☐ No | The opportunity to have the inmate's version reported as part of the record was given. | |
| ☒ Yes | ☐ No | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

Attachment 1-C

SEE APPENDICES
☒
Part 2D
Video Evidence
CIR 026682

| NAME(S) OF HEARING EXAMINER/COMMITTEE | Hearing Report and all appended information must be signed. Signature indicates finishe report with appendices. |
|---|---|
| **S. Ellenberger**<br>**Hearing Examiner** | *[signature]* |

Cc: DC-15, Inmate Cited, Staff Member Reporting Misconduct, Deputy Superintendent

*Exhibit #G*
*9 pages*
*Front only*

# Global Diagnostic Services, Inc.

2066 Eastside Drive, Bldg. C, Suite 200
Conyers, GA 30013
Phone: 770-602-0502
Fax: 770-761-9742

PATIENT NAME: ZAMICHIELI, LAMONT
DATE OF BIRTH: 07/11/1989
ID#: LW2870
DATE OF SERVICE: 20180820
REF. PHYSICIAN: RANDYL^GESSEL^^^

FACILITY: HUN

FACIAL BONES, THREE VIEWS:INDICATION: Contusion. Pain.FINDINGS: The bony structures are intact. There is soft tissue swelling. There isno fracture or dislocation.IMPRESSION: Soft tissue swelling with no fracture or dislocation. CT is moresensitive for detecting facial fractures.NASAL BONES, THREE VIEWS:INDICATION: Contusion. Pain.FINDINGS: There is irregularity of the nasal bones that appears chronic. There isno acute fracture or dislocation. Soft tissue swelling is noted.IMPRESSION: Soft tissue swelling with chronic appearing irregularity of the nasalbones. There is no evidence of acute fracture or dislocation.RIGHT HAND, THREE VIEWS:INDICATION: Contusion. Pain.FINDINGS: There is a fracture of the distal fifth metacarpal about 1.5 cm proximalto the metacarpophalangeal joint displaced 1-2 mm with mild palmar angulation.IMPRESSION: Fracture of the distal fifth metacarpal about 1.5 cm proximal to themetacarpophalangeal joint displaced 1-2 mm with mild palmar angulation.

James Zimmerman MD
Board Certified Radiologist

The above report was electronically reviewed and approved by James Zimmerman MD on 08/21/2018

## DC-472B - Progress Notes - Nursing

**Date/Time:**
08/20/2018 21:44

**Facility:**
SCI HUNTINGDON

**Subjective:**
none

**Objective:**
lying in bed, resting comfortably, eyes open. no complaints.

**Assessment:**
ineffective coping

**Plan:**
continue to monitor

**Other:**
*NO ANSWER PROVIDED*

**Add I/E/R:**
☑No

### Save Log

| User Name | AuditDateAndTime |
|---|---|
| GRAZIER, CHRISTINA, RN | 08/20/2018 21:46:19 |

**DC-472B - Progress Notes - Nursing**
Progress Note for Nursing use

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By GRAZIER, CHRISTINA, RN on 08/20/2018
21:46:19

## DC-472 - Progress Note Medical Provider

**Date/Time:**
08/23/2018 15:05

**Facility:**
SCI HUNTINGDON

**Type of Progress Note:**
☑ SOAP Note

**Subjective:**
SICK CALL. PATIENT IS REQUESTING TO HAVE HIS TYLENOL RENEWED, BUT PT WAS CHEEKING MEDS OR SELLING OR GIVING IT TO OTHER PATIENTS. PT DOES HAVE A FX RIGHT HAND AND DOES HAVE MIGRIANE HA, WHICH HE DOES NEED TYLENOL. I EXPLAINED TO PATIENT THAT HE WILL GET HIS TYLENOL, BUT IF TYLENOL IS CRUSHED FIRST.

### Objective
### Vitals

**Temp:**
NO ANSWER PROVIDED

**Blood Pressure:**
NO ANSWER PROVIDED

**Pulse:**
NO ANSWER PROVIDED

**Respirations:**
NO ANSWER PROVIDED

**O2 Sats:**
NO ANSWER PROVIDED

**Objective Comments:**
CAST IS INTACT ON PT'S RIGHT HAND. NAD.

### On-site Labs Results

**Select all On-site Labs that are being performed at the visit:**
NO ANSWER PROVIDED

**Assessment:**
MIGRAINE HA. FX OF RIGHT HAND.

### Plan

**Information:**
TYLENOL CRUSH AND THEN GIVE TO PT UP 4 X A DAY PRN PAIN. F/U PRN.

**Medications:**
☑ Renewed

**Select all that apply:**

---

**DC-472 - Progress Note Medical Provider**
DC-472 - Progress Note - For Medical Provider use only

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By BUCKLEY, BARBARA M, PA on 08/23/2018
15:08:28

*NO ANSWER PROVIDED*

## On-Site Lab to be Performed After the Visit on One Occasion

**Select Labs:**
*NO ANSWER PROVIDED*

**New Chronic Care Clinic Patient (Select all Chronic Clinics that apply):**
*NO ANSWER PROVIDED*

**Refer to (check all that apply):**
*NO ANSWER PROVIDED*

**Request Outside Medical Records:**
☑No

**Provider Line follow-up needed:**
☑No

**Additional Comments:**
*NO ANSWER PROVIDED*

### Save Log

| User Name | AuditDateAndTime |
|---|---|
| BUCKLEY, BARBARA M, PA | 08/23/2018 15:08:28 |

**DC-472 - Progress Note Medical Provider**
DC-472 - Progress Note - For Medical Provider use only

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By BUCKLEY, BARBARA M, PA on 08/23/2018 15:08:28

2 of 2

## DC-472 - Progress Note Medical Provider

**Date/Time:**
08/22/2018 08:20

**Facility:**
SCI HUNTINGDON

**Type of Progress Note:**
☑ Narrative

**Subjective:**

LATE ENTRY FOR 8/21/18:  PT PLACED IN ULNAR GUTTER SPLINT DUE TO FX OF 5TH MEDTACARPAL.  ORTHO COLLEGIATE PLACED.  NSG TO CHECK SPLINT AND VERIFY 2 ACE WRAPS, STOCKING NET AND ORTHOGLASS INTACT Q SHIFT PER SECURITY.

**Provider Line follow-up needed:**
☑ No

### Save Log

| User Name | AuditDateAndTime |
|---|---|
| GESSEL, RANDYL, PA | 08/22/2018 08:22:15 |

---

**DC-472 - Progress Note Medical Provider**
DC-472 - Progress Note - For Medical Provider use only

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By GESSEL, RANDYL, PA on 08/22/2018 08:22:15

1 of 1

## DC-472B - Progress Notes - Nursing

**Date/Time:**
08/22/2018 06:28

**Facility:**
SCI HUNTINGDON

**Subjective:**
none

**Objective:**
partial cast to right LUE clean dry and intact. one fingerbreadth between cast and skin. capillary refill <2 seconds.. Skin warm and dry.

**Assessment:**
risk for impaired skin integrity. self harm

**Plan:**
Will monitor

**Other:**
*NO ANSWER PROVIDED*

**Add I/E/R:**
☑No

### Save Log

| User Name | AuditDateAndTime |
|---|---|
|  | 08/22/2018 06:30:46 |
| KINKAID, THERESA, RN | |

---

**DC-472B - Progress Notes - Nursing**
Progress Note for Nursing use

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By KINKAID, THERESA, RN on 08/22/2018 06:30:46

1 of 1

Current Facility:
  SCI HUNTINGDON

    Person Involved:
    LAMONT ZAMICHIELI

    Male or Female:
    M

Date of Birth:
07/11/1989

Date and Time Reported to Medical Department:
08/19/2019

Date of Incident:
08/19/2019

Time of Incident:
17:10

Exact Location of Incident:
  DTU secure search area

Work Related Injury:
  ☑ No

Sport Related Injury:
  ☑ No

Property Involved:
  ☑ No

Equipment Involved:
  ☑ No

Was the person authorized to be at the location of the incident:
  ☑ Yes

Describe exactly what happened, why it happened and action(s) taken:
  Inmate reports his hand being shut in the wicket on the DTU

Describe all injuries to the body and include specific information regarding the part(s) of the body impacted:
  Small abrasion and swelling to right middle finger knuckle

Description of illness/injury:
  see above

NET/INursing Protocol Used:
  ☑ N/A

Treatment Rendered:
  Inmate refused treatment to knuckle, currently has Tylenol ordered as needed. Will administer

Follow-up:
  sick call as needed

Physician Notified:
  ☑ No

Person Involved Seen by a Facility Practitioner:
  ☑ No

Person Involved Taken to Hospital:
  ☑ No

Type of Injury (check all that apply):
  ☑ Abrasion

  Body Diagram (Reference)

**DC-457 · Medical Incident/Injury Report**
Report for injuries that include details on what happened and where the patient is injured.

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By DEDEA, ALEXA, RN on 08/19/2019 20:46:42

1 of 2

## Plan
*TO BE COMPLETED BY RN/RNS*

Check all that apply:

☑ Place in POC with specified observation status

### Place in POC with specified observation status

**Name of Person Called for POC Placement:**
J. Cousins PCRNP

**Date of Call for POC Placement:**
08/18/2018

**Time of Call for POC Placement:**
18:30

**Staff called:**
☑ Psychiatrist/PCRNP    ☑ Medical Provider

**Names of Staff called:**
Dr. Dancha called regarding possible head injury due to inmate banging head. Assessment stable, to refer to psychology in which POC orders were obtained from J. Cousins PCRNP.

### Save Log

| User Name | AuditDateAndTime |
|---|---|
| DEDEA, ALEXA, RN | 08/19/2018 20:34:58 |

### Signoff Comments List

| Approved By | Approved On | Signoff Note | Is Declined |
|---|---|---|---|
| DEDEA, ALEXA, RN | 08/19/2018 20:34:58 | Form Processed Approval | False |

---

**DC-586NN - Psychiatric (General) Concern - NET**
DC-586NN - General Psychiatric Concern

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By DEDEA, ALEXA, RN on 08/19/2018 20:34:58



ZAMICHIELI, LAMONT  #LW2870



**Location of Injury:**
right hand knucle

**Disposition After Treatment:**
☑ Placed in RHU

    Comment on Placement in RHU:
    *NO ANSWER PROVIDED*

**Photos taken:**
☑ Yes

**Copies to be provided to the following (check all that apply):**
☑ Deputy Superintendent for Facilities Management  ☑ Other

    Name of Deputy Superintendent for Facilities Management:
    B Brumbaugh

    Name(s) of Other Person(s) to receive a copy:
    M Hacker

    Reason for sending copy to Other Person(s):
    RHS

### Save Log

| User Name | AuditDateAndTime |
|---|---|
| DEDEA, ALEXA, RN | 08/19/2018 20:45:42 |

### Signoff Comments List

| Approved By | Approved On | Signoff Note | Is Declined |
|---|---|---|---|
| | | | False |
| PRICE, PAULA, RN | 08/20/2018 09:04:58 | | |

**DC-457 - Medical Incident/Injury Report**
Report for injuries that includes details on what happened and where the patient is injured.

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By DEDEA, ALEXA, RN on 08/19/2018 20:45:42

2 of 2

**Current Facility:**
SCI HUNTINGDON

**Person Involved:**
LAMONT ZAMICHIELI

**Date of Birth:**
07/11/1989

**Date of Incident:**
08/18/2018

**Male or Female:**
M

**Date and Time Reported to Medical Department:**
08/18/2018

**Time of Incident:**
17:45

**Exact Location of Incident:**
DTU secure search- medical complex

**Work Related Injury:**
☒No

**Sport Related Injury:**
☒ No

**Property Involved:**
☒ No

**Equipment Involved:**
☒ No

**Was the person authorized to be at the location of the incident:**
☒ Yes

**Describe exactly what happened, why it happened and action(s) taken:**
Inmate was placed in secure search due to thoughts of suicide. Orders were obtained from J Cousins regarding this matter and verbal orders were obtained for camera cell placement, once inmate was informed, inmate began banging his head against the model bars inside the secure search area.

**Describe all injuries to the body and include specific information regarding the part(s) of the body impacted:**
There was a hematoma to middle forehead with small abrasion, very scant bleeding.

**Description of Illness/Injury:**
see above

**HET/Nursing Protocol Used:**
☒ N/A

**Treatment Rendered:**
Inmate was brought to medical for proper evaluation. Vital signs taken and stable. Call was placed for Dr. Dancha, inmate responding to questions, PERRLA. Inmate referred back to psych and POC orders were then obtained and
Inmate was placed in BB1001.

**Follow-up:**
Sick call as needed

**Physician Notified:**
☒ Yes

**Name of Physician Notified:**
Dr. Dancha

**Time Physician Notified:**
18:15

**Date Physician Notified:**
08/18/2018

**Person Involved Seen by a Facility Practitioner:**
☒No

**Person Involved Taken to Hospital:**
☒No

**Type of Injury (check all that apply):**
☒ Hematoma

Body Diagram (Reference)

DC-467 - Medical Incident/Injury Report
Report for injuries that include details on what happened and where the patient is injured.

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By DEDEA, ALEXA, RN on 08/18/2018 20:47:46

1 of 2

**SYMBOL KEY**
- A: ABSENT
- H: HELD
- M: MISSED
- R: REFUSED
- N: NO SHOW
- C: COMPLETED
- AN: SEE NOTES

**SITE KEY**
1. LEFT BUTTOCKS (GLUTEAL)
2. RIGHT BUTTOCKS (GLUTEAL)
3. LEFT BUTTOCKS (GLUTEAL)
4. RIGHT BUTTOCKS (GLUTEAL)
5. LEFT VENTRAL GLUTEUS
6. RIGHT VENTRAL GLUTEUS
7. LEFT THIGH (QUADRICEPS)
8. RIGHT THIGH (QUADRICEPS)
9. LEFT KNEE
10. RIGHT KNEE
11. LEFT ARM (DELTOID)
12. RIGHT ARM (DELTOID) BACK

13. LEFT ARM (DELTOID) BACK
14. LEFT LEG REAR
15. RIGHT LEG REAR
16. RIGHT ANTERIOR THIGH
17. LEFT ANTERIOR THIGH
18. LOWER BACK LEFT
19. LOWER BACK RIGHT
20. UPPER BACK LEFT
21. UPPER BACK RIGHT
22. UPPER CHEST LEFT
23. UPPER CHEST RIGHT
24. ABDOMEN UPPER QUADRANT RIGHT

25. ABDOMEN UPPER QUADRANT LEFT
26. ABDOMEN LOWER QUADRANT RIGHT
27. ABDOMEN LOWER QUADRANT LEFT
28. PIC LINE
29. MIDLINE
30. LEFT NARE
31. RIGHT NARE
32. LEFT NARE
33. RIGHT EYE
34. LEFT EYE
35. BOTH EYES
36. LEFT EAR

37. RIGHT EAR
38. BOTH EARS
39. LEFT NARES
40. RECTUM
41. NIC/NAR RIGHT
42. NIC/NAR LEFT
43. SUBCLAVIEN RIGHT
44. SUBCLAVIEN LEFT
45. DELTOID RIGHT
46. DELTOID LEFT
47. UPPER ARM RIGHT
48. UPPER ARM LEFT

49. ANTECUBITAL RIGHT
50. ANTECUBITAL LEFT
51. FOREARM RIGHT
52. FOREARM LEFT
53. WRIST RIGHT
54. WRIST LEFT
55. ABDOMEN
56. OUTER THIGH RIGHT
57. OUTER THIGH LEFT
58. VASTUS LATERALIS RIGHT
59. VASTUS LATERALIS LEFT
60. FEMORAL VEIN LEFT

61. FEMORAL VEIN LEFT
62. LOWER LEG RIGHT
63. LOWER LEG LEFT
64. FOOT RIGHT
65. FOOT LEFT
66. TRICEP LEFT
67. TRICEP RIGHT
68. BICEP RIGHT
69. BICEP LEFT
70. HAND RIGHT
71. DORSOGLUTEAL RIGHT
72. DORSOGLUTEAL LEFT
73. VENTROGLUTEAL RIGHT

## ROUTINE MEDICATION

### LevETIRAcetam 1,000mg Tab
SIG: FOR SEIZURES
TAKE 1 TABLET(S) ORALLY TWICE DAILY
HOUR: 07:00 / 20:00

### Metoprolol 50mg Tablet
SIG: FOR LOPRESOR
TAKE 1 TABLET(S) ORALLY TWICE DAILY
HOUR: 07:00 / 20:00

### Metoprolol 50mg Tablet
SIG: FOR LOPRESOR
TAKE 1 TABLET(S) DAILY TWICE DAILY
HOUR: NON-SPECIFIED LED

### Metoprolol 50mg Tablet
SIG: FOR LOPRESOR
TAKE 1 TABLET(S) DAILY TWICE DAILY
HOUR: 07:00 / 20:00

| INIT | FULL NAME | INIT | FULL NAME | INIT | FULL NAME | INIT | FULL NAME | INIT | FULL NAME |
|------|-----------|------|-----------|------|-----------|------|-----------|------|-----------|
| AD | DEDEA, ALEXA | AT | TRICE, AMATA | DM | MONTELAY, DEREK | ME | BACCA, NICHOLE | CM | NAUK, SAMUEL |
| AH | HOFFMASTER, ANN | AW | WHITESEL, ASHLEY | RW | WILADURS, RAYLU | PP | PRICE, PARLA | JMC | MCDOKALE, SEAN |
| AL | LONG, APRIL | CG | GRAZIER, CHRISTINA | JE | ESPINOSA, JONATHAN | RH | HARTLER, RODNEY | TX | KONAAD, THERESA |
| ALI | DUSK, ANDEA | CH | HOUSEHOLDS, CONNIE | MW | WICHMAN, MELANIE | RL | LYNICA, ROBERY | | |

ALL PRE-PRINTED NAMES IN SIGNATURE TABLES COMPLY WITH ELECTRONIC SIGNATURE GUIDELINES

Diagnosis:
Allergies: NO KNOWN DRUG ALLERGY
Facility: ICE SCF/DRY HILL
DOB: 07/14/1989        Gender: M

E - C - E - 1001 - 01
ZAMICHIELI, LAMONT - LW2870-

August 2025
PAGE OF 3

REPORT GENERATED BY OCFULLER AT 8/10/2020 6:00:12 PM

# Sapphire eMAR

## ROUTINE MEDICATION

**SYMBOL KEY**
A: ABSENT
M: SEE NOTES
H: HELD
M: MISSED
R: REFUSED
N: REFUSED
R: LEFT NOTES
C: COMPLETED

**SITE KEY**
1. ORALLY
2. LEFT BUTTOCK (GLUTEOS)
3. RIGHT BUTTOCK (GLUTEOS)
4. LEFT LEG R&A
5. RIGHT LEG R&A
6. RIGHT ANTERIOR THIGH
7. LEFT VENTRAL GLUTEUS
8. RIGHT VENTRAL GLUTEUS
9. LEFT THIGH (QUADS)
10. RIGHT THIGH (QUADS)
11. LEFT ARM (DELTOID)
12. RIGHT ARM (DELTOID) BACK

13. LEFT ARM (DELTOID) BACK
14. ABDOMEN LOWER QUADRANT LEFT
15. RIGHT LEG R&A
16. RIGHT ANTERIOR THIGH
17. LEFT VENTRAL GLUTEUS
18. LOWER BACK LEFT
19. LOWER BACK RIGHT
20. UPPER BACK LEFT
21. UPPER BACK RIGHT
22. UPPER CHEST LEFT
23. UPPER CHEST RIGHT
24. ABDOMEN UPPER QUADRANT RIGHT

25. ABDOMEN UPPER QUADRANT LEFT
26. ABDOMEN LOWER QUADRANT RIGHT
27. ABDOMEN LOWER QUADRANT LEFT
28. PIC LINE
29. PERIPORT
30. JUGULAR
31. JUGULAR LEFT
32. RIGHT NARE
33. LEFT NARE
34. OTHER
35. RIGHT EYE
36. LEFT EYE

37. RIGHT EAR
38. BOTH EARS
39. BOTH NARES
40. RECTUM
41. FOREARM LEFT
42. FOREARM RIGHT
43. FOOT LEFT
44. FOOT RIGHT
45. WRIST LEFT
46. WRIST RIGHT
47. UPPER ARM RIGHT
48. UPPER ARM LEFT

49. ANTECUBITAL RIGHT
50. ANTECUBITAL LEFT
51. FOREARM LEFT
52. FOREARM RIGHT
53. FOOT LEFT
54. FOOT RIGHT
55. ABDOMEN
56. VASTUS LATERAL LEFT
57. VASTUS LATERAL RIGHT
58. DORSOGLUTEAL LEFT
59. DORSOGLUTEAL RIGHT
60. FEMORAL VEIN RIGHT

61. TEMPORAL VEIN LEFT
62. LOWER LEG RIGHT
63. LOWER LEG LEFT
64. RIGHT FOOT
65. LEFT FOOT
66. DORSOGLUTEAL LEFT
67. TRICEP RIGHT
68. GRACILIS LEFT
69. HAND RIGHT
70. VENTROGLUTEAL LEFT
71. DORSOGLUTEAL RIGHT
72. VENTROGLUTEAL RIGHT

### Medications

**START** 02/12/2018
**STOP** 01/27/2020
**RX** TAKE 1 TABLET(S) ORALLY ONCE DAILY
amLODIPine 10mg Tablet
SUB FOR: NORVASC
GESSEL, RANDY N. (MEDICAL)

**START** 04/19/2018
**STOP** 01/27/2020
**RX** TAKE 1 TABLET(S) ORALLY ONCE DAILY
amLODIPine 10mg Tablet
SUB FOR: NORVASC
GESSEL, RANDY N. (MEDICAL)

**START** 02/12/2018
**STOP** 01/27/2020
**RX** TAKE 1 TABLET(S) ORALLY TWICE DAILY
LevETIRAcetam 1,000mg Tab
SUB FOR: KEPPRA
BUCKLEY, BARBARA L. (MEDICAL)

**START** 02/12/2018
**STOP** 01/27/2020
**RX** TAKE 1 TABLET(S) ORALLY TWICE DAILY
LevETIRAcetam 1,000mg Tab
SUB FOR: KEPPRA
BUCKLEY, BARBARA L. (MEDICAL)

ALL PRE-PRINTED NAMES IN SIGNATURE TABLETS COMPLY WITH ELECTRONIC SIGNATURE GUIDELINES

August 2019
PAGE 79 OF 91



ZAMICHIELI, LAMONT  #LW2870                          DOB: 7/11/1989 (31y)  Location: E-C-1001-01

## DC-560 Mental Health Contact Note

**Current Facility:**
SCI HUNTINGDON

If this is an initial psychology contact at this facility (due to transfer or any other reason), has an Informed Consent (DC-484) been completed?

☑N/A

　Has the Informed Consent (DC-484) document been updated within the past year at the facility?

　☑Yes

　　Date of Informed Consent (DC-484) Update:
　　05/10/18

Is this contact in response to a DC-97:

☑No

Type of Note:

☑Full

## Demographics

**SCI:**
SCI HUNTINGDON

**DATE:**
08/23/2018

**TIME:**
14:22:55

**Current MH/Roster ID:**
D

## Subjective

**Inmate's Current Housing Location:**
☑DTU

**Subjective Comments:**
Close Watch:  IM was seen at cell door during DTU rounds.  IM was offered OOC contact but declined the need, electing to speak at cell door.  IM presented an appropriate affect and shared humor with this writer.  IM indicated that his focus was on working with medical to decrease the pain of his recently broken hand.  IM joked about his limited ability to write letters, use the bathroom and make his bed due to being his right (dominant) hand injury.  IM verbally denied any suicidal ideations or intent.  No acute emotional distress apparent.  Supportive counseling provided.

## Objective

**Interview Location:**
DTU

**Was inmate interviewed out of cell?**
☑No

---

**DC-560 MENTAL HEALTH CONTACT NOTE**
PA DOC DC - 560 MENTAL HEALTH CONTACT NOTE

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By DIEHL, BRUCE on 08/23/2018 14:24:31

If no, was out of cell time offered?
☑ Yes

Specify reason for inmate not taking out of cell time:
☑ Verbal refusal

**Suicidality:**
☑ No current ideation expressed or elicited

**Behavior:**
☑ Cooperative

**Appearance/Grooming:**
☑ WNL

**Additional Comments:**
n/a

## Assessment

**Current Diagnosis:**
Z91.19 - **[Z91.19]** Nonadherence to medical treatment - [AHNER, DAVID] - 2015-11-24 F60.2 - **[F60.2]** Antisocial personality disorder - [AHNER, DAVID] - 2016-01-05 F25.1 - **[F25.1#]** Schizoaffective disorder, Depressive type - [WOODS, AUDRA] - 2015-05-28

**Feeling/Affect:**
☑ WNL

**Insight:**
☑ WNL

**Perceptions:**
☑ WNL

**Thinking:**
☑ Logical/Goal Directed

**Memory:**
☑ Intact

**Orientation WNL:**
☑ Yes

**Impairment:**
☑ WNL

**Comments/Concerns:**
n/a

---

**DC-560 MENTAL HEALTH CONTACT NOTE**
PA DOC DC - 560 MENTAL HEALTH CONTACT NOTE

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870.
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By DIEHL, BRUCE on 08/23/2018 14:24:31

2 of 3

## DC-560 Mental Health Contact Note

**Current Facility:**
  SCI HUNTINGDON

**If this is an initial psychology contact at this facility (due to transfer or any other reason), has an Informed Consent (DC-484) been completed?**
  ☑ N/A

> **Has the Informed Consent (DC-484) document been updated within the past year at the facility?**
>   ☑ Yes
>
> > **Date of Informed Consent (DC-484) Update:**
> >   05/10/18

**Is this contact in response to a DC-97:**
  ☑ No

**Type of Note:**
  ☑ Full

## Demographics

**SCI:**
  SCI HUNTINGDON

**DATE:**
  08/22/2018

**TIME:**
  14:26:22

**Current MH/Roster ID:**
  D

## Subjective

**Inmate's Current Housing Location:**
  ☑ DTU

**Subjective Comments:**

Close Watch:  IM was seen at cell door during DTU rounds.  IM declined an out of cell invite and elected to speak at cell door.  IM presented an appropriate affect and appeared within normal limits.  He reported that his only concern was related to his current health status (i.e. broken hand).  IM reported claims that an officer slammed his hand in the aperture area of his cell door a few days ago resulting in the injury.  IM reported pain related to the injury and expressed a desire to request an increase in aspirin from medical.  IM was encouraged to speak with medical during his medication administration this evening.  IM verbally denied any suicidal ideations or intent.  No acute emotional distress apparent.  Supportive counseling provided.

## Objective

**Interview Location:**
  DTU

**Was inmate interviewed out of cell?**

---

**DC-560 MENTAL HEALTH CONTACT NOTE**
PA DOC DC – 560 MENTAL HEALTH CONTACT NOTE

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By DIEHL, BRUCE on 08/22/2018 14:28:16

**Impairment:**
☑ WNL

**Comments/Concerns:**
*NO ANSWER PROVIDED*

## Plan

**Plans Regarding Treatment/Contact:**
☑ Continue Regular Contact

**Additional Comments and/or PRC Considerations, including progress towards GOALS on IRP:**
Will be released back to DTU

### Save Log

| User Name | AuditDateAndTime |
|---|---|
| GOSS, RICHARD. | 08/22/2018 14:05:35 |

**DC-472L - Progress Note Psychology POC**
DC-472L - Progress Note Psychology POC - Progress note for use by
psychology staff

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By GOSS, RICHARD on 08/22/2018 14:05:35

3 of 3

**Form DC-135A**

## INMATE'S REQUEST TO STAFF MEMBER

Commonwealth of Pennsylvania
Department of Corrections

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

~~Medication~~ [crossed out]

| | |
|---|---|
| 1. To: (Name and Title of Officer) <br> RNS – ~~Michael Mariscia~~ | 2. Date: <br> 8/25/18 |
| 3. By: (Print Inmate Name and Number) <br> Lamont Zamichieli # LW2870 <br> Inmate Signature  LW2870 | 4. Counselor's Name <br> C. Banks |
| | 5. Unit Manager's Name <br> opt House |
| 6. Work Assignment <br> N/A | 7. Housing Assignment <br> GC-1015 DTU |

CC1
Plese Respond BP
Thank you Much
Have a Blessed Day!

8. Subject: State your request completely but briefly. Give details. cc: File, attorney, court, central office, CHCA!

ON 8/19/18 4:05-4:45pm On DTU GCP at SCI-Huntington at PRIOR cell GC-1010 it was caught and stored on camera recorded CCTV-footage that I was assaulted/abused by C/O J.B. Merritts II, he used intentionally so excessive unnecessary force with intent to cause pain/injury to me so he did. He slammed my hands in the metal feeding trays/slot Aperture at cell GC1010 on chow date time. He applied full pressure/force when None was needed. On 8/19/18 a short-trip after I was taken to DTU strip cage by Lt. Franks, and picture of my right hand was taken by medical nurse Alex which showed visible bruised/swollen physical injuries. On 8/20/18 PA Gessel ordered X-Ray of right hand, same day x-rays taken. Results came back on 8/21/18 an evaluation I suffer fracture right hand/wrist from that incident of ABUSE on 8/21/18 while in medical PA Gessel put a cast/split on my right hand/wrist and order pain meds to tend 4 times a day. He told me I'll have cast on between 6-8 weeks to heal then it may require surgery afterwords, correct? What type/brand of fracture in my right hand/wrist???
* 1 Was all current updated injuries from excessive force documented on DC4-37? New fracture!!!
* 2 How long will my hand be in cast, will it require surgery?  4 How long is my hand going to be
9. Response: (This Section for Staff Response Only) 3 Nature of fracture, what actual bone in my right han

Mr. Zamichieli,
    These are all questions the practitioner should answer. I can tell you, your medication is ordered, 4 times a day as needed and is to be crushed.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name  M Harker, RNS, M Harker, RNS    Date 8-28-18
Print                                Sign

Revised July 2000

Exhibit I
1 page

C1010

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

MR. Gessel    Medical Dept.
    Medical
        Sgt Huntingdon

Commonwealth of Pennsylvania
Department of Corrections

INSTRUCTIONS
Complete items number 1-8. If you follow instructions in
preparing your request, it can be responded to more
promptly and intelligently.

1. To: (Name and Title of Officer)
PA C ERIC Gessel    "CCS" Correct Care Solutions

2. Date: 9/7/18

3. By: (Print Inmate Name and Number)
Lamont Zamichieli #LW2870
    [signature]    LW2870
    Inmate Signature    LW2870

4. Counselor's Name
C. Bones

5. Unit Manager's Name    CV:
CO1 House    CC: courts, Attorney
    Family, Central office
    CHON office

6. Work Assignment
NA

7. Housing Assignment
GC1010 DTU    Ac of 9/5/18

8. Subject: State your request completely but briefly. Give details. I was assaulted by CO J.B. Merritts on camera
on 8/19/18 at cell #GC1010 (1665-16:45pm) CO Merritts slammed my hand in
metal aperture to hurt me

Hello sir, I'm writing you in regards of my X-Ray
① results that revealed a newly fracture Right hand
on 8/20/18 X-Ray of my right hand was taken in medical
at SCI Huntingdon & on 9/1/18 you had me brought down
to medical and told me the results of x-ray fractured and
put this cast splint on my right hand. How do I
obtain a copy of the results & I submit'nsh slip to your CPEA
Paula Price. I had questions below and was told by Michele Harker
that I need to write you Request for answers. Thank you very much! Blessed
DC
①. Could you please tell me the nature type of fracture in my
Right hand as to what as exact bone(s) are broken
②. You said it'll take about 6-8 weeks to heal and may need
surgery afterwards, correct? ⑤. was all info documented in DC 457?
③. So I'll have this splint cast on for 6-8 weeks and prescribed

9. Response: (This Section for Staff Response Only) tylenol pain meds 4 times array ???

You will need to sign up for sick call to discuss
this matter with a medical provider.

To DC-14 CAR only

Staff Member Name _____ / _____ Date _____
            Print            Sign

Revised July 2000

Exhibit J
2pages Front only

## DC - 560 MENTAL HEALTH CONTACT NOTE

If this is an initial psychology contact at this facility (due to transfer or any other reason), has an Informed Consent (DC-484) been completed?

☑ N/A

> Has the Informed Consent (DC-484) document been updated within the past year at the facility?

> ☑ Yes

>> Date of Informed Consent (DC-484) Update:
>> 09/01/17

Is this contact in response to a DC-97:

☑ No

## Demographics

SCI:

SCI HUNTINGDON

TIME:

15:40:00

DATE:

03/26/2018

Current MH/Roster ID:

D

## Subjective

Inmate's Current Housing Location:

☑ DTU

Subjective Comments:

3/26/18. IM was seen out of cell for an individual contact after he requested to speak with psychology. During contact IM reported allegations related to an incident that occurred on 3/21/18. Supportive counseling provided. Information provided was forwarded to Lt. Maxwell via email due to COB hours. No other issues or concerns reported at this time. Denied any SI/HI. No acute emotional distress apparent.

## Objective

Interview Location:

DTU

**DC-560 MENTAL HEALTH CONTACT NOTE**
PA DOC DC - 560 MENTAL HEALTH CONTACT NOTE

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By DIEHL, BRUCE on 03/27/2018 08:31:42

1 of 3

Inmate removed from Close Observation. Inmate was calm and cooperative in PRT. Apologized for his behavior in last PRT. Smiling and was appropriate with staff. No indication for psychiatric medications at this time. Encouraged inmate to participate in OOC programming and groups on the DTU.

Diagnoses:

F25.1 - **[F25.1#]** Schizoaffective disorder, Depressive type - [WOODS, AUDRA] - 2015-05-28
F60.2 - **[F60.2]** Antisocial personality disorder - [AHNER, DAVID] - 2016-01-05
Z91.19 - **[Z91.19]** Nonadherence to medical treatment - [AHNER, DAVID] - 2015-11-24


## Plan

Current Medications:
Inmate is not prescribed psychiatric medications.

Check all that apply
(✓) No Changes Needed

Return to Clinic:
(✓) Yes

> Specify number of weeks until Return to Clinic:
> (✓) Other
>
> > Other selected; Provide timeframe until Return to Clinic:
> > RTC in 4-6 weeks with me.
>
> Reason for Return to Clinic:
> (✓) Specialized Unit

Referral Needed:
(✓) No

Additional Comments:
Inmate educated on the methods of accessing psychiatric treatment as needed.

### Save Log

| User Name | AuditDateAndTime |
| --- | --- |
| COUSINS, JESSICA, CRNP | 03/26/2018 16:08:07 |

**DC-472C - Psychiatry Progress Note**
Full or Brief SOAP note for Psych patients

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By COUSINS, JESSICA, CRNP on 03/26/2018
16:08:07

alright

**Affect:**
☑ Appropriate to Situation

**Thought Process:**
☑ Logical/Goal directed

**Thought Content:**
☑ Normal

**Delusions:**
☑ None

**Suicidal:**
☑ None

**Homicidal:**
☑ None

**Hallucinations:**
☑ None

**Orientation WNL:**
☑ Yes

**Memory Impairment:**
☑ None

**Attention:**
☑ Normal

**Insight/Judgment:**
☑ Fair

**Comments:**
N/A

**AIMS:**
N/A

**Psychiatric Lab Work:**
N/A

**Comments:**
N/A

## Assessment

**DC-472C - Psychiatry Progress Note**
Full or Brief SOAP note for Psych patients

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By COUSINS, JESSICA, CRNP on 08/27/2018
12:01.48

2 of 3

**Brief Description of the Progress/Assessment:**

Inmate seen post POC placement. Inmate has already been removed from close observation. He has a large cast on his RUE. Inmate was cooperative during this visit. Encouraged inmate to participate in OOC programming and groups on the DTU. Has been doing well off Seroquel since 3/18/18 with a compliance rate of 76.9%.

**Target Symptoms:**

Mood and behavior

**Diagnoses:**

F25.1 - **[F25.1#]** Schizoaffective disorder, Depressive type - [WOODS, AUDRA] - 2015-05-28
F60.2 - **[F60.2]** Antisocial personality disorder - [AHNER, DAVID] - 2016-01-05
Z91.19 - **[Z91.19]** Nonadherence to medical treatment - [AHNER, DAVID] - 2015-11-24

**Current Medications:**

Inmate is not prescribed psychiatric medications.

## Plan

**Check all that apply**

☑ No Changes Needed

**Return to Clinic:**

☑ Yes

    **Reason for Return to Clinic:**

    ☑ Specialized Unit

    **Specify number of weeks until Return to Clinic:**

    ☑ 4-6 Weeks

**Referral Needed:**

☑ No

**Additional Comments:**

Inmate is aware of the methods of accessing psychiatric treatment as needed.

## Save Log

| User Name | AuditDateAndTime |
|---|---|
| COUSINS, JESSICA, CRNP | 08/27/2018 12:01:48 |

**DC-472C - Psychiatry Progress Note**
Full or Brief SOAP note for Psych patients

Patient Name: ZAMICHIELI, LAMONT
Patient Number: LW2870
Location: E-C-1001-01
DOB: 7/11/1989
Facility: SCI CAMP HILL
Electronically Signed By COUSINS, JESSICA, CRNP on 08/27/2018
12.01.48

To: Middle District Court of PA / Clerk of Court

From: Lamont Zamichieli        inmate # LW- 2870   SCI-
Phoenix    1200 Mokychic Drive  Collegeville, PA 19426

Date: October 11, 2022

Inregards civil case # 3:20- CV- 00180- MEM- DB

                    Zamichieli v. J.B. Merritts etal,.

In the middle District Court of Pennsylvania

To who it may concern:

See enclosed with this letter in this manilla envelope is
Plaintiff's (1)   "SECOND AMENDED COMPLAINT" which is
"18" pages in length and " 61 " of supporting evidence
exhibits (2) "Motion to Change Venue and Jurisdiction"
and (3) "Brief in Support of Motion to Change Venue"


So there's a total of " 84 " pages of documents enclosed


Signed by: _____ Pro'se plaintiff

              Lamont Zamichieli

Thank you very much!!! Have a wonderful blessed day!!!

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL

neopost
10/13/2022
US POSTAGE $008.70⁰

PRIORITY MAIL

ZIP 19426
041M12252211

RECEIVED
SCRANTON

OCT 17 2022

PER: _____
DEPUTY CLERK



SCI-Phoenix
1200 Mokychic Drive
Collegeville, PA 19426
MARCISE TURNER # KZ-9985

Middle District Court of PA
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148



UNITED STATES
POSTAL SERVICE®

NEOPOST™

USPS TRACKING #

9488 8178 9820 3203 5888 58

PRIORITY
★ MAIL ★

TRACKED
INSURED

UNITED STATES
POSTAL SERVICE®

For Domestic and International Use

Label 107, May 2014